**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-23535-CIV-MORENO**

**Hon. John J. O'Sullivan, Magistrate Judge**

BLACKBERRY LIMITED,

                Plaintiff,

v.

BLU PRODUCTS, INC.,

                Defendant.

## BLU PRODUCTS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant BLU Products, Inc. ("BLU") hereby responds to the First Amended Complaint of Plaintiff BlackBerry Ltd. ("Plaintiff") in the correspondingly numbered Paragraphs.  Unless specifically admitted, all allegations in the First Amended Complaint, including any characterizations, assumptions, or allegations contained or implied in any headings or non-numbered Paragraphs, are denied.

1.      BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 1 and therefore denies all allegations of Paragraph 1.

2.      BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 2 and therefore denies all allegations of Paragraph 2.

3.      BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 3 and therefore denies all allegations of Paragraph 3.

4.      BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 4 and therefore denies all allegations of Paragraph 4.

5.      BLU lacks knowledge or information sufficient to form a belief about the truth of

any allegation in Paragraph 5 and therefore denies all allegations of Paragraph 5.

6.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 6 and therefore denies all allegations of Paragraph 6.

7.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 7 and therefore denies all allegations of Paragraph 7.

8.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 8 and therefore denies all allegations of Paragraph 8.

9.     BLU admits that it is a Delaware corporation with its principal place of business at 10814 N.W. 33rd Street, Building 100, Doral, Florida  33172.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 9.

10.    BLU admits that its registered agent is Bernard L. Egozi of Egozi & Bennett, P.A. 2999 NE 191st Street, Suite 407, Aventura, Florida 33180.  BLU admits that it owns the website with the domain name blueproducts.com.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 10 except those specifically admitted.

11.    BLU denies all allegations of Paragraph 11.

12.    BLU admits that it markets and sells smartphones in the United States compatible with 2G, 3G, and LTE.  BLU lacks knowledge or information sufficient to form a belief about what Plaintiff means by "use BlackBerry's technology."  BLU denies that it needs a license from Plaintiff.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 12.

13.    BLU admits that it has received a communication from Plaintiff regarding certain BlackBerry patents.  BLU admits that it markets and sells standard-compliant products.  BLU admits that Plaintiff purports to allege claims for patent infringement against BLU in the First Amended Complaint.  BLU lacks knowledge or information sufficient to form a belief about what Plaintiff means by "use BlackBerry's SEP technology."  BLU denies that it needs a license from Plaintiff.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 13.

14.     BLU admits that Plaintiff purports to bring an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*  Except those specifically admitted, BLU generally denies all allegations of Paragraph 14.

15.     BLU admits that this Court has subject matter jurisdiction over this dispute. Except those specifically admitted, BLU generally denies all allegations of Paragraph 15.

16.     BLU admits that its principal place of business is located in this District and that it does business in Florida.  For purposes of the present action only, BLU does not contest personal jurisdiction.  BLU denies all allegations of Paragraph 16 except those specifically admitted.

17.     BLU denies that it has committed any act of patent infringement in this or any other District.  BLU admits that it markets and sells products in Florida, including within this District.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 17.

18.     BLU admits that its principal place of business is located in this District and that it does business in Florida.  BLU is not contesting venue in this District at this time.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 18.

19.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 19 and therefore denies all allegations of Paragraph 19.

20.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 20 and therefore denies all allegations of Paragraph 20.

21.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 21 and therefore denies all allegations of Paragraph 21.

22.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 22 and therefore denies all allegations of Paragraph 22.

23.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 23 and therefore denies all allegations of Paragraph 23.

24.     BLU lacks knowledge or information sufficient to form a belief about the truth of

any allegation in Paragraph 24 and therefore denies all allegations of Paragraph 24.

      25.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 25 and therefore denies all allegations of Paragraph 25.

      26.     BLU admits that the following BLU devices have been sold with a version of an Android operating system installed:  Advance 4.0, Advance 4.0 L, Advance 4.0 L2, Advance 4.5, Advance 5.0, Amour, Dash, Dash 3.2, Dash 3.5, Dash 3.5 II, Dash 4.0, Dash 4.5, Dash 5.0, Dash 5.0+, Dash 5.5, Dash C Music, Dash JR 3G, Dash L, Dash L2, Dash M, Dash M2, Dash Music 4.0, Dash X, Dash X Plus, Dash X Plus LTE, Dash X2, Energy X, Energy XL, Energy X LTE, Energy X Plus, Energy X2, Life 8, Life 8 XL, Life Mark, Life One M, Life One X, Life Play, Life Play 2, Life Play Mini, Life Play S, Life Play X, Life Pro, Life Pure, Life Pure Mini, Life View, Life View 8.0 (Tablet), Life View Tab (Tablet), Life X8, Neo 3.5, Neo 4.5, Neo 5.5, Neo Energy Mini, Neo X, Neo X Plus, Neo XL, Pure XL, R1 HD, Selfie, Sport 4.5, Star 4.5, Studio 5.0 C, Studio 5.0 C HD, Studio 5.0 II, Studio 5.0 S II, Studio 5.5, Studio 5.5 C, Studio 5.5 HD, Studio 5.5 S, Studio 6.0 HD, Studio 7.0, Studio 7.0 II, Studio C, Studio C 5+5, Studio C HD, Studio C Mini, Studio C Super Camera, Studio Energy, Studio Energy 2, Studio G, Studio G Plus, Studio M HD, Studio One, Studio One Plus, Studio Selfie, Studio Selfie 2, Studio Touch, Studio X, Studio X 5, Studio X 6, Studio X Mini, Studio X Plus, Studio XL, Tank 4.5, Touchbook 8.0 3G, Touchbook G7, Vivo 4.3, Vivo 4.65 HD, Vivo 4.8 HD, Vivo 5, Vivo Air, Vivo IV, Vivo Selfie, Vivo XL, Zoey 2.4 3G, Zoey 3G, Energy X Mini, Grand 5.5 HD, Neo 5.0, Studio G HD, and Energy Diamond Mini.  BLU admits that the First Amended Complaint refers to these devices collectively as the "BLU Android Devices."  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibits A and B.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 26.

      27.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 27 and therefore denies all allegations of Paragraph 27.

      28.     BLU admits that 3GPP develops industry standards for wireless

telecommunications technology, including 2G, 3G, and LTE in collaboration with European Telecommunications Standards Institute ("ETSI") and other international standard-setting organizations ("SSOs").  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 28.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 28.

29.    BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 29 and therefore denies all allegations of Paragraph 29.

30.    BLU admits that some cellular standards enable devices and equipment made by different manufacturers to communicate and work together in a cellular network.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 30.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 30.

31.    BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 31 and therefore denies all allegations of Paragraph 31.

32.    BLU admits that the standards set by 3GPP are implemented into telecommunications devices.  BLU is informed and believes that ETSI's Intellectual Property Right ("IPR") Policy requires members to disclose patents they believe are or may become essential to comply with a standard and declare whether they are prepared to grant irrevocable licenses on FRAND terms and conditions.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 32.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 32.

33.    BLU admits that Paragraph 33 quotes a portion of ETSI's IPR Policy.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 33.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit C.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 33.

34.    BLU admits that Paragraph 34 quotes a portion of a declaration form from ETSI's

IPR Policy.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 34.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit C. Except those specifically admitted, BLU generally denies all allegations of Paragraph 34.

35.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 35 and therefore denies all allegations of Paragraph 35.

36.     On information and belief, BLU admits that ETSI declarations create binding contractual commitments with ETSI to which other ETSI members and implementers of the 3GPP standards are third-party beneficiaries.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 36.

37.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 37 and therefore denies all allegations of Paragraph 37.

38.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 38 and therefore denies all allegations of Paragraph 38.

39.     BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 39 and therefore denies all allegations of Paragraph 39.

40.     BLU admits that Plaintiff purports to have sent a letter on November 21, 2015, the Saturday before Thanksgiving, that contained a list of standards that Plaintiff believes BLU practices.  BLU denies that Plaintiff's letter dated November 21, 2015 letter contained an affirmative communication of a specific allegation of infringement by a specific accused product or device.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 40.

41.     BLU admits that Plaintiff's letter dated November 21, 2015 requested a meeting regarding a possible license on FRAND terms.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 41.

42.     BLU admits that Plaintiff's letter dated November 21, 2015 demanded a response by December 4, 2015, the first Friday after Thanksgiving.  Except those specifically admitted,

BLU generally denies all allegations of Paragraph 42.

43.     BLU admits that it did not respond to Plaintiff's letter dated November 21, 2015 letter by December 4, 2015.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 43.

44.     BLU admits that Plaintiff purports to have sent a letter on December 8, 2015. BLU defers to the actual content of that letter instead of Plaintiff's characterization.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 44.

45.     BLU admits that it did not pursue a license from Plaintiff and denies that BLU needs a license from Plaintiff.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 45.

46.     BLU admits that it sells 2G, 3G, and LTE-complaint products.  BLU lacks knowledge or information sufficient to form a belief about what Plaintiff means by "use BlackBerry's technology."  BLU admits that Paragraph 46 appears to contain a partial quote from the "About Us" section of BLU's website.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit D. Except those specifically admitted, BLU generally denies all allegations of Paragraph 46.

47.     BLU admits that it markets and sells smartphones and tablets compatible with LTE standards in Florida and elsewhere in the United States.  BLU admits that its LTE-enabled products operate on U.S. cellular networks with LTE capabilities and that BLU markets its LTE-enabled products.  BLU lacks knowledge or information sufficient to form a belief about what Plaintiff means by "related devices."  BLU denies that it needs a license from Plaintiff.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 47.

48.     BLU admits that Dash X Plus LTE, Energy X LTE, Life Mark, Life One X, Pure XL, Studio Energy 2, Studio One, Studio One Plus, Studio Touch, Studio X Mini, Vivo 5, Vivo XL, Energy XL, and R1 HD devices ("BLU LTE Products") are compatible with 2G, 3G, and LTE standards.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 48.

49.     BLU admits that it markets and sells smartphones and tablets compatible with 3G standards in Florida and elsewhere in the United States.  BLU admits that its 3G-enabled products operate on U.S. cellular networks with 3G capabilities and that BLU markets its 3G-enabled products.  BLU lacks knowledge or information sufficient to form a belief about what Plaintiff means by "related devices."  BLU denies that it needs a license from Plaintiff.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 49.

50.     BLU admits that Advance 4.0, Advance 4.0 L, Advance 4.0 L2, Advance 4.5, Advance 5.0, Amour, Dash, Dash 3.2, Dash 3.5, Dash 4.0, Dash 4.5, Dash 5.0, Dash 5.0+, Dash 5.5, Dash C Music, Dash L, Dash L2, Dash M, Dash M2, Dash Music 4.0, Dash X, Dash X Plus, Dash X2, Energy X, Energy X Plus, Energy X2, Life 8, Life 8 XL, Life One M, Life Play, Life Play 2, Life Play Mini, Life Play S, Life Play X, Life Pro, Life Pure, Life Pure Mini, Life View, Life View 8.0 (Tablet), Life View Tab (Tablet), Life X8, Neo 3.5, Neo 4.5, Neo Energy Mini, Neo X, Neo X Plus, Neo XL, Selfie, Sport 4.5, Star 4.5, Studio 5.0 C, Studio 5.0 C HD, Studio 5.0 II, Studio 5.0 S II, Studio 5.5, Studio 5.5 C, Studio 5.5 HD, Studio 5.5 S, Studio 6.0 HD, Studio 7.0, Studio 7.0 II, Studio C, Studio C 5+5, Studio C HD, Studio C Mini, Studio C Super Camera, Studio Energy, Studio G, Studio G Plus, Studio M HD, Studio Selfie 2, Studio X, Studio X 5, Studio X 6, Studio X Plus, Studio XL, Tank 4.5, Touchbook G7, Vivo 4.3, Vivo 4.65 HD, Vivo 4.8 HD, Vivo Air, Vivo IV, Vivo Selfie, Energy X Mini, Grand 5.5 HD, Neo 5.0, Studio G HD, Energy Diamond Mini devices ("BLU 3G Products") are compatible with 2G and 3G standards.  BLU lacks knowledge or information sufficient to form a belief about what Plaintiff means by "use technology protected by BlackBerry's SEPs."  BLU denies that it needs a license from Plaintiff.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 50.

51.     BLU admits that, on its face, U.S. Patent No. 8,489,868, abbreviated as the '868 patent, bears the title, "Software Code Signing System and Method," and appears to have issued July 16, 2013.  BLU admits that a copy of the '868 patent appears to be attached to the First Amended Complaint as Exhibit E.  BLU lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations of Paragraph 51.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 51.

52.     BLU admits that, on its face, U.S. Patent No. 8,713,466, abbreviated as the '466 patent, bears the title, "Dynamic Bar Oriented User Interface," and appears to have issued April 29, 2014.  BLU admits that a copy of the '466 patent appears to be attached to the First Amended Complaint as Exhibit F.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 52.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 52.

53.     BLU admits that, on its face, U.S. Patent No. 8,402,384, abbreviated as the '384 patent, bears the title, "Dynamic Bar Oriented User Interface," and appears to have issued March 19, 2013.  BLU admits that a copy of the '384 patent appears to be attached to the First Amended Complaint as Exhibit G.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 53. Except those specifically admitted, BLU generally denies all allegations of Paragraph 53.

54.     BLU admits that, on its face, U.S. Patent No. 8,411,845, abbreviated as the '845 patent, bears the title, "Handheld Electronic Device Having Improved Phone Call Log, and Associated Method," and appears to have issued April 2, 2013.  BLU admits that a copy of the '845 patent appears to be attached to the First Amended Complaint as Exhibit H.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 54.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 54.

55.     BLU admits that, on its face, U.S. Patent No. 6,271,605, abbreviated as the '605 patent, bears the title, "Battery Disconnect System," and appears to have issued August 7, 2001.  BLU admits that a copy of the '605 patent appears to be attached to the First Amended Complaint as Exhibit I.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 55.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 55.

56.     BLU admits that, on its face, U.S. Patent No. 8,745,149, abbreviated as the '149 patent, bears the title, "Handheld Electronic Device and Associated Method Providing Time Data in a Messaging Environment," and appears to have issued June 3, 2014.  BLU admits that a copy of the '149 patent appears to be attached to the First Amended Complaint as Exhibit J.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 56.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 56.

57.     BLU admits that, on its face, U.S. Patent No. 8,169,449, abbreviated as the '449 patent, bears the title, "System Compositing Images From Multiple Applications," and appears to have issued May 1, 2012.  BLU admits that a copy of the '449 patent appears to be attached to the First Amended Complaint as Exhibit K.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 57.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 57.

58.     BLU admits that, on its face, U.S. Patent No. 7,969,924, abbreviated as the '924 patent, bears the title, "Method and Apparatus for State/Mode Transitioning," and appears to have issued June 28, 2011.  BLU admits that a copy of the '924 patent appears to be attached to the First Amended Complaint as Exhibit L.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 58.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 58.

59.     BLU admits that, on its face, U.S. Patent No. 8,483,060, abbreviated as the '060 patent, bears the title, "Method for Configuring a Telecommunication System," and appears to have issued July 9, 2013.  BLU admits that a copy of the '060 patent appears to be attached to the First Amended Complaint as Exhibit M.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 59.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 59.

60.     BLU admits that, on its face, U.S. Patent No. 8,406,118, abbreviated as the '118 patent, bears the title, "Scattered Pilot Pattern and Channel Estimation Method for MIMO-

OFDM Systems," and appears to have issued March 26, 2013.  BLU admits that a copy of the

'118 patent appears to be attached to the First Amended Complaint as Exhibit N.  BLU lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations

of Paragraph 60.  Except those specifically admitted, BLU generally denies all allegations of

Paragraph 60.

      61.     BLU admits that, on its face, U.S. Patent No. 8,472,567, abbreviated as the '567

patent, bears the title, "Detecting the Number of Transmit Antennas in a Base Station," and

appears to have issued June 25, 2013.  BLU admits that a copy of the '567 patent appears to be

attached to the First Amended Complaint as Exhibit O.  BLU lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations of Paragraph 61.  Except

those specifically admitted, BLU generally denies all allegations of Paragraph 61.

      62.     BLU admits that, on its face, U.S. Patent No. 8,265,034, abbreviated as the '034

patent, bears the title, "Method and System for a Signaling Connection Release Indication," and

appears to have issued September 11, 2012.  BLU admits that a copy of the '034 patent appears

to be attached to the First Amended Complaint as Exhibit P.  BLU lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations of Paragraph

62.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 62.

      63.     BLU admits that, on its face, U.S. Patent No. 8,625,506, abbreviated as the '506

patent, bears the title, "System and Method for Determining Establishment Causes," and appears

to have issued January 7, 2014.  BLU admits that a copy of the '506 patent appears to be

attached to the First Amended Complaint as Exhibit Q.  BLU lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations of Paragraph 63.  Except

those specifically admitted, BLU generally denies all allegations of Paragraph 63.

      64.     BLU admits that, on its face, U.S. Patent No. 7,933,355, abbreviated as the '355

patent, bears the title, "Systems, Devices, and Methods for Training Sequence, Transmission and

Reception," and appears to have issued April 26, 2011.  BLU admits that a copy of the '355

patent appears to be attached to the First Amended Complaint as Exhibit R.  BLU lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 64.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 64.

65.     BLU admits that, on its face, U.S. Patent No. 7,050,413, abbreviated as the '413 patent, bears the title, "Information Transmission Method, Mobile Communications System, Base Station and Mobile Station in which Data Size of Identification Data Is Reduced," and appears to have issued May 23, 2006.  BLU admits that a copy of the '413 patent appears to be attached to the First Amended Complaint as Exhibit S.  BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 65.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 65.

## FIRST CAUSE OF ACTION
### (U.S. Patent No. 8,489,868)

With respect to the First Cause of Action, Paragraphs 66-85 of the First Amended Complaint, BLU refers to its Motion To Dismiss With Prejudice Due to Lack of Patentable Subject Matter Under 35 U.S.C. § 101.

## SECOND AND THIRD CAUSES OF ACTION
### (U.S. Patent Nos. 8,713,466/8,402,384)

With respect to the Second and Third Causes of Action, Paragraphs 86-122 of the First Amended Complaint, BLU refers to its Motion To Dismiss With Prejudice Due to Lack of Patentable Subject Matter Under 35 U.S.C. § 101.

## FOURTH CAUSE OF ACTION
### (U.S. Patent No. 8,411,845)

123.     BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

124.     With respect to all claims of the '845 patent other than claims 1 and 16, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 124.

125.     With respect to all claims of the '845 patent other than claims 1 and 16, BLU

refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 125.

126.    BLU admits that Paragraph 126 appears to quote claim 1 of the '845 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 126.

127.    BLU admits that Paragraph 127 appears to contain a quote of the preamble of claim 1 of the '845 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AA.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 127.

128.    BLU admits that Paragraph 128 appears to contain a partial quote from claim 1 of the '845 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the screenshots purportedly taken on BLU PURE XL device running Android Version 5.1.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 128.

129.    BLU admits that Paragraph 129 appears to contain a partial quote from claim 1 of the '845 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the screenshots purportedly taken on BLU PURE XL device running Android Version 5.1.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 129.

130.    BLU admits that Paragraph 130 appears to contain a partial quote from claim 1 of the '845 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the screenshots purportedly taken on BLU PURE XL device running Android Version 5.1.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 130.

131.    BLU admits that Paragraph 131 appears to contain a partial quote from claim 1 of the '845 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the screenshots purportedly taken on BLU PURE XL device running Android Version 5.1.  Except those specifically admitted, BLU generally denies all allegations of

Paragraph 131.

132.    BLU admits that Paragraph 132 appears to contain a partial quote from claim 1 of the '845 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the screenshots purportedly taken on BLU PURE XL device running Android Version 5.1.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 132.

133.    BLU admits that Paragraph 133 appears to contain a partial quote from claim 1 of the '845 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the screenshots purportedly taken on BLU PURE XL device running Android Version 5.1.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 133.

134.    BLU admits that Paragraph 134 appears to quote claim 16 of the '845 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 134.

135.    BLU admits that Paragraph 135 appears to contain a quote of the preamble of claim 16 of the '845 patent.  BLU restates and incorporates by reference its response to Paragraph 127 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 135.

136.    BLU admits that Paragraph 136 appears to contain a partial quote from claim 16 of the '845 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the screenshots purportedly taken on BLU PURE XL device running Android Version 5.1.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 136.

137.    BLU admits that Paragraph 137 appears to contain a partial quote from claim 16 of the '845 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the screenshots purportedly taken on BLU PURE XL device running Android Version 5.1.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 137.

138.    BLU admits that Paragraph 138 appears to contain a partial quote from claim 16 of the '845 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the screenshots purportedly taken on BLU PURE XL device running Android Version 5.1.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 138.

139.    BLU admits that Paragraph 139 appears to contain a quote of the preamble of claim 16 of the '845 patent.  BLU restates and incorporates by reference its response to Paragraph 128 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 139.

140.    BLU admits that Paragraph 140 appears to contain a quote of the preamble of claim 16 of the '845 patent.  BLU restates and incorporates by reference its response to Paragraph 129 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 140.

141.    BLU admits that Paragraph 141 appears to contain a quote of the preamble of claim 16 of the '845 patent.  BLU restates and incorporates by reference its response to Paragraph 131 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 141.

142.    BLU admits that Paragraph 142 appears to contain a quote of the preamble of claim 16 of the '845 patent.  BLU restates and incorporates by reference its response to Paragraph 132 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 142.

143.    BLU admits that Paragraph 143 appears to contain a quote of the preamble of claim 16 of the '845 patent.  BLU restates and incorporates by reference its response to Paragraph 133 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 143.

144.    BLU denies all allegations of Paragraph 144.

145.    BLU denies all allegations of Paragraph 145.

146.    BLU denies all allegations of Paragraph 146.

## FIFTH CAUSE OF ACTION
### (U.S. Patent No. 6,271,605)

147.    BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

148.    With respect to all claims of the '605 patent other than claims 9 and 25, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 148.

149.    With respect to all claims of the '605 patent other than claims 9 and 25, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 149.

150.    BLU admits that Paragraph 150 appears to quote claim 9 of the '605 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 150.

151.    BLU admits that Paragraph 151 appears to contain a quote of the preamble of claim 9 of the '605 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AA.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 151.

152.    BLU admits that Paragraph 152 appears to contain a partial quote from claim 9 of the '605 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the picture of BLU PURE XL, the Teardown Report from Teardown.com, or the purported contents of Exhibit AB.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 152.

153.    BLU admits that Paragraph 153 appears to contain a partial quote from claim 9 of the '605 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AB.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 153.

154.    BLU admits that Paragraph 154 appears to contain a partial quote from claim 9 of

-16-

the '605 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AB.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 154.

155.    BLU admits that Paragraph 155 appears to contain a partial quote from claim 9 of the '605 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AB.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 155.

156.    BLU admits that Paragraph 156 appears to quote claim 25 of the '605 patent.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 156.

157.    BLU admits that Paragraph 157 appears to contain a quote of the preamble of claim 25 of the '605 patent.  BLU restates and incorporates by reference its responses to Paragraphs 151-153 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 157.

158.    BLU admits that Paragraph 158 appears to contain a partial quote from claim 25 of the '605 patent.  BLU restates and incorporates by reference its response to Paragraph 154 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 158.

159.    BLU admits that Paragraph 159 appears to contain a partial quote from claim 25 of the '605 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AB.  BLU restates and incorporates by reference its responses to Paragraphs 154-155 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 159.

160.    BLU admits that Paragraph 160 appears to contain a partial quote from claim 25 of the '605 patent.  BLU restates and incorporates by reference its responses to Paragraphs 154-155 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 160.

161.    BLU admits that Paragraph 161 appears to contain a partial quote from claim 25

-17-

of the '605 patent.  BLU restates and incorporates by reference its responses to Paragraphs 154-155 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 161.

162.    BLU admits that Paragraph 162 appears to contain a partial quote from claim 25 of the '605 patent.  BLU restates and incorporates by reference its responses to Paragraphs 154-155 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 162.

163.    BLU admits that Paragraph 163 appears to contain a partial quote from claim 25 of the '605 patent.  BLU restates and incorporates by reference its responses to Paragraphs 154-155 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 163.

164.    BLU denies all allegations of Paragraph 164.

165.    BLU denies all allegations of Paragraph 165.

166.    BLU denies all allegations of Paragraph 166.

### SIXTH CAUSE OF ACTION
#### (U.S. Patent No. 8,745,149)

With respect to the Sixth Cause of Action, Paragraphs 167-185 of the First Amended Complaint, BLU refers to its Motion To Dismiss With Prejudice Due to Lack of Patentable Subject Matter Under 35 U.S.C. § 101.

### SEVENTH CAUSE OF ACTION
#### (U.S. Patent No. 8,169,449)

186.    BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

187.    With respect to all claims of the '449 patent other than claim 1, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 187.

188.    With respect to all claims of the '449 patent other than claim 1, BLU refers to its

Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 188.

189.    BLU admits that Paragraph 189 appears to quote claim 1 of the '449 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 189.

190.    BLU admits that Paragraph 190 appears to contain a quote of the preamble of claim 1 of the '449 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AC.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 190.

191.    BLU admits that Paragraph 191 appears to contain a partial quote from claim 1 of the '449 patent.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AC.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 191.

192.    BLU admits that Paragraph 192 appears to contain a partial quote from claim 1 of the '449 patent.  BLU restates and incorporates by reference its responses to Paragraphs 190-191 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 192.

193.    BLU admits that Paragraph 193 appears to contain a partial quote from claim 1 of the '449 patent.  BLU restates and incorporates by reference its responses to Paragraphs 190-191 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 193.

194.    BLU denies all allegations of Paragraph 194.

195.    BLU denies all allegations of Paragraph 195.

196.    BLU denies all allegations of Paragraph 196.

### EIGHTH CAUSE OF ACTION
**(U.S. Patent No. 7,969,924)**

197.    BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

198.    With respect to all claims of the '924 patent other than claims 1 and 23, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 198.

199.    BLU admits that BLU Vivo XL is compatible with the 3G standard.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.

200.    On information and belief, BLU admits that BLU Vivo XL complies with 3GPP TX 25.331 (v8.14.0 and subsequent releases and versions) when implementing the 3G standard.

201.    With respect to all claims of the '924 patent other than claims 1 and 23, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 201.

202.    BLU admits that Paragraph 202 appears to quote claim 1 of the '924 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 202.

203.    BLU denies all allegations of Paragraph 203.

204.    BLU denies all allegations of Paragraph 204.

205.    BLU denies all allegations of Paragraph 205.

206.    BLU denies all allegations of Paragraph 206.

207.    BLU denies all allegations of Paragraph 207.

208.    BLU admits that Paragraph 208 appears to quote claim 23 of the '924 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 208.

209.    BLU denies all allegations of Paragraph 209.

210.    BLU denies all allegations of Paragraph 210.

211.    BLU denies all allegations of Paragraph 211.

212.    BLU denies all allegations of Paragraph 212.

213.    BLU denies all allegations of Paragraph 213.

214.    BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all

allegations of Paragraph 214.

215.    With respect to all claims of the '924 patent other than claims 1 and 23, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  BLU otherwise denies all allegations of Paragraph 215.

216.    BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  BLU admits that it became aware of the '924 patent as of the filing and service of the original complaint alleging infringement of the '924 patent.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 216.

217.    BLU denies all allegations of Paragraph 217.

218.    BLU admits that Plaintiff purports to have sent a letter on November 21, 2015, but BLU denies all remaining allegations of Paragraph 218.

219.    BLU denies all allegations of Paragraph 219.

220.    BLU denies all allegations of Paragraph 220.

### NINTH CAUSE OF ACTION
### (U.S. Patent No. 8,483,060)

221.    BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

222.    With respect to all claims of the '060 patent other than claims 1 and 14, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 222.

223.    BLU admits that BLU Vivo XL is compatible with the 3G standard.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 223.

224.    With respect to all claims of the '060 patent other than claims 1 and 14, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all

allegations of Paragraph 224.

225.    BLU admits that Paragraph 225 appears to quote claim 1 of the '060 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 225.

226.    BLU denies all allegations of Paragraph 226.

227.    BLU denies all allegations of Paragraph 227.

228.    BLU denies all allegations of Paragraph 228.

229.    BLU denies all allegations of Paragraph 229.

230.    BLU admits that Paragraph 230 appears to quote claim 14 of the '060 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 230.

231.    BLU denies all allegations of Paragraph 231.

232.    BLU denies all allegations of Paragraph 232.

233.    BLU denies all allegations of Paragraph 233.

234.    BLU denies all allegations of Paragraph 234.

235.    BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 235.

236.    With respect to all claims of the '060 patent other than claims 1 and 14, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  BLU otherwise denies all allegations of Paragraph 236.

237.    BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  BLU admits that it became aware of the '060 patent as of the filing and service of the original complaint alleging infringement of the '060 patent.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 237.

238.    BLU denies all allegations of Paragraph 238.

239.    BLU admits that Plaintiff purports to have sent a letter on November 21, 2015, but BLU denies all remaining allegations of Paragraph 239.

240.    BLU denies all allegations of Paragraph 240.

241.    BLU denies all allegations of Paragraph 241.

## TENTH CAUSE OF ACTION
### (U.S. Patent No. 8,406,118)

242.    BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

243.    With respect to all claims of the '118 patent other than claims 1 and 11, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 243.

244.    BLU admits that BLU Vivo XL is compatible with the LTE standard.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 244.

245.    With respect to all claims of the '118 patent other than claims 1 and 11, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 245.

246.    BLU admits that Paragraph 246 appears to quote claim 1 of the '118 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 246.

247.    BLU denies all allegations of Paragraph 247.

248.    BLU denies all allegations of Paragraph 248.

249.    BLU denies all allegations of Paragraph 249.

250.    BLU denies all allegations of Paragraph 250.

251.    BLU admits that Paragraph 251 appears to quote claim 11 of the '118 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 251.

252.    BLU denies all allegations of Paragraph 252.

253.    BLU denies all allegations of Paragraph 253.

254.    BLU denies all allegations of Paragraph 254.

255. BLU denies all allegations of Paragraph 255.

256. BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 256.

257. With respect to all claims of the '118 patent other than claims 1 and 11, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  BLU otherwise denies all allegations of Paragraph 257.

258. BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  BLU admits that it became aware of the '118 patent as of the filing and service of the original complaint alleging infringement of the '118 patent.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 258.

259. BLU denies all allegations of Paragraph 259.

260. BLU admits that Plaintiff purports to have sent a letter on November 21, 2015, but BLU denies all remaining allegations of Paragraph 260.

261. BLU denies all allegations of Paragraph 261.

## ELEVENTH CAUSE OF ACTION
### (U.S. Patent No. 8,472,567)

262. BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

263. With respect to all claims of the '567 patent other than claims 11 and 16, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 263.

264. BLU admits that BLU Vivo XL is compatible with the LTE standard.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 264.

265.    With respect to all claims of the '567 patent other than claims 11 and 16, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 265.

266.    BLU admits that Paragraph 266 appears to quote claim 11 of the '567 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 266.

267.    BLU denies all allegations of Paragraph 267.

268.    BLU denies all allegations of Paragraph 268.

269.    BLU denies all allegations of Paragraph 269.

270.    BLU denies all allegations of Paragraph 270.

271.    BLU admits that Paragraph 271 appears to quote claim 16 of the '567 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 271.

272.    BLU denies all allegations of Paragraph 272.

273.    BLU denies all allegations of Paragraph 273.

274.    BLU denies all allegations of Paragraph 274.

275.    BLU denies all allegations of Paragraph 275.

276.    BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 276.

277.    With respect to all claims of the '567 patent other than claims 11 and 16, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  BLU otherwise denies all allegations of Paragraph 277.

278.    BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  BLU admits that it became aware of the '567 patent as of the filing and service of the original complaint alleging infringement of the '567 patent.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 278.

279.    BLU denies all allegations of Paragraph 279.

280.     BLU admits that Plaintiff purports to have sent a letter on November 21, 2015, but BLU denies all remaining allegations of Paragraph 280.

281.     BLU denies all allegations of Paragraph 281.

282.     BLU denies all allegations of Paragraph 282.

## TWELFTH CAUSE OF ACTION
### (U.S. Patent No. 8,265,034)

283.     BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

284.     With respect to all claims of the '034 patent other than claims 1 and 20, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 284.

285.     BLU admits that BLU Vivo XL is compatible with the 3G standard.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 285.

286.     On information and belief, BLU admits that BLU Vivo XL complies with 3GPP TS 25.331 (v8.19.0 and subsequent releases and versions) when implementing the 3G standard.

287.     With respect to all claims of the '034 patent other than claims 1 and 20, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 287.

288.     BLU admits that Paragraph 288 appears to quote claim 1 of the '034 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 288.

289.     BLU denies all allegations of Paragraph 289.

290.     BLU denies all allegations of Paragraph 290.

291.     BLU denies all allegations of Paragraph 291.

292.     BLU denies all allegations of Paragraph 292.

293.     BLU admits that Paragraph 293 appears to quote claim 20 of the '034 patent.

Except those specifically admitted, BLU generally denies all allegations of Paragraph 293.

294.     BLU denies all allegations of Paragraph 294.

295.     BLU denies all allegations of Paragraph 295.

296.     BLU denies all allegations of Paragraph 296.

297.     BLU denies all allegations of Paragraph 297.

298.     BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 298.

299.     With respect to all claims of the '034 patent other than claims 1 and 20, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  BLU otherwise denies all allegations of Paragraph 299.

300.     BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  BLU admits that it became aware of the '034 patent as of the filing and service of the original complaint alleging infringement of the '034 patent.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 300.

301.     BLU denies all allegations of Paragraph 301.

302.     BLU admits that Plaintiff purports to have sent a letter on November 21, 2015, but BLU denies all remaining allegations of Paragraph 302.

303.     BLU denies all allegations of Paragraph 303.

304.     BLU denies all allegations of Paragraph 304.

### THIRTEENTH CAUSE OF ACTION
#### (U.S. Patent No. 8,625,506)

305.     BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

306.     With respect to all claims of the '506 patent other than claims 1 and 9, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of

Paragraph 306.

307.    BLU admits that BLU Vivo XL is compatible with the LTE standard.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 307.

308.    With respect to all claims of the '506 patent other than claim 1 and 9, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 308.

309.    BLU admits that Paragraph 309 appears to quote claim 1 of the '506 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 309.

310.    BLU denies all allegations of Paragraph 310.

311.    BLU denies all allegations of Paragraph 311.

312.    BLU denies all allegations of Paragraph 312.

313.    BLU denies all allegations of Paragraph 313.

314.    BLU admits that Paragraph 314 appears to quote claim 9 of the '506 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 314.

315.    BLU denies all allegations of Paragraph 315.

316.    BLU denies all allegations of Paragraph 316.

317.    BLU denies all allegations of Paragraph 317.

318.    BLU denies all allegations of Paragraph 318.

319.    BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 319.

320.    With respect to all claims of the '506 patent other than claims 1 and 9, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  BLU otherwise denies all allegations of Paragraph 320.

321.    BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  BLU admits that it became aware of the '506 patent as of the filing and service of the original complaint alleging infringement of the '506 patent.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 321.

322.    BLU denies all allegations of Paragraph 322.

323.    BLU admits that Plaintiff purports to have sent a letter on November 21, 2015, but BLU denies all remaining allegations of Paragraph 323.

324.    BLU denies all allegations of Paragraph 324.

## FOURTEENTH CAUSE OF ACTION
### (U.S. Patent No. 7,933,355)

325.    BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

326.    With respect to all claims of the '355 patent other than claim 1, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 326.

327.    BLU admits that BLU Vivo XL is compatible with the 2G standard.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 327.

328.    BLU admits that its devices that operate on 3G and 2G networks, including the BLU Vivo XL, are compatible with the 2G standard.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 328.

329.    With respect to all claims of the '355 patent other than claim 1, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 329.

330.    BLU admits that Paragraph 330 appears to quote claim 1 of the '355 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 330.

331.     BLU denies all allegations of Paragraph 331.

332.     BLU denies all allegations of Paragraph 332.

333.     BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 333.

334.     With respect to all claims of the '355 patent other than claim 1, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  BLU otherwise denies all allegations of Paragraph 334.

335.     BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  BLU admits that it became aware of the '355 patent as of the filing and service of the original complaint alleging infringement of the '355 patent.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 335.

336.     BLU denies all allegations of Paragraph 336.

337.     BLU admits that Plaintiff purports to have sent a letter on November 21, 2015, but BLU denies all remaining allegations of Paragraph 337.

338.     BLU denies all allegations of Paragraph 338.

339.     BLU denies all allegations of Paragraph 339.

### FIFTEENTH CAUSE OF ACTION
#### (U.S. Patent No. 7,050,413)

340.     BLU restates and incorporates by reference each and every response set forth in the foregoing paragraphs as though fully repeated herein.

341.     With respect to all claims of the '413 patent other than claims 1 and 4, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 341.

342.     BLU admits that BLU Vivo XL is compatible with the 3G standard.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding

the purported contents of Exhibit AD.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 342.

343.    With respect to all claims of the '413 patent other than claims 1 and 4, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU otherwise denies all allegations of Paragraph 343.

344.    BLU admits that Paragraph 344 appears to quote claim 1 of the '413 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 344.

345.    BLU denies all allegations of Paragraph 345.

346.    BLU denies all allegations of Paragraph 346.

347.    BLU denies all allegations of Paragraph 347.

348.    BLU admits that Paragraph 348 appears to quote claim 4 of the '413 patent. Except those specifically admitted, BLU generally denies all allegations of Paragraph 348.

349.    BLU denies all allegations of Paragraph 349.

350.    BLU denies all allegations of Paragraph 350.

351.    BLU denies all allegations of Paragraph 351.

352.    BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 352.

353.    With respect to all claims of the '413 patent other than claims 1 and 4, BLU refers to its Motion To Dismiss for Failure To State a Claim.  BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the purported contents of Exhibit AD.  BLU otherwise denies all allegations of Paragraph 353.

354.    BLU restates and incorporates by reference its responses to Paragraphs 40-41 as though fully repeated herein.  BLU admits that it became aware of the '413 patent as of the filing and service of the original complaint alleging infringement of the '413 patent.  Except those specifically admitted, BLU generally denies all allegations of Paragraph 354.

355.    BLU denies all allegations of Paragraph 355.

356.     BLU admits that Plaintiff purports to have sent a letter on November 21, 2015, but BLU denies all remaining allegations of Paragraph 356.

357.     BLU denies all allegations of Paragraph 357.

## PLAINTIFF'S PRAYER FOR RELIEF

BLU denies that Plaintiff is entitled to any of the relief, including Paragraphs A-I in the Prayer for Relief Section of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, BLU alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses set forth herein, BLU expressly reserves the right to allege and assert any defenses or affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future become known or available based upon discovery and further investigation in this case.

1.     Plaintiff fails to state any claim against BLU upon which relief may be granted.

2.     BLU does not and has not directly or indirectly infringed, literally or under the doctrine of equivalents, willfully or otherwise, any valid claim of the asserted patents.

3.     BLU has not induced or contributed to the infringement by another of any valid claim of the asserted patents.

4.     Plaintiff is not entitled to injunctive relief because BLU has not infringed and is not infringing any valid claim of the asserted patents, and any purported injury to Plaintiff is not immediate or irreparable.  To the extent Plaintiff proves that it would be entitled to any relief, it would have an adequate remedy at law.  Moreover, the public interest and balance of hardships disfavors an injunction under the circumstances of this case.

5.      Plaintiff has no basis to claim that this is an exceptional case to justify any award of attorney fees or costs against BLU pursuant to 35 U.S.C. § 285.

6.      Plaintiff is estopped from construing any valid claim of any of the asserted patents to cover or include, either literally or by application of the doctrine of equivalents, any product or service manufactured, used, imported, sold, or offered by BLU because of the admissions and statements made to the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of any of the asserted patents.

7.      Each claim of the asserted patents is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

8.      Plaintiff is barred in whole or in part by operation of 35 U.S.C. §§ 286, 287, and/or 288.

9.      To the extent Plaintiff purports to accuse any BLU product, Plaintiff's claims for contributory infringement are barred in whole or in part under 35 U.S.C. § 271(c) in view of the substantial non-infringing uses of such allegedly infringing product.

10.     The claims asserted in Plaintiff's First Amended Complaint are barred in whole or in part by waiver, equitable estoppel, implied license, and/or the doctrine of unclean hands.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant BLU Products, Inc. respectfully requests that the Court enter Judgment in its favor and against Plaintiff BlackBerry Ltd.:

A.      Dismissing with prejudice Plaintiff's First Amended Complaint against BLU;

B.      Denying any and all relief sought by Plaintiff;

C.      Declaring that BLU has not infringed and is not directly or indirectly infringing any asserted claim of the '868, '466, '384, '845, '605, '149, '449, '924, '060, '118, '567, '034, '506, '355, and '413  patents, either literally or under the doctrine of equivalents;

D.      Declaring that the '868, '466, '384, '845, '605, '149, '449, '924, '060, '118, '567,

'034, '506, '355, and '413 patents are invalid and/or unenforceable;

E.      Declaring this case is exceptional under 35 U.S.C. § 285 and awarding to BLU its attorneys' fees and costs incurred in connection with this action; and

F.      Such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

BLU respectfully demands a trial by jury of any issues triable by right under Rule 38 of the Federal Rules of Civil Procedure.

Dated:    November 4, 2016

By */s/ Angela D. Daker*
Angela D. Daker (Florida Bar No. 681571)
White & Case LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, FL  33131
Telephone:  (305) 371-2700
Facsimile:  (305) 358-5744
Email:  WCBluTeam@whitecase.com

Bernard L. Egozi (Florida Bar No. 152544)
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, FL  33180
Telephone: (305) 931-9342
Facsimile:  (305) 931-9343
Email:  begozi@egozilaw.com

*Counsel for BLU Products, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of November, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the following document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF:

Ching-Lee Fukuda (admitted *pro hac vice*)
Sidley Austin LLP
787 Seventh Avenue
New York, NY  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:  clfukuda@sidley.com

*Counsel for Plaintiff*

David T. Pritikin (admitted *pro hac vice*)
Douglas I. Lewis (admitted *pro hac vice*)
Scott R. Lassar (admitted *pro hac vice*)
Sidley Austin LLP
One S. Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
Email:  dpritikin@sidley.com
Email:  dilewis@sidley.com
Email:  slassar@sidley.com

*Counsel for Plaintiff*

Thomas N. Tarnay (admitted *pro hac vice*)
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX  75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
Email:  ttarnay@sidley.com

*Counsel for Plaintiff*

Marcos Daniel Jiminez
Audrey M. Pumariega
McDermott Will & Emery LLP
333 Avenue of the Americas, Suite 4500
Miami, FL  33131
Telephone:  (305) 358-3500
Facsimile:  (305) 347-6500
Email:  mjimenez@mwe.com
Email:  apumariega@mwe.com

*Counsel for Plaintiff*

/s/ Angela D. Daker
Angela D. Daker