# COMPOSITE EXHIBIT A



| | |
|---|---|
| SIDLEY AUSTIN LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>+1 212 839 5300<br>+1 212 839 5599 FAX | BEIJING       HONG KONG    SAN FRANCISCO<br>BOSTON        HOUSTON      SHANGHAI<br>BRUSSELS      LONDON       SINGAPORE<br>CENTURY CITY  LOS ANGELES  SYDNEY<br>CHICAGO       MUNICH       TOKYO<br>DALLAS        NEW YORK     WASHINGTON, D.C.<br>GENEVA        PALO ALTO |
| tsimpson@sidley.com<br>+212 839 7310 | FOUNDED 1866 |

December 29, 2016

**CONFIDENTIAL**

**By Email**

Eric Lancaster
White & Case LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, California 94306

      Re:    *BlackBerry Ltd., v. BLU Products, Inc.*, Case No. 16-23535-CIV-Moreno

Dear Eric:

      We write to address a number of severe deficiencies in BLU's first production and written discovery responses. We wrote earlier today about another urgent topic, *i.e.*, BLU's failure to provide summary financial information for the accused products. Also included herein is a response to your December 27, 2016 letter regarding BlackBerry's December 21, 2016 Responses to BLU's Interrogatories.

      **A.**    **BLU's Deficient and Non-Compliant First Production**

      BLU's production of documents was incomplete, late, virtually unusable as produced, and noncompliant with the agreed-to provisions of the current draft of the E-Discovery Order.

      BlackBerry delivered its first set of requests for production early under Federal Rule of Civil Procedure 26(d)(2)—on November 7, 2016, only days after BLU answered—to provide BLU additional time to collect responsive documents and prepare its production. As indicated in BlackBerry's requests, BLU was to produce documents on December 21, 2016, at the Dallas, Texas, offices of BlackBerry's outside counsel from Sidley Austin. On Wednesday, December 21, counsel for BLU represented that its first production had been sent to a different address (BlackBerry counsel's Miami, Florida office) via FedEx Overnight Delivery, to be delivered Thursday morning.[1]

---

[1] B. Egozi 12/21/2016 Letter to Counsel for BlackBerry.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Eric Lancaster
December 29, 2016
Page 2

When the production did not arrive Thursday morning, BlackBerry repeatedly requested the FedEx tracking information for the production from BLU.[2] But BLU failed to provide the tracking information on Thursday.[3] BLU's production was not delivered Thursday.

When counsel for BLU finally provided the tracking information on Friday, December 23,[4] BlackBerry learned that BLU's production had not been sent on December 21—as BLU previously represented. Indeed, BLU's production was not picked up for delivery until after business hours on December 22, 2016, and after BLU affirmed its initial misrepresentation several times.[5] When FedEx attempted to deliver the package on December 23—over a day later than promised by BLU—counsel's office was closed due to the long holiday weekend, and the delivery was returned to the local FedEx facility. The late delivery forced counsel for BlackBerry to pick up the package at the local FedEx facility, which was farther away than the office of BLU's counsel who originally sent it.

After counsel for BlackBerry obtained the production from FedEx, we discovered that BLU had produced an *internal* hard drive, which was only accessible using a SATAIII connection port and not accessible via USB or other common modes of download. Without any means of accessing BLU's production, BlackBerry's counsel was then required to purchase a SATAIII to USB converter at BestBuy two days before Christmas. And by the time BlackBerry's counsel obtained the required connection, BlackBerry's e-discovery vendor had closed for the long holiday weekend. As such, BlackBerry was unable to gain access to the documents on BLU's hard drive until the next business day—Tuesday, December 27—nearly a week after the documents should have been produced and 50 days after BlackBerry delivered its requests for production.

Moreover, BLU's production is wholly inadequate. BLU produced, in native form only, 69,048 documents—over 66 gigabytes of data—**with no metadata, load files, extracted text, or Bates-stamping**—notwithstanding the parties' nearly finalized E-Discovery Order ("ESI Order") that require this information and the instructions in BlackBerry's requests for production. In contrast, BlackBerry's December 21st production was in accord with the requirements of the ESI Order. In addition, BLU designated the entirety of its 69,048-document production as "Outside Counsel Only," preventing counsel for BlackBerry from sharing any information from BLU's production with its experts or client.

---

[2] S. Reich 12/22/2016 Email to Counsel for BLU; M.D. Jimenez 12/22/2016 Email to Counsel for BLU.
[3] *See* J Sano 12/22/2016 email to Counsel for BlackBerry.
[4] B. Egozi 12/23/2016 Email to Counsel for BlackBerry.
[5] *Compare* Fed Ex Tracking Document (showing BLU's production as being picked up on December 22, 2016, at 6:22 pm) *with* B. Egozi 12/21/2016 Letter to Counsel for BlackBerry, J Sano 12/22/2016 email to Counsel for BlackBerry, Egozi 12/23/2016 Email to M.D. Jimenez.



Eric Lancaster
December 29, 2016
Page 3

      Moreover, the content of BLU's production contains very little material responsive to BlackBerry's requests for production.  Buried within BLU's document dump, counsel has identified 211 documents in the folder Project Spec Sheets.  However, these 211 documents relate to a seemingly random collection of products, including products outside the scope of BlackBerry's requests, and does not include specification sheets for the entire set of accused products.  For example, BLU failed to provided project specification sheets for the Advance 4.0, Advance 4.5, Advance 5.0, Amour, and Dash just to name a few.  Moreover, many of these project specification sheets appear to be non-final and final versions are lacking.  (*Compare* 2014-10-08 Dash 5.0 II_SpecCompliance.xlsx (missing revision history); 2014-08-27 Dash C Music_SpecCompliance.xlsx (same) *with* ENERGY XL(M5 Plus)_BLU_Product_ SpecCompliance_201602015.xlsx (showing revision history v.5 and approval by Samuel Ohev-Zion)).  These documents also contain errors and/or inconsistencies as to which products they refer to, such as differences in the file names and internal references.  (*See, e.g.*, 2015-06-01 Dash L SpecCompliance.xlsx (internally referring to product as Dash 4.0 II while title refers to Dash L)).

      The production also contains over 3,500 invoices and purchase orders with effectively meaningless file names, covering products outside the scope of BlackBerry's requests.  Again, however, it is already abundantly clear that BLU's production of invoices and purchase orders is deficient—for example, BLU's spec sheet production indicates that Huaqin produced the Dash 4.5, but BLU failed to produce any product orders with Huaqin covering this product.

      The remaining 65,000 plus documents (representing over 65 gigs of data) relate to accounts receivable and accounts payable invoices.  Similar to the purchase orders, this data dump of information makes it effectively impossible for BlackBerry to determine revenue associated with any particular product or customer, let alone costs or profits.  Moreover, we were surprised to find that BLU failed to produce any invoices for sales to Amazon.com (USA), particularly given that BLU's phones are clearly available for sale on Amazon.com and that BLU's 30(b)(6) witness Juse Echtey testified that the company sells directly to Amazon.com.

      BLU's production was clearly not evaluated for responsiveness, much less processed according to the ESI Order, prior to producing to BlackBerry.  Just a rough estimate from our document processing vendor indicates that, at industry-norm pricing, it would cost BlackBerry over $10,000 to even convert BLU's production into a manageable state.  Moreover, BLU's seemingly arbitrary and incomplete production falls well short of the standards imposed by the Federal Rules of Civil Procedure.  While we recognize that mistakes can occur with E-Discovery, the litany of issues that surround BLU's first production is wholly unacceptable.

      In contrast to BLU's approach to document production, BlackBerry has made a good faith effort to produce responsive documents quickly and in the parties' agreed-upon format, and to further cooperate and quickly resolve any deficiencies or issues identified by BLU in a timely



Eric Lancaster
December 29, 2016
Page 4

manner. BlackBerry's December 21, 2016 production provided electronic files to BLU in the agreed-to, text-searchable format, with metadata and bates-stamping as called for by the ESI Order. Upon receipt of BlackBerry's compliant production, BLU identified technical issues with certain files and requested that BlackBerry de-designate its infringement charts.[6] In response, the very next morning, BlackBerry immediately replaced the files altogether and provided de-designated infringement charts that afternoon.[7] Additionally, BlackBerry tailored its production to the issues relevant to this case and BLU's requests for production; BlackBerry did not make a voluminous production with the effect of burying counsel in nonresponsive materials.

Given the upcoming holiday weekend, and the strict timeline for discovery to which the parties must abide, BlackBerry requests that BLU re-produce responsive materials, in compliance with the agreed-to provisions of the ESI Order by 12:00 ET tomorrow, December 30, 2016. If you plan on mailing another hard drive, please contact us before doing so to coordinate delivery before the upcoming holiday. If BLU is unable to comply with its own discovery obligations in short order, BlackBerry will seek to raise the issue with the Court during the January 3, 2017 discovery conference. We are also available to confer on this issue before the upcoming hearing.

### A. BLU's Insufficient Interrogatory Responses

BLU's responses to BlackBerry's First Set of Interrogatories (Nos. 1-13) are grossly insufficient. BLU's recent complaints of the inadequacy of BlackBerry's Interrogatory responses—which provided specific information as outlined below—ring hollow given the lack of any substantive detail in BLU's own responses.

<u>BLU's Response to Interrogatory No. 1</u>: BLU has failed to respond in any meaningful way to this interrogatory related to BLU's organizational structure. Merely pointing to the entirety of a deposition transcript is not sufficient to respond to an interrogatory. *Rodriguez v. Niagra Cleaning Servs.*, Case No. 09-22645, 2010 U.S. Dist. LEXIS 106519, at *15 (S.D. Fla. Sept. 23, 2010) (holding that "[i]t is not sufficient for Defendants to direct the Plaintiffs to the deposition transcripts of certain witnesses" in its interrogatory responses). By close of business on December 30, please provide a substantive response as required by Federal Rule of Civil Procedure 33, which may include but not be limited to pinpoint citations to the 30(b)(6) deposition transcript of Juse Echtey on which BLU relies for its response.

<u>BLU's Response to Interrogatory No. 2</u>: BLU has failed to respond in any meaningful way to this interrogatory related to BLU's notice of the patents-in-suit, and merely pointing to BLU's Answer is not sufficient to respond to an interrogatory. *C.f.*, *Rodriguez*, 2010 U.S. Dist.

---

[6] E. Lancaster 12/22/2016 Email to Counsel for BlackBerry.
[7] S. Reich 12/22/2016 Email to Counsel for BLU.



Eric Lancaster
December 29, 2016
Page 5

LEXIS 106519, at *15.  By close of business on December 30, please provide a substantive response as required by Federal Rule of Civil Procedure 33.

BLU's Response to Interrogatory No. 3: BLU has failed to respond in any meaningful way to this interrogatory related to the individuals who are engaged in the development and design of the Accused Products.  Merely pointing to the entirety of a deposition transcript is not sufficient to respond to an interrogatory.  *Rodriguez*, 2010 U.S. Dist. LEXIS 106519, at *15.  By close of business on December 30, please provide a substantive response as required by Federal Rule of Civil Procedure 33, which may include but not be limited to pinpoint citations to the 30(b)(6) deposition transcript of Juse Echtey on which BLU relies for its response.

BLU's Response to Interrogatory No. 4: BLU's response to this interrogatory related to BLU's non-infringement position is severely deficient.  BLU's response completely omits any noninfringement analysis for the '845, '605, '449, '924, '060, '118, '567, '034, '506, '355, and '413 patents, and BLU's analysis of the '149, '868, '384, and '466 patents is cursory at best and ignores any potential differences in the Accused Products.  Now that BLU has in its possession BlackBerry's detailed infringement charts for each of the patents-in-suit, BlackBerry expects prompt supplementation of BLU's response to this interrogatory.  If BLU does not provide timely responses for all asserted patents, BlackBerry will seek a ruling that BLU has waived any omitted non-infringement positions.

Moreover, to the extent that BLU has a "limited current understanding of the function, structure, and operation of the Accused Products," please identify the specific device(s) for which BLU disclaims any "understanding," and identify the individual or entity who does have such understanding.  Additionally, please identify which of the Accused Products do not infringe the patents-in-suit because they allegedly "are sold outside the United States and/or one or more of the recited method steps are not performed in the United States."

BLU's Response to Interrogatory No. 5: BLU's invalidity analysis set out in response to this interrogatory is insufficient.  BLU has not pointed to any specific motivation to modify or combine the alleged prior art.  Although BlackBerry's review of the adequacy of BLU's invalidity charts is ongoing, please identify the basis on which BLU contends a person of ordinary skill in the art would be motivated to modify or combine specific pieces of the alleged prior art cited by BLU.  In addition, please produce all asserted prior art immediately, especially any prior art that is not publicly available.

In addition, BLU's provides a sweeping § 112 analysis asserting that "the claims of the Asserted Patents identified in the First Amended Complaint are invalid" under § 112, yet BLU's response provides no § 112 analysis whatsoever for the '845, '605, '449, '924, '060, '118, '567, '034, '506, '355, and '413 patents.  In addition, BLU has not provided any basis for its § 112



Eric Lancaster
December 29, 2016
Page 6

defense for the '149, '868, '384, and '466 patents beyond bare identifications of limitations and recitations of the legal standard for indefiniteness and lack of enablement.

If BLU does not provide timely responses for all of its invalidity positions, BlackBerry will seek a ruling that BLU has waived any omitted invalidity positions.

BLU's Response to Interrogatory No. 6: BLU's response to this interrogatory related to the marketing of the Accused Products is completely deficient. In addition to supplementing its written response with information with the content and in the form requested, please identify by close of business on December 30 the title of each document(s) on which BLU relies from its unstamped, native-file production as responsive to this interrogatory.

BLU's Responses to Interrogatory No. 7: BLU's response to this interrogatory related to the characteristics of the Accused Products is completely deficient. In addition to supplementing BLU's written response, please identify by close of business on December 30 the title of each document(s) on which BLU relies from its unstamped, native-file production as responsive to this interrogatory.

BLU's Response to Interrogatory No. 8: BLU's complete refusal to respond to this interrogatory is without merit. BlackBerry is entitled to inquire as to the factual characteristics of BLU's Accused Products and any other potentially infringing BLU products, including the similarities and/or differences between BLU's models and/or versions. By close of business on December 30, please provide a substantive response as required by Federal Rule of Civil Procedure 33.

BLU's Response to Interrogatory No. 9: Here again, BLU's complete refusal to respond to this interrogatory is without merit. BlackBerry is entitled to inquire as to the factual basis of whether BLU's Accused Products are compatible or compliant with the identified Technical Specifications. By close of business on December 30, please provide a substantive response as required by Federal Rule of Civil Procedure 33.

BLU's Response to Interrogatory No. 10: As stated in more detail in our earlier correspondence, BLU's response to this interrogatory related to the sales and financial data for the Accused Products is completely deficient and should be supplemented immediately.

BLU's Response to Interrogatory No. 11: BLU's response to this interrogatory related to BLU's relevant licensing practices for the technology at issue is completely deficient. In addition to supplementing BLU's written response, please identify by close of business on December 30 the title of each document(s) on which BLU relies from its unstamped, native-file production as responsive to this interrogatory.



Eric Lancaster
December 29, 2016
Page 7

BLU's Response to Interrogatory No. 12: BLU's refusal to provide any reasonable royalty analysis in its response is without merit. By close of business on December 30, please provide a substantive response as required by Federal Rule of Civil Procedure 33. Absent timely supplementation, BlackBerry will argue that BLU has waived its position as to what BLU considers to be a reasonable royalty.

BLU's Response to Interrogatory No. 13: BLU's refusal to respond to this interrogatory related to any hardships BLU would face if required to comply with an injunction is without merit. By close of business on December 30, please provide a substantive response as required by Federal Rule of Civil Procedure 33. Absent timely supplementation, BlackBerry will argue that BLU has waived any argument in response to the subject matter of this interrogatory.

As describe above, BLU has not sufficiently responded to *any* of BlackBerry's interrogatories. If BLU continues to refuse to comply with its obligations to substantively respond to BlackBerry's interrogatories, BlackBerry will seek the intervention of the Court during the January 3, 2017 discovery conference.

### B.      BLU's Inadequate Responses to BlackBerry's Requests for Production

BLU's responses to BlackBerry's Requests for Production ("RFPs") are severely inadequate. For example, BLU has refused to produce any documents responsive to RFP nos. 7-8, 11, 13-14, 19, 21-22, 24-25, 27, and 45 on the basis that BLU is not in possession of such material. BlackBerry requested that in the event BLU is not in possession of the requested documents, that BLU "identify who has the control and location of the documents." BLU has not provided any such information. BlackBerry requests that BLU supplement its responses to BlackBerry's RFP nos. 8, 11, 13-14, 19, 21-22, 24-25, 27, and 45 by close of business on December 30 to identify the individuals or entities with possession of these requested materials.

In addition, BLU has improperly refused to produce *any and all* material responsive to BlackBerry's RFP nos. 7, 17-18, 37, 39-40, 45, and 47 because BLU claims these requests are subject to privilege or work-product immunity. For RFP no. 18, requesting documents and communications related to BlackBerry, please supplement your response by close of business on December 30 as to whether any non-privileged documents exist. BlackBerry expects that BLU will provide a privilege log of all materials that are being withheld on the basis of privilege or work product at a time mutually agreed-upon by the parties, including but not limited to those documents that BLU refuses to produce pursuant to RFP nos. 7, 17-18, 37, 39-40, 45, and 47.

BLU has also improperly refused to produce documents responsive to BlackBerry's RFP no. 32 related to BLU's target market for the Accused Products in the United States. If no such documents exist, then please supplement your response accordingly by close of business on December 30.



Eric Lancaster
December 29, 2016
Page 8

### C.     BlackBerry's Interrogatory Responses

Interrogatory No. 1: BlackBerry confirms that the claim charts attached to BlackBerry's response to BLU's Interrogatory No. 1 were current as of the date of service. BLU's recently served production of documents and discovery responses relating to infringement issues are severely deficient. Accordingly, BlackBerry's infringement analysis is ongoing and it will supplement its response in a timely manner if and when its analysis changes.

Interrogatory No. 2: BlackBerry disagrees with BLU's assertion that BlackBerry has "refused to identify any written description support or enabling disclosures . . ." BlackBerry's response to Interrogatory No. 2 directs BLU to the specifications and prosecution histories of the patents-in-suit for the requested information. Regardless, BLU's attempts to shift its burden are without merit. It is BLU's burden to demonstrate that the asserted claims of the patents-in-suit fail to meet the requirements of 35 U.S.C. § 112; the patents-in-suit are presumed valid until proven otherwise.

Interrogatory No. 3: BlackBerry's response is based on a reasonable search and inquiry regarding the date of conception and reduction to practice for the patents-in-suit. As stated in its response, based upon its current investigation, BlackBerry is not claiming any priority date earlier than the earliest claimed priority date for each of the patents-in-suit. Likewise, BlackBerry has not yet identified any uses of the claimed inventions prior to the earliest claimed priority date. BlackBerry continues to investigate, and if BlackBerry identifies any date(s) different from those stated in BlackBerry's response, BlackBerry will supplement its response.

Interrogatory No. 4: BlackBerry disagrees with BLU's assertion that BlackBerry has "refused to answer" BLU's Interrogatory No. 4. As stated in its response, after a reasonable investigation, BlackBerry has not identified any offers, sales, public displays, and/or uses of the claimed inventions prior to the earliest claimed priority date. BlackBerry continues to investigate, and if BlackBerry identifies any date(s) different from those stated in BlackBerry's response, BlackBerry will supplement accordingly as required by Federal Rule of Civil Procedure 26(e).

Interrogatory No. 5: BlackBerry disagrees with BLU's characterization of BlackBerry's response to BLU's Interrogatory No. 5 as "inadequate." Based upon its reasonable investigation, Blackberry's response to BLU's Interrogatory No. 5 specifically directs BLU to the "the Patents-in-Suit and respective family members, and the prosecutions thereof, to obtain the identities . . . *of individuals who had knowledge of the prior art*." BlackBerry continues to investigate, and if BlackBerry identifies any additional art or individuals with knowledge relevant to this request that are not apparent from the patents-in-suit, their respective prosecution histories, and BlackBerry's ongoing production, BlackBerry will supplement its response as required by Federal Rule of Civil Procedure 26(e).


**SIDLEY AUSTIN LLP**

Eric Lancaster
December 29, 2016
Page 9

  Interrogatory No. 7: BlackBerry disagrees with BLU's assertion that BlackBerry's response to BLU's Interrogatory No. 7 is "insufficient and conclusory." BlackBerry's response to Interrogatory No. 7 identifies both commercial success and copying as exemplary indicia of the nonobviousness of the patents-in-suit. Regardless, BLU's attempts to shift its burden are without merit. It is BLU's burden to demonstrate that the asserted claims of the patents-in-suit fail to meet the requirements of 35 U.S.C. § 103; the patents-in-suit are presumed valid until proven otherwise.

  If BLU would like to meet and confer regarding BlackBerry's responses to BLU's Interrogatories, please propose a time and date.

* * * *

  Please let us know whether BLU will provide the supplementation requested herein with respect to its noncompliant production, interrogatory responses, and production responses. We are available to meet and confer to discuss any potential questions related to the issues raised in this letter before our conference with the Court on January 3, 2017.

  BlackBerry intends to continue to cooperate as much as possible with BLU to resolve discovery issues and proceed as scheduled through fact and expert discovery. We hope that BLU will work with BlackBerry in return to avoid the types of disputes we have identified here.

Very truly yours,<br/><br/>*Todd M. Simpson*<br/><br/>Todd M. Simpson

cc: WCBLUteam@whitecase.com
   BEgozi@egozilaw.com
   Mjimenez@mwe.com
   apumariega@mwe.com
   FWSidleyBlackBerryTeam@sidley.com



| | SIDLEY AUSTIN LLP<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>+1 212 839 5300<br>+1 212 839 5599 FAX | BEIJING<br>BOSTON<br>BRUSSELS<br>CENTURY CITY<br>CHICAGO<br>DALLAS<br>GENEVA | HONG KONG<br>HOUSTON<br>LONDON<br>LOS ANGELES<br>MUNICH<br>NEW YORK<br>PALO ALTO | SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
|---|---|---|---|---|
| | tsimpson@sidley.com<br>+212 839 7310 | FOUNDED 1866 | | |

December 29, 2016

**By Email**

Eric Lancaster
White & Case LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, California 94306

   Re:  *BlackBerry Ltd., v. BLU Products, Inc.*, Case No. 16-23535-CIV-Moreno

Dear Eric:

   We write to address a particular glaring and inexcusable deficiency in BLU's first production and written discovery responses and to demand that reports on sales and financial information for BLU products be produced in usable format before the end of this week. Unless immediate corrective action is taken, BlackBerry will be supplementing its motion for a discovery conference and, if allowed by the Court, will raise these matters and BLU's conduct next week with Judge O'Sullivan.

   BLU's response to BlackBerry's Interrogatory No. 10 relating to the sales and financial data for the Accused Products is completely deficient and BLU's generic reference under FRCP 33(d) to documents produced is improper. BLU has produced over 60,000 individual sales and purchase order documents in native format without metadata, load files, extracted text, or Bates-stamping—notwithstanding the agreed terms of the parties' nearly finalized E-Discovery Order.

   Regardless, production of the countless individual invoices and purchase orders is not an acceptable substitute for the summary financials requested by Interrogatory No. 10. As confirmed by the testimony of BLU's representative Mr. Echtey during his December 21, 2016 deposition, BLU has a computer system from which sales reports can be generated that summarize sales of the Accused Products by, for example, time and product. *See, e.g.*, Echtey Rough Transcript at pgs. 184-88. Indeed some of the documents that BLU produced include printouts from a computerized accounting system. That same accounting system should be able to generate summary financials that show, *inter alia*, revenues, costs, other expenses, and profits over the past six years. BlackBerry cannot simply reconstruct these financials using the documents provided, at least in part because they may be an incomplete set and because they lack information on other costs and expenses that affect BLU's financial performance.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Eric Lancaster
December 29, 2016
Page 2

Accordingly, BLU's dump of thousands of individual invoices and purchase orders is both improper and an inadequate response to BlackBerry's Interrogatory No. 10.

      Please confirm that you will immediately produce sales for all Accused Products in Excel format by close of business tomorrow.

                                         Sincerely,

                                         Todd M. Simpson