UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23535-CIV-Moreno/O'Sullivan

BLACKBERRY LIMITED,

      Plaintiff,

    v.

BLU PRODUCTS, INC.

      Defendant.

_____/

## BLU PRODUCTS, INC.'S OBJECTIONS TO THE SETTING AND MODIFICATION OF PRETRIAL DEADLINES FOR EXPERT REPORTS

Blu Products, Inc. ("Blu") respectfully objects to Magistrate Judge O'Sullivan's Order and Notice of Hearing ("Expert Report Order") (Dkt. No. 73) setting opening and rebuttal expert reports due on January 10, 2017 and January 20, 2017, respectively, and states as follows.

## I.  INTRODUCTION

Blu objects to the Expert Report Order because (1) absent any order to the contrary, the deadlines for the disclosure of expert reports are set by Fed. R. Civ. P. 26(a)(2)(D) at 90 and 60 days before trial for opening and rebuttal reports, respectively; (2) Magistrate Judge O'Sullivan lacked the authority to modify the pretrial deadlines for expert disclosures; (3) no good cause exists for shortening the deadline for disclosing expert reports; and (4) good cause exists for extending the deadlines for expert reports and continuing all pretrial deadlines and the trial date in view of Black Berry's recent identification of 184 separate claims at issue in this case involving 15 complex patents, and its recent service of almost 1,000 pages of infringement contentions relating to these 184 claims.

The Scheduling Order Setting Trial ("Scheduling Order") (Dkt. No. 30) issued by this Court did not set or modify the pretrial deadlines for expert reports, and thus the default deadlines established in Fed. R. Civ. P. 26(a)(2)(D) govern.  Magistrate Judge O'Sullivan exceeded his authority by implementing new deadlines for expert disclosures, contrary to those that govern pursuant to Fed. R. Civ. P. 26(a)(2)(D).  Furthermore, (i) Fed. R. Civ. P. 16(b)(4) requires the consent of the district judge to amend the schedule; and (ii) the Order of Referral to Magistrate Judge O'Sullivan ("Order of Referral") (Dkt. No. 21) requires that "[a]ny applications for extension or modification of pretrial deadlines… shall be made to the District Judge." However, Blackberry inappropriately sought such relief from Magistrate O'Sullivan, and it was granted without the District Judge's consent.

Moreover the shortening of the pretrial deadlines for the disclosure of expert reports is inappropriate because no good cause exists to support same, and indeed the Expert Report Order found no good cause.  To the contrary good cause exists to continue bot the expert disclosure pretrial deadlines, and all other pretrial deadlines – which is the subject of Blu's forthcoming Motion to Continue.  Accordingly, for the foregoing reasons Blu respectfully requests that the Court strike the Expert Report Order shortening the time for disclosure of expert reports.

## II.     ARGUMENT

### A.     The Timing of the Expert Disclosure is Governed by Rule 26(a) because the Scheduling Order did not Modify Same

The timing of expert reports in this matter was set by Rule 26 of the Federal Rules of Civil Procedure, and could not be modified without good cause.  Fed. R. Civ. P. 16(b) provides that a court "**must issue a scheduling order**" that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P 16(b)(1) (emphasis added) & 16 (b)(3)(A).  Furthermore, a scheduling order *may* "modify the timing of disclosures

under Rules 26(a)[.]" Fed. R. Civ. P. 16(b)(3)(B)(i).  Fed. R. Civ. P. 26(a)(2)(D) provides in

relevant part:

> **Absent a stipulation or court order**, the [expert] disclosures must be made:
> (i)  at least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

The Court's Scheduling Order set the deadlines to join additional parties, amend the

pleadings, complete discovery, file motions and for trial. (Dkt. No. 30, at 1).  However, the

Scheduling Order did not modify the time to disclose Expert Testimony under Fed. R. Civ. P.

26(a)(2)(D).[1] *Id.*  Accordingly, pursuant to the Scheduling Order and Fed. R. Civ. P. 26(a)(2)(D),

opening expert reports are due on March 1, 2017 – 90 days before the May 30, 2017 trial date –

and rebuttal expert reports are due March 31, 2017 – 30 days later.

**B.     Magistrate O'Sullivan Exceeded the Scope of his Authority by Modifying the Pretrial Deadlines for Expert Reports**

Blu further objects to Under Fed. R. Civ. P. 16(b)(4), "A schedule may be modified only

for good cause and **with the judge's consent**."  The judge had no involvement in the recent

order modifying the scheduling order.  Moreover, the Order of Referral refers "any and all

pretrial matters ***except*** the extension or modification of pretrial deadlines, such as the deadlines

for the disclosure of expert reports. (Dkt. No. 21, at 1).  Specifically, the Order of Referral states

that "[a]ny applications for extension or modification of pretrial deadlines or the trial date shall

be made to the District Judge." *Id.*  Accordingly, Blu objects to the Expert Report Order as an

inappropriate modification of pretrial deadlines made without the consent or authority of the

District Judge.

---

[1] The Scheduling Order indicates that expert discovery must be completed by January 30, 2017, but does not modify the dates that the expert disclosures are due under Fed. R. Civ. P. 26(a)(2)(D).  Accordingly, Rule 26(a)(2)(D) governs.

### C.    No Good Cause Exists to Shorten the Time to Disclose Expert Reports

Blu further objects to Under Fed. R. Civ. P. 16(b)(4) for lack of good cause to shorten the pretrial expert disclosure deadlines.  As discussed above, a schedule may only be modified "**for good cause** and with the judge's consent." *Id.*  Moreover Magistrate Judge O'Sullivan's Order and Notice of Hearing (Dkt. No. 73) modifying the pretrial deadlines for expert disclosures makes no finding of good cause for shortening the time period to respond to same.  To the contrary, as discussed in greater detail in Section D below, good cause exists to continue and extend all pretrial deadlines, including the expert disclosure deadlines.

Blackberry Limited sought to shorten the time frame for expert reports in order to unduly prejudice Blu's ability to defend against its claims.  This case involves 15 different patents having a combined total of over 500 claims.  Since the inception of this case Blu has requested that Blackberry identify the claims at issue in this dispute, and until recently Blackberry refused to do so.  On November 4, 2016 – before entry of the scheduling order – Blu also moved to dismiss all patent claims not identified in the Complaint. (Dkt. No. 25)[2]  On November 29, 2016, Blu further moved to bifurcate and extend the trial deadlines in large part because of the number of patents, the excessive number of potential claims at issue, and Blackberry's refusal to identify same. (Dkt. No. 53).[3]  Indeed, Blackberry did not identify the claims in dispute until the late evening of Friday, December 23, 2016, when it served over 1000 pages of infringement contentions and claim charts on Blu, identifying 184 claims of the 15 patents as being asserted against Blu's products.

Specifically, Blackberry identified the following claims as being at issue in this litigation:

---

[2] The Court has not yet ruled on this motion.
[3] Blu's motion to bifurcate and/or extend deadlines was denied

| # | U.S. Patent No. | Asserted Claims |
|---|---|---|
| 1 | 6,271,605 | 12 claims: 9, 11, 14, 19, 21, 22, 25, 26, and 31 - 34 |
| 2 | 7,050,413 | 6 claims: 1 - 6 |
| 3 | 7,933,355 | 9 claims: 1 - 5 and 7 - 10 |
| 4 | 7,969,924 | 12 claims: 1, 11, 13, 23 - 27, 30, 33, 35, and 36 |
| 5 | 8,169,449 | 10 claims: 1, 3, 5, 6, 10, 11, 14, 15, 19, and 23 |
| 6 | 8,265,034 | 10 claims: 1, 4, 7, 20, 23, 27, and 33 - 36 |
| 7 | 8,406,118 | 20 claims: 1 - 20 |
| 8 | 8,411,845 | 28 claims: 1-10, 12-24, and 26-30 |
| 9 | 8,489,868 | 6 claims: 1, 13, 76, 88, 113,  and 137 |
| 10 | 8,713,466 | 8 claims 1, 4, 6-9, 12, and 14 |
| 11 | 8,472,567 | 20 claims: 1 - 20 |
| 12 | 8,483,060 | 10 claims: 1 - 3, 5, 6, 14 - 16, 18, and 19 |
| 13 | 8,625,506 | 6 claims:1 - 3 and 9 - 11 |
| 14 | 8,745,149 | 17 claims: 1-17 |
| 15 | 8,802,384 | 10 claims: 1-8, 10, and 12 |
|  | **Total:** | **184** |

After spending ***months*** preparing its infringement contentions, Blackberry now proposes to give Blu only 18 days from the service of its infringement contentions to not only identify its invalidity positions, but to locate and hire experts relating to the claims now thrust into contention, and then prepare and serve invalidity expert reports.  This is inequitable, unduly prejudicial, deprives Blu of the opportunity to defend itself, and certainly does not establish good cause for shortening the pretrial deadlines for expert disclosures.

**D.      Good Cause Exists to Continue All Pretrial Deadlines, Including the Expert Disclosure Deadlines**

As a preliminary matter, Blu informs the Court that it will be filing a motion to continue all pretrial deadlines in this matter shortly.  Good cause exists to extend all pretrial deadlines in view of the irreconcilable differences that have arisen between Blu and its counsel, White & Case. *See* Motion to Withdraw (Dkt. No. 83, at 1).  Blu needs time to secure new counsel and have its new counsel prepare and get up to speed on the issues involved in this case.  Moreover, the new counsel Blu has interviewed has informed Blu that the meeting the current schedule is impossible, and that it will be unable to take on representing Blu under the present time constraints.

"To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.,* 503 Fed.Appx. 683, 685–86 (11th Cir. 2013)  Here, despite any diligence, it is not humanly possible to respond to 1000 pages of BB's contentions in 18 days, let alone to prepare expert reports in accordance with Rule 26.  Even in the "rocket docket" of the Eastern District of Texas, which requires a plaintiff to provide infringement contentions identifying all claims at issue 10 days before the Initial Case Management Conference, a defendant is given at least 45 days to prepare and serve its invalidity contentions – a precursor to expert reports – in cases where a ***single*** patent is at issue. E.D.Tex. Pat. L.R. 3-1 & 3-3.  Many other district courts have adopted similar local patent rules providing defendants with at least 45 days to serve invalidity contentions after the service of infringement contentions.  *See, e.g.*, N.D.Cal. Pat. L.R. 3-3 (45 days); S.D.Cal. Pat. L.R. 3-3 (60 days); S.D.N.Y. L.P.R. 7 (45 days); N.D.Ill. L.P.R. 3.1 & 3.2 (Final Invalidity Contentions due ***25 weeks*** after Initial Infringement Contentions, and 28 days after Final

Infringement Contentions).  In cases where numerous claims and multiple patents are at issue, longer periods of time are usually necessary.

In this case, Blu immediately commissioned expedited full prior art searches on the 184 claims identified on or about December 23, 2016 after receiving Blackberry's identification of claims the Friday before Christmas.  However, Blu has not yet even received search results for some of the patents-in suit.  Blu is also experiencing difficulty finding qualified technical experts in view of the holidays, failure of its prior counsel, White & Case, to provide it copies of work performed, the time constraints imposed by the schedule and the lack of information provided by Blackberry about the claims that were at issue.  Simply put, under the circumstances, it is impossible for Blu to meet the expert report deadlines set forth in Magistrate Judge O'Sullivan's Expert Report Order, and it will also be difficult for Blu to meet the expert disclosure deadlines set by the Rule 26(a)(2)(D).  Accordingly, for the reasons set forth above and in Section II.C., and in view of Blackberry's late identification of claims, there is good cause for extending, not for contracting, the pretrial deadlines for expert reports.

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Blu has conferred with Plaintiff regarding the instant objection, and Plaintiff has indicated that it objects to the relief requested herein.

Respectfully submitted,

Dated:    January 10, 2017

By: */s/ Bernard L. Egozi*
Bernard L. Egozi (Florida Bar No. 152544)
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, FL  33180
Telephone: (305) 931-9342
Facsimile:  (305) 931-9343
Email:  begozi@egozilaw.com

*Counsel for BLU Products, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by electronic mail through the CM/ECF system on this 10th day of January, 2017, on all counsel of record on the service list below.

Ching-Lee Fukuda (admitted *pro hac vice*)
Sidley Austin LLP
787 Seventh Avenue
New York, NY  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:  clfukuda@sidley.com

*Counsel for Plaintiff*

David T. Pritikin (admitted *pro hac vice*)
Douglas I. Lewis (admitted *pro hac vice*)
Scott R. Lassar (admitted *pro hac vice*)
Sidley Austin LLP
One S. Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
Email:  dpritikin@sidley.com
Email:  dilewis@sidley.com
Email:  slassar@sidley.com

*Counsel for Plaintiff*

Thomas N. Tarnay (admitted *pro hac vice*)
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX  75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
Email:  ttarnay@sidley.com

*Counsel for Plaintiff*

Marcos Daniel Jiminez
Audrey M. Pumariega
McDermott Will & Emery LLP
333 Avenue of the Americas, Suite 4500
Miami, FL  33131
Telephone:  (305) 358-3500
Facsimile:  (305) 347-6500
Email:  mjimenez@mwe.com
Email:  apumariega@mwe.com

*Counsel for Plaintiff*

/s/ Bernard L. Egozi
Bernard L. Egozi