UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 16-23535-CIV-MORENO

BLACKBERRY LIMITED.,

    Plaintiff,

v.

BLU PRODUCTS, INC.,

    Defendant.

**PLAINTIFF BLACKBERRY LIMITED'S OPPOSITION TO
BLU PRODUCTS, INC.'S OBJECTIONS TO THE SETTING
AND MODIFICATION OF DEADLINES FOR EXPERT REPORTS**

BlackBerry Limited (BlackBerry) respectfully submits the following opposition to BLU Products Inc.'s (BLU) objections (DE 88) to Judge O'Sullivan's Order and Notice of Hearing ("Expert Report Order") (DE 73). In an effort to cause further delay to the progress of this case, BLU Products incorrectly argues that Judge O'Sullivan overstepped his authority in setting the expert report deadlines. However, BLU ignores the Court's Order referring the case to Judge O'Sullivan. BLU has not shown good cause to modify the schedule, and BlackBerry respectfully requests that BLU's Motion be denied.

**I.     INTRODUCTION**

The Court previously issued its Scheduling Order Setting Trial ("Scheduling Order") (DE 30) setting the deadlines for the close of expert discovery and referred remaining interim deadlines, such as that for serving expert reports, to Judge O'Sullivan. While BlackBerry has

done its utmost to meet these deadlines, BLU has pursued a pattern of delay, obstruction, and refusal to participate in expert exchanges. Moreover, as outlined in BlackBerry's motions for discovery conferences (DE 69 and DE 71), BLU has not met its discovery obligations.

In accordance with this Court's Orders, BlackBerry served its opening expert reports on January 10th (albeit with information missing due to BLU's obstruction of the discovery process, creating the need for BlackBerry to supplement). BLU, however, simply refused to obey the Court's Order and declared it would not be serving reports.

## II. DISCUSSION

District courts have the inherent authority to control their own dockets to set the course of conduct for proceeding to trial. *See Wilson v. Farley*, 203 Fed. Appx. 239, 250 (11th Cir. 2006); *Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994). Indeed, a district court is required to issue a scheduling order that puts limits on the "time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A district court's scheduling order may be modified, "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note).

Here, the Court properly set a schedule to proceed to trial as required by Federal Rule of Civil Procedure 16, including discovery deadlines. The Court also referred the case to Magistrate O'Sullivan "to take all necessary and proper action as required by law, **with respect to any and all pretrial matters**." (DE 21 at 1 (emphasis in original).) Furthermore, the Order states that "[p]ursuant to Magistrate Judge Rule 1(C), the Magistrate Judge need not submit a Report and Recommendation to this Court for disposition of non-dispositive motions which have

been referred." (*Id.*)  BLU never objected to this Order, nor does it do so now.  Instead, BLU seeks to further subvert the deadlines and schedule—notwithstanding BlackBerry's continued compliance and attempts to cooperate with BLU.

      A.      **The Court Properly Set Deadlines for Opening Expert Reports.**

This Court's Scheduling Order (DE 30) included an express deadline of January 30, 2017, for the close of discovery (including expert discovery).  By definition, if expert discovery must be complete by January 30, 2017, then expert reports must be exchanged before this deadline.  There is no other way to read the Order.  Indeed, the Scheduling Order also sets a deadline for the filing of all motions for summary judgment by February 13, 2017.  (DE 30) Clearly expert reports could not be served in March (as BLU argues), *after* the deadline for filing all motions for summary judgment has already passed.  Accordingly, when the Scheduling Order set the deadline of January 30, 2017, for the close of discovery (including expert discovery), the Order expressly modified any default deadlines for expert reports otherwise provided for by Fed. R. Civ. P. 26(a)(2)(D).  While BLU cites the language of FRCP 26(a)(2)(D) that expert disclosures must be made "at least 90 days before the date set for trial", it ignores the qualification that this deadline only applies "[a]bsent a stipulation or court order."  Here, this Court's Order obviates the 90 day deadline.  And because the deadlines ordered by Magistrate O'Sullivan for opening and rebuttal expert reports (January 10th and January 20th) are within the deadline of the Scheduling Order to complete all discovery by January 30, 2017, the deadlines ordered by Magistrate O'Sullivan do not extend or modify any pretrial deadlines.

BLU has known of the necessity for serving expert reports during January 2017 for some time.  During the party's conference on November 21, 2016, under LR 16.1 and FRCP 26(f), BlackBerry proposed specific dates for opening and rebuttal expert reports as late as the Scheduling Order would permit by counting backwards from deadline for close of discovery.

3

However, in conjunction with its motion to modify the schedule (DE 53), BLU only proposed expert deadlines for the fall of 2017. (*See* DE 55 – Parties Joint Conference Report). Once BLU's motion to modify the schedule was denied (DE 60), BLU *refused* to discuss any dates for expert reports.[1] Even after BlackBerry sought a discovery hearing to address these deadlines (DE #69), BLU's response was only that it "can't agree to any expert report deadlines." Judge O'Sullivan then set the dates BlackBerry proposed.

### B. BLU Has Failed to Act Diligently in Discovery and Has Not Filed Any Opening Expert Reports.

BLU has not shown good cause to modify the schedule because it has ignored the Court's Orders thus far and has refused properly to engage in discovery. "The good cause standard precludes modification unless the schedule cannot 'be met *despite the diligence of the party seeking the extension*.'' *Sosa*, 133 F.3d at 1418 (emphasis added). BLU has exercised nearly no diligence, and its Motion should be denied.

#### 1. BLU has ignored its obligations to prepare a defense by waiting until December 23rd to investigate BlackBerry's claims.

BLU Products has had knowledge of BlackBerry's infringement allegations since the first complaints were filed five months ago. (*See* DE 1 in C.A. No. 1:16-cv-23535 and DE 1 in C.A. No. 1:16-cv-23536, both filed on August 16, 2016). The original complaints collectively contained over 100 pages of claim-chart-level detail, identifying one or two representative claims for each asserted patent and a mapping of each limitation of the claims to the relevant features of the accused products. The amended complaint filed on September 12, 2016 (DE 16 in C.A. 1:16-cv-23535), which combined the two actions, did not change the asserted patents, accused products, or basis of infringement.

---

[1] "Judge, as for the expert discovery issue, BLU and our co-counsel, Mr. Egozi, have instructed us not to agree to any discovery schedule . . ." Jan. 1, 2017 Hr'g Tr., 9:1-4.

Having received notice of BlackBerry's claims in August, BLU incorrectly argues that it only recently received infringement contentions. The "contentions" to which BLU refers are BlackBerry's response to BLU's Interrogatory No. 1, which BLU served on November 21, 2016, and that requested "on an element-by-element basis, in claim chart form, how each element of each ASSERTED CLAIM is satisfied by the product or service." However, as noted above, the original complaints provided detailed mapping of each limitation of representative claims to the relevant features of the accused products. BlackBerry's responses to BLU's interrogatory identifies mostly dependent claims based on claims that were identified in BlackBerry's original complaints and adds only a few related independent claims. Thus, it is simply not the case that BLU has been entirely in the dark about the allegations until recently. And if BLU decided to delay investigating the allegations until December 23, 2016,[2] after it became aware of them on August 16, 2016, that was BLU's choice.

### 2. BLU delayed objections to the schedule show a lack of diligence and significantly prejudices BlackBerry.

The Court's schedule has been set since November 15, 2016. While BLU requested a modification to the schedule (DE #53), the Court denied BLU's motion on December 13, 2016 (DE 60). Since then, BLU has alluded to the Court that it might seek reconsideration of the deadlines or an extension.[3] But the Court cautioned BLU not to delay:

---

[2] BlackBerry served its responses to BLU's interrogatory on December 21, 2016 via FTP link and BLU's outside counsel White & Case accessed and downloaded those files on December 22, 2016. BLU incorrectly claims that "Blackberry did not identify the claims in dispute until the late evening of Friday, December 23, 2016."

[3] Jan. 1, 2017 Hr'g Tr., 9:1-10:9 (counsel for BLU discussing re-raising modifying the deadlines with Judge Moreno); Jan. 6, 2017 Hr'g Tr., 8:18-22 ("Mr. Egozi: ... We've engaged alternate counsel weeks ago. They simply cannot enter the appearance until they appear for a limited basis in front of Judge Moreno to seek an appearance contingent upon a continuance or a postponement of some of the deadlines.")

> THE COURT: I don't see any reason not to keep this case moving in the interim. I think what you need to do is you need to get in front of Judge Moreno as quickly as possible. I'm surprised you haven't done it if you've been attempting to get counsel, or you said you've had counsel for a couple of weeks. I don't know -- I don't know what you're waiting on. I'm sure that you're aware of the --
>
> MR. EGOZI: Yes, Your Honor.

Jan. 6, 2017 Hr'g Tr., 8:18-22. Even today, however, BLU has still not sought any modifications to the deadline for close of discovery. Instead, BLU's counsel has filed a "limited" appearance where it indicates that it will in the future seek to modify dates. (DE #87.) This dilatory behavior only accentuates the disruption caused by BLU's attempt to delay this case.

BlackBerry has worked diligently to meet the Court's deadlines and served expert reports according to the Court's orders. BLU, however, refused to agree to any expert report due dates and waited until after the Court was closed on the date they were due to object to the expert report deadline. Such refusal to participate in discovery or the activities required by the Scheduling Order show that BLU has waived any right to submit opening expert reports late and that its request to modify the deadlines should be denied.

## III. CONCLUSION

For the reasons stated above, the Court should deny BLU's objections and motion to modify the deadlines for expert report.

Dated: January 12, 2017

Respectfully submitted,

By:  *Marcos Daniel Jiménez*
Marcos Daniel Jiménez (FBN 441503)
mjimenez@mwe.com
Audrey M. Pumariega (FBN 85206)
apumariega@mwe.com
MCDERMOTT WILL & EMERY LLP
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone: 305 358 3500
Facsimile: 305 347 6500

Ching-Lee Fukuda (*pro hac vice*)
clfukuda@sidley.com
Todd M. Simpson (*pro hac vice*)
tsimpson@sidley.com
Caroline Bercier (*pro hac vice*)
cbercier@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: 1 212 839 5300
Facsimile: 1 212 839 5599

Thomas N. Tarnay (*pro hac vice*)
ttarnay@sidley.com
R. Seth Reich Jr. (*pro hac vice*)
seth.reich@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: 1 214 981 3300
Facsimile: 1 214 981 3400

Scott R. Lassar (*pro hac vice*)
slassar@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: 1 312 853 7000
Facsimile: 1 312 853 7036

*Counsel of Record*
*for Plaintiff BlackBerry Limited*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of the foregoing was served via CM/ECF and email on January 12, 2017 on the following counsel or parties of record:

Bernard L. Egozi
(Florida Bar No. 152544)
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, FL  33180
Telephone: (305) 931-9342
Facsimile:  (305) 931-9343
Email:  begozi@egozilaw.com

*Counsel of Record and Outside General Counsel*
*for BLU Products, Inc.*

      /s/ Marcos Daniel Jiménez

DM_US 78996146-3.092211.0028