UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23535-CIV-Moreno/O'Sullivan

BLACKBERRY LIMITED,

        Plaintiff,

    v.

BLU PRODUCTS, INC.

        Defendant.

_____/

## BLU PRODUCTS, INC.'S MOTION TO CONTINUE PRETRIAL DEADLINES

### *EXPEDITED CONSIDERATION AND HEARING REQUESTED *

BLU Products, Inc. ("BLU"), by and through its limited-representation undersigned counsel, respectfully moves this Court to Continue All Pretrial Deadlines for six (6) months to allow BLU's new counsel to appear and to prepare this matter for trial and for its experts to analyze and respond to the 184 claims recently identified by Plaintiff.  For the reasons explained below, BLU respectfully requests that the Court set the deadline for opening expert reports on June 14, 2017 and for rebuttal expert reports on July 14, 2017, and set pretrial deadlines for the identification and exchange of claim terms and proposed constructions, claim construction briefing, and a claim construction hearing.  **BLU further requests a hearing on this issue on Tuesday, January 17, 2017, or otherwise at the Court's earliest convenience.**

## MEMORANDUM OF LAW

## I.       INTRODUCTION

In addition to the withdrawal of BLU's former counsel as a result of irreconcilable conflicts, good cause exists to continue the deadlines in this matter in view of (1) Blackberry's

refusal to identify the claim terms in dispute in a timely fashion; (2) the impossibility of BLU's meeting the current schedule as a result of Blackberry's delayed identification of claim terms in dispute. Since the inception of its case, BLU and its counsel have asked Blackberry to identify all claims at issue in this matter.  As reflected in BLU's Motion to Dismiss and Motion to Bifurcate and Extend Pretrial Deadlines [DE 25 and DE 53], Blackberry refused.  Instead, Blackberry withheld all information about the identity of the claims in dispute in this matter until it was forced to respond to BLU's interrogatories – interrogatories which BLU served within a week of the Court's Scheduling Order, which effectively opened discovery before the parties submitted their Rule 16.1 Joint Scheduling Report.

Despite BLU's diligent efforts to obtain the identification of claims as quickly as possible, BLU did not learn which claims were at issue until December 23, 2016, when Blackberry served approximately **1,000 pages of claim charts** asserting infringement of **184** of the 500 claims in its 15 patents in response to BLU's interrogatories.[1] Blackberry's Interrogatory Responses and Exhibits.  As demonstrated below, the experts whom BLU has thus far been able to identity and secure to analyze and respond to these claims have advised that they cannot possibly respond to the 184 claims within the current schedule.  Moreover, as discussed below, the requirements of the schedule have precluded BLU from obtaining competent counsel and experts to handle all of the patents in this litigation.

Moreover, because of a clear conflict of interest, BLU was forced to ask its former counsel, White & Case ("W&C"), to withdraw from this matter after reviewing the transcript of the January 3, 2017 hearing before Magistrate Judge O'Sullivan.  At that point, it became clear

---

[1] Because these documents are confidential, BLU is prepared to present copies to the Court for an *in camera* inspection or seek to file the documents under seal pursuant to the Court's preference.

that W&C was acting to preserve the interests of a third party, and not BLU's interests.  In fact, W&C refused to take steps to protect BLU's interests in this litigation.  BLU has conditionally secured new counsel, James A. Gale of Cozen O'Connor ("Cozen"), who is willing and capable of representing BLU's interests in this matter.  However Cozen has advised that it cannot undertake this litigation under the current schedule.  Specifically, Cozen must (1) review everything that White & Case has done; (2) get up to speed on the technology and claims made in this matter – a process that it has begun, as explained below; and (3) hire additional experts to prepare expert reports on issues that W&C has not addressed.  BLU has not found any other competent counsel that believes that it can meet the schedule presently set for this matter.

Accordingly, BLU respectfully requests that the Court continue all current pretrial deadlines by six (6) months, set the deadline for opening expert reports on June 14, 2017 and for rebuttal expert reports on July 14, 2017, and set the following additional patent-related deadlines:

1. Deadline to identify claim terms of the patents-in-suit that require claim construction: March 1, 2017.

2. Deadline for the parties to exchange proposed constructions for identified claim terms: March 8, 2017.

3. Deadline for the Parties to submit a Joint Proposed Claim Construction Chart to the Court March 15, 2017.

4. Deadline for Opening Claim Construction Briefs: March 31, 2017.

5. Deadline for Rebuttal Claim Construction Briefs: April 21, 2017.

6. Claim Construction Hearing: May 1-5, 2017.

## II.  FACTUAL BACKGROUND

BLU is a small family owned and operated business located in Doral, Florida.  It purchases cellular phones designed and manufactured by third-party manufacturers and resells them in the United States and abroad.

The Complaint in this matter, asserting claims of patent infringement of nine (9) issued U.S. Patent claims, was filed on August 16, 2016, and was served August 29, 2016. [DE 1, 14]. An Amended Complaint, adding claims of patent infringement under an additional six (6) patents was filed on September 12, 2016, and was served September 14, 2016.  These 15 patents combined have over 500 claims. [DE 16, 18].

Upon being served with the Complaint, BLU contacted a third party that BLU believed owed it a duty to defend this matter.  Subsequently, the third party hired W&C to represent BLU Products, Inc. in this matter.  W&C generally appeared for BLU in this matter by filing an unopposed motion for extension of time to file an answer on September 22, 2016.  W&C, on behalf of BLU, timely filed a motion for extension of time to reply to the Complaint, which was granted.  W&C also began asking for Blackberry to identify the claims in dispute, but Blackberry refused.

W&C subsequently filed a motion to dismiss on November 4, 2016 [DE 25].  The motion to dismiss expressly addressed Blackberry's failure to identify all claims in dispute and asks the Court to dismiss all claims not identified in the Amended Complaint. [DE 26, at 29-30].   On November 15, 2016, before the parties had conducted their Rule 26(f) conference and submitted their Rule 16.1 Joint Scheduling Report, the Court entered a scheduling order. [DE 30].  The entry of the Scheduling Order set a two-and-a-half month discovery period and effectively opened discovery. [DE 30, at 1].  W&C immediately began working on discovery requests to Blackberry, and served them by hand-delivery on November 21, 2016.

Because W&C was not protecting BLU's interests on eleven of the fifteen patents at issue in this case,[2] BLU began searching for its own counsel to develop the non-infringement and invalidity positions with respect to the remaining eleven patents at issue in this litigation. In order to provide more time for BLU to find such representation and to set a more reasonable schedule to account for the complexities of this case, W&C filed a motion to bifurcate issues in this matter and to extend pretrial deadlines to follow the complex case track on November 29, 2016, two weeks after the entry of the scheduling order. [DE 53]. The Motion to Bifurcate expressly addressed Blackberry's admission that it had failed to identify every patent claim that may be asserted in this litigation. (*Id.* at 1-2).

On December 13, 2016, the Court denied BLU's motion, and BLU recognized that it had to immediately find separate counsel to handle the other eleven patents in this matter. BLU immediately reached out to several patent attorneys regarding this litigation, including James A. Gale of Cozen.

On December 23, 2016, for the first time, Blackberry identified **184 claims** of the fifteen patents that it was asserting were at issue in this matter, and served claim charts totaling approximately 1,000 pages supporting its allegations. The claims at issue are:

| # | U.S. Patent No. | Asserted Claims |
|---|---|---|
| 1 | 6,271,605 | 12 claims: 9, 11, 14, 19, 21, 22, 25, 26, and 31 - 34 |

---

[2] W&C also handled aspects of the case relating to the other eleven patents, including serving discovery requests within approximately a week of the Scheduling Order directed at all 15 patents, preparing Letters Rogatory for the inventors of all 15 patents and, later, discovery responses addressing all 15 patents. Notwithstanding these acts, by early December it had become clear to BLU that W&C had no interest in representing BLU as to eleven of the fifteen patents at issue, and that BLU would need to find its own counsel.

| 2 | 7,050,413 | 6 claims: 1 – 6 |
|---|---|---|
| 3 | 7,933,355 | 9 claims: 1 - 5 and 7 - 10 |
| 4 | 7,969,924 | 12 claims: 1, 11, 13, 23 - 27, 30, 33, 35, and 36 |
| 5 | 8,169,449 | 10 claims: 1, 3, 5, 6, 10, 11, 14, 15, 19, and 23 |
| 6 | 8,265,034 | 10 claims: 1, 4, 7, 20, 23, 27, and 33 – 36 |
| 7 | 8,406,118 | 20 claims: 1 – 20 |
| 8 | 8,411,845 | 28 claims: 1-10, 12-24, and 26-30 |
| 9 | 8,489,868 | 6 claims: 1, 13, 76, 88, 113,  and 137 |
| 10 | 8,713,466 | 8 claims 1, 4, 6-9, 12, and 14 |
| 11 | 8,472,567 | 20 claims: 1 – 20 |
| 12 | 8,483,060 | 10 claims: 1 - 3, 5, 6, 14 - 16, 18, and 19 |
| 13 | 8,625,506 | 6 claims:1 - 3 and 9 – 11 |
| 14 | 8,745,149 | 17 claims: 1-17 |
| 15 | 8,802,384 | 10 claims: 1-8, 10, and 12 |
|  | **Total:** | **184** |

In view of Blackberry's proposed expert report deadlines of January 10, 2017 and January 20, 2017, Blackberry gave BLU an impossible task – 18 days to analyze 184 claims to submit invalidity expert reports by January 10, 2017, and an additional 10 days to analyze 1,000 pages of claim charts, and submit non-infringement expert reports on all 184 claims.[3]

--------

[3] As a result of its conflict of interest, W&C refused to file a motion to continue or limit Blackberry's claims to those identified in the Amended Complaint during the week of December 26, 2016 in view of the excessive number of claims asserted in Blackberry's claim charts and the impossibility of any experts responding to that number of complex claims and despite BLU's directive to immediately move for a continuance of pre-trial deadlines.  After the late December disclosure of the 184 claims at issue in this case, it was an impossible task for any law firm to meet the Court's schedule. A hearing was set on January 3, 2017 to discuss the expert report

The search firms and experts, whom BLU has been able to identify and secure, could not analyze and respond to the 184 claims identified by Blackberry within the time provided in the current schedule.  Robert Zeidman, president of Zeidman Consulting, has attested that it would require at least four (4) experts from his group approximately 90-120 days from the completion of the prior art searches currently under way.  Ex. 1, Declaration of Robert Zeidman at ¶8.  As such, he could not and cannot accept this undertaking within the time provided by the current schedule. *Id.* at ¶9.  In turn, John Li, director of operations at PatentVantage, which was immediately provided with the list of claims identified by Blackberry on December 23, 2016, has also attested in his Declaration, Ex. 2:

> 4.  In view of the volume of claims at issue, the time constraints imposed on the search, and our need to ensure the quality of our work, we proposed to focus our initial search efforts on the 26 independent claims at issue, and to follow up with any necessary supplemental searches for the other 116 dependent claims. Cozen agreed and we began the searches.

---

deadlines for this case.  Because they had not been set by the Court in its Scheduling Order, under the Federal Rules, these deadlines were set to 90 days, and 60 days before trial – March 1, 2017 and March 31, 2017, respectively.  Contrary to BLU's interests, W&C failed to raise this fact with Magistrate Judge O'Sullivan at the January 3, 2017 hearing.  Indeed, as these were pretrial deadlines set by the rules, and the referral order stated that only the District Judge could hear motions to amend pretrial deadlines, this issue was not properly before Magistrate Judge O'Sullivan.  W&C also failed to raise this argument before Magistrate Judge O'Sullivan. Instead, W&C merely stated that "our co-counsel, Mr. Egozi, has instructed us not to agree to any discovery schedule and to ask that the Court refer these issues to Judge Moreno." Jan. 3 2017 Hearing Transcript, at 9.  In view of that statement Magistrate Judge O'Sullivan understandably noted that BLU's agreement did not matter, and set the deadlines for expert reports on January 10 and 20, 2017. (Dkt. No. 73).  In fact, Mr. Egozi was not co-counsel in this case, had never appeared in the case, and does not have the background to handle these patent proceedings.

After the January 3, 2017 hearing, it became irrefutable that W&C was putting the interests of the third party that was paying its bills over the interests of BLU – the party to this lawsuit.  This presented an irreconcilable conflict, and BLU was forced to instruct W&C to withdraw from this matter, leaving the BLU in the circumstances it finds itself in before the Court.

5. We began providing search results to Cozen O'Connor on December 29, 2016, and provided supplemental search results on January 3, 6, and 10, 2017. Thus far we have provided search results for the independent claims of eight out of the eleven patents.

6. We estimate that the searches remaining to the remaining independent claim in the last three patents will take approximately one week. We further estimate that if a full search is commissioned on the remaining 116 dependent claims, the search efforts could take an additional 6 weeks.

7. We are working as fast as we can on this project, but these patents relate to complex concepts in electrical engineering and software, and searching adequately and properly takes significant time.

Under these realities, BLU cannot possibly prepare its case and meet the current deadlines. Moreover, BLU cannot secure counsel, who would be willing to come in under the current deadlines[4].

## III.  ARGUMENT

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.,* 503 Fed.Appx. 683, 685–86 (11th Cir. 2013) Here, despite BLU's diligence, it is not humanly possible to respond to meet the current schedule, including preparing invalidity expert reports in accordance with Rule 26 within 18 days of Blackberry's identification of 184 claims of 15 patents as being at issue. As attested by Robert Zeidman and John Li, Ex. 1and 2, who represent expert engineer and a search firm with years of experience in the patent field, this task is impossible. Accordingly, good cause exists to extend all pretrial deadlines in view of (1)

---

[4] Because of the Court's current schedule, Cozen is not in a position to appear in this litigation absent a continuance, but has agreed to represent BLU with respect to preparing and filing inter partes review petitions against the eleven patents, which may be grounds to stay this litigation pending resolution of those petitions by the USPTO. The preparation of those petitions will take several months.

Blackberry's refusal to identify the claims in dispute in this matter until December 23, 2016; (2) the impossibility of finding experts and preparing expert reports before the close of discovery on January 30, let alone by January 10, 2017 date set by Magistrate Judge O'Sullivan; and (3) BLU's inability to obtain new counsel without first obtaining a continuance of the existing pretrial deadlines.

> ### A.   Good Cause Exists Because Blackberry was Dilatory in Disclosing the Claims in Dispute in this Case

As discussed above, Blackberry did not identify what claims were at issue in this dispute until the evening of December 23, 2016 – approximately five weeks before the close of discovery.  Blackberry spent **_months_** developing and preparing the approximately 1,000 pages of charts setting forth its infringement contentions, and the expert reports alleging same.  Under Magistrate Judge O'Sullivan's order, BLU was provided with less than three weeks to analyze this information and prepare expert reports addressing the claims identified for the first time on December 23.

Moreover, BLU was diligent in attempting to obtain this information.  BLU repeatedly requested that Blackberry identify the claims in dispute, and raised Blackberry's failure to identify same both in its Motion to Dismiss, filed November 4, 2016, and in its Motion to Bifurcate, filed November 29, 2016. *See* (DE 25, at 29-30); and (DE 53, at 1-2). The Court surprised the parties by entering its Scheduling Order – which effectively opened discovery – before the parties had submitted their Rule 16.1 joint Scheduling Report. (DE 30).  Nevertheless, BLU served its interrogatories on Blackberry on November 21, 2016, within one week of the entry of the Scheduling Order.  Notwithstanding all these efforts, Blackberry refused to identify claims in dispute until December 23, 2016, and BLU was left with only 18 days – in the middle of the holiday season – to prepare its expert reports. .

Blackberry's gamesmanship in refusing to identify what claims were at issue in this litigation are intended to unduly prejudice BLU's ability to defend itself against Blackberry's claims.  Blackberry's conduct alone is sufficient good cause to extend the deadlines in this matter.

**B.**     **Good Cause Also Exists Because it is Impossible to Prepare Expert Reports Before the Close of Discovery on January 30, 2017**

As discussed above, BLU was given only 18 days to prepare its expert reports after Blackberry's late identification of claims in dispute.  This is an impossible task.  Even in the "rocket docket" of the Eastern District of Texas, which requires a plaintiff to provide infringement contentions identifying all claims at issue 10 days before the Initial Case Management Conference, a defendant is given at least 45 days to prepare and serve its invalidity contentions – a precursor to expert reports – in cases where a *single* patent is at issue. E.D.Tex. Pat. L.R. 3-1 & 3-3.  Many other district courts have adopted similar local patent rules providing defendants with at least 45 days to serve invalidity contentions after the service of infringement contentions.  *See, e.g.*, N.D.Cal. Pat. L.R. 3-3 (45 days); S.D.Cal. Pat. L.R. 3-3 (60 days); S.D.N.Y. L.P.R. 7 (45 days); N.D.Ill. L.P.R. 3.1 & 3.2 (Final Invalidity Contentions due *25 weeks* after Initial Infringement Contentions, and 28 days after Final Infringement Contentions). In cases where numerous claims and multiple patents are at issue, longer periods of time are usually necessary.

In this case, BLU commissioned prior art searches weeks before Blackberry identified the claims in dispute.  BLU also commissioned new, expedited prior art searches on the newly identified claims immediately after receiving same from Blackberry on the Friday before Christmas.  Notwithstanding same, BLU has not yet even received search results for some of the

patents-in suit.  *See* Ex. 2, (discussing the ongoing search efforts relating to the expedited prior art search).

BLU also experienced, and is still experiencing, difficulty finding qualified technical experts in view of the time constraints imposed by the schedule and the Blackberry's delay in identifying the asserted claims.  Now that expert report deadlines have run – pending BLU's objections to Magistrate Judge O'Sullivan's order – and given BLU's present lack of counsel, it is impossible for BLU to prepare expert reports before either the close of discovery or the deadlines set by the Rule 26(a)(2)(D).

Accordingly, BLU respectfully requests that the Court continue the deadline for opening expert reports on infringement, invalidity and damages until June 14, 2017, and the deadlines for rebuttal expert report on non-infringement, validity and damages until July 14, 2017. *See* Ex. 1, (estimating that preparing expert reports for this matter would take 90-120 days after the prior art searches are completed.  Accordingly, good cause exists to continue the pretrial deadlines in this matter because the present deadlines are impossible for BLU to meet despite its diligence.

### C. Good Cause Exists Because BLU Cannot Find Competent Counsel to Meet the Present Schedule

As explained above, irreconcilable conflicts arose between BLU and its past counsel W&C, which forced BLU to instruct its counsel to withdraw.  BLU has identified and secured counsel to represent its interest in this matter provided that the Court agrees to continue the pretrial deadlines.  Specifically, Cozen has agreed to appear in this matter if the Court continues the pretrial deadlines by six (6) months, including setting opening expert report deadlines for infringement, invalidity and damages reports on June 14, 2017, and rebuttal expert reports on non-infringement, validity and damages on July 14, 2017.  This would allow all expert depositions to take place between July 14, 2017 and July 30, 2017, the new close of discovery.

11

BLU further requests that the Court enter the following patent-related deadlines in the new schedule:

1. Deadline to identify claim terms of the patents-in-suit that require claim construction: March 1, 2017.

2. Deadline for the parties to exchange proposed constructions for identified claim terms: March 8, 2017.

3. Deadline for the Parties to submit a Joint Proposed Claim Construction Chart to the Court March 15, 2017.

4. Deadline for Opening Claim Construction Briefs: March 31, 2017.

5. Deadline for Rebuttal Claim Construction Briefs: April 21, 2017.

6. Claim Construction Hearing: May 1-5, 2017.

If the Court denies this motion and does not extend the existing pretrial deadlines, BLU will not be able to find competent counsel or experts for this matter.  BLU will be forced to default, appeal the default to the Federal Circuit, and hope that the Federal Circuit agrees that requiring a party to prepare invalidity expert reports on 184 claims of 15 patents in only 18 days from the identification of claims in dispute was an abuse of discretion.  Accordingly, BLU respectfully implores the Court to continue this matter to allow BLU's new counsel to get up to speed and work within the confines of a reasonable schedule.

## IV.    CONCLUSION

For the reasons set forth above, Defendant, BLU Products, Inc., respectfully requests that the Court continue all pretrial deadlines six months, and enter expert report and patent litigation related deadlines set forth above, so that its new counsel can enter an appearance and properly defend BLU in this litigation.

Pursuant to S.D. Fla. L.R. 7.1(a)(3), BLU has conferred with Plaintiff and Plaintiff has indicated that it objects to the relief requested herein.

Respectfully submitted,

Dated:    January 13, 2017

By: */s/ Bernard L. Egozi*
Bernard L. Egozi (Florida Bar No. 152544)
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, FL  33180
Telephone: (305) 931-9342
Facsimile:  (305) 931-9343
Email:  begozi@egozilaw.com

*Counsel for BLU Products, Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail through the CM/ECF system on this 13th day of January, 2017, on all counsel of record on the service list below.

Ching-Lee Fukuda (admitted *pro hac vice*)
Sidley Austin LLP
787 Seventh Avenue
New York, NY  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:  clfukuda@sidley.com

*Counsel for Plaintiff*

David T. Pritikin (admitted *pro hac vice*)
Douglas I. Lewis (admitted *pro hac vice*)
Scott R. Lassar (admitted *pro hac vice*)
Sidley Austin LLP
One S. Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
Email:  dpritikin@sidley.com
Email:  dilewis@sidley.com
Email:  slassar@sidley.com

*Counsel for Plaintiff*

Thomas N. Tarnay (admitted *pro hac vice*)
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX  75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
Email:  ttarnay@sidley.com

*Counsel for Plaintiff*

Marcos Daniel Jiminez
Audrey M. Pumariega
McDermott Will & Emery LLP
333 Avenue of the Americas, Suite 4500
Miami, FL  33131
Telephone:  (305) 358-3500
Facsimile:  (305) 347-6500
Email:  mjimenez@mwe.com
Email:  apumariega@mwe.com

*Counsel for Plaintiff*

/s/ Bernard L. Egozi
Bernard L. Egozi

14

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23535-CIV-Moreno/O'Sullivan

BLACKBERRY LIMITED,

      Plaintiff,

  v.

BLU PRODUCTS, INC.

      Defendant.

_____/

### DECLARATION OF ROBERT ZEIDMAN

I, Robert Zeidman, declare as follows:

1.     I am the founder and president of Zeidman Consulting. The facts set forth in this Declaration are based on my personal knowledge.

2.     I have recently been retained to assist in the preparation of declarations to support petitions for inter partes review of some of the patents that are at issue in the above-captioned litigation.

3.     I have been informed that there are ongoing searches commissioned by Blu Products prior to the identification of claims at issue to identify prior art that may invalidate the patent claims asserted in this litigation.

4.     I have further been informed that Blackberry served its infringement contentions first identifying the claims at issue in this litigation on the evening of December 23, 2016.

1

5.     I have further been informed that a list of the claims at issue were provided to the search company immediately thereafter on December 26, 2016, and that search results are being provided on a rolling basis, but that it may take several weeks for the search company to finish conducting its search.

6.     I have been provided with a full list of claims that have been asserted by Blackberry in this matter. I further understand that there are approximately 1,000 pages of claim charts served by Blackberry on December 23, 2016, which I have not yet been provided.

7.     The review, analysis, and preparation of invalidity and non-infringement reports requires the review of each of the 15 patents, their file histories, the 1,000 pages of infringement charts, the prior art identified by the search companies, and review of technical standards, product design documents and specifications, and other technical materials. This task may further require that my team and I engage in supplemental searches to find additional prior art and references to supplement the work of the independent search companies. This task may further require interviews with Blu's technical personnel, manufacturers, and software providers.

8.     In view of the foregoing, I estimate that the task of preparing invalidity and non-infringement expert reports for all of the 15 patents at issue will take at least four (4) experts from my group approximately 90-120 days from the completion of the prior art searches currently under way.

9.     I cannot accept, and could not have accepted, this engagement to produce expert reports for all 15 patents or for any individual patent under the present schedule. Specifically, I could not have taken on this engagement, receiving the identification of claims on December 26, 2016 and producing an expert report by January 10, 2017 as I understand was ordered by the

2

Magistrate Judge in this matter on January 3, 2017.  I further could not have taken on this engagement to prepare expert reports for the patents-in-suit in this matter, receiving the identification of claims on December 26, 2016 with a deadline to produce reports by March 1, 2016, particularly in view of the fact that the searches focusing on the asserted claims are still ongoing.

10.     I can take on this engagement if deadlines are continued such that opening invalidity and infringement expert reports are due on May 31, 2016, and rebuttal reports are due on June 30, 2016.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 12, 2016.

Robert Zeidman

# EXHIBIT "2"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23535-CIV-Moreno/O'Sullivan

BLACKBERRY LIMITED,

        Plaintiff,

    v.

BLU PRODUCTS, INC.

        Defendant.

_____/

**DECLARATION OF JOHN LI**

I, John Li, declare as follows:

1.     I am the director of operations at PatentVantage.  The facts set forth in this Declaration are based on my personal knowledge.

2.     Prior to December 23, 2016, we were contacted by attorneys from Cozen O'Connor regarding performing an expedited invalidity search relating to U.S. Patents Nos. 8,411,845, 6,271,605, 8,169,449, U.S. Patent No. 7,969,924, 8,483,060, 8,406,118, 8,472,567, 8,265,034, 8,625,506, 7,933,355, and 7,050,413.  I am overseeing the search efforts on this project.  We were informed that the search results were needed as soon as possible, but that the patentee in this matter had not yet identified the claims at issue in the litigation.  We were told that the identification of claims by the patentee was expected to take place on December 23, 2016.

1

3.      On December 26, 2016, Cozen O'Connor provided us with list of 142 claims of these patents that had been identified as being at issue and requiring search efforts.  The list of claims identified as being at issue is as follows:

- U.S. Patent No. 8,411,845 – 1 - 10, 12 - 24, and 26 – 30;

- U.S. Patent No. 6,271,605 – 9, 11, 14, 19, 21, 22, 25, 26, and 31 – 34;

- U.S. Patent No. 8,169,449 – 1, 3, 5, 6, 10, 11, 14, 15, 19, and 23;

- U.S. Patent No. 7,969,924 – 1, 11, 13, 23 - 27, 30, 33, 35, and 36;

- U.S. Patent No. 8,483,060 – 1 - 3, 5, 6, 14 – 16, 18, and 19;

- U.S. Patent No. 8,406,118 – 1 – 20;

- U.S. Patent No. 8,472,567 – 1 – 20;

- U.S. Patent No. 8,265,034 – 1, 4, 7, 20, 23, 27, and 33 – 36;

- U.S. Patent No. 8,625,506 – 1 - 3 and 9 – 11;

- U.S. Patent No. 7,933,355 – 1 - 5 and 7 – 10; and

- U.S. Patent No. 7,050,413 – 1 - 6

4.      In view of the volume of claims at issue, the time constraints imposed on the search, and our need to ensure the quality of our work, we proposed to focus our initial search efforts on the 26 independent claims at issue, and to follow up with any necessary supplemental searches for the other 116 dependent claims.  Cozen agreed and we began the searches.

5.      We began providing search results to Cozen O'Connor on December 29, 2016, and provided supplemental search results on January 3, 6, and 10, 2017.  Thus far we have provided search results for the independent claims of eight out of the eleven patents.

6.      We estimate that the searches remaining to the remaining independent claim in the last three patents will take approximately one week.  We further estimate that if a full search is commissioned on the remaining 116 dependent claims, the search efforts could take an additional 6 weeks.

7.      We are working as fast as we can on this project, but these patents relate to complex concepts in electrical engineering and software, and searching adequately and properly takes significant time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 12, 2016.

_____
John Li

3