UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23535-CIV-Moreno/O'Sullivan

BLACKBERRY LIMITED,

      Plaintiff,

  v.

BLU PRODUCTS, INC.

      Defendant.

_____/

**BLU PRODUCTS, INC.'S REPLY TO PLAINTIFF BLACKBERRY'S NOTICE OF NEWLY DISCOVERED EVIDENCE AND SUPPLEMENT TO ITS RESPONSE TO BLU PRODUCTS INC.'S MOTION TO CONTINUE PRETRIAL DEADLINES, OR ALTERNATIVELY, DEFENDANT'S MOTION TO STRIKE <u>PLAINTIFF'S UNAUTHORIZED FILING</u>**

In an unauthorized sur-reply, filed without leave of Court as required by local rule 7.1(c), Plaintiff, Blackberry Limited, filed its Notice of Newly Discovered Evidence and Supplement to Its Response to BLU Products Inc.'s ("BLU") Motion to Continue Pretrial Deadlines [DE101]. Putting aside that the document should be stricken as unauthorized, it attempts to cherry pick a snippet of testimony to re-litigate the withdrawal of White & Case as counsel for BLU. Plaintiff ignores the fact that it did not oppose the motion to withdraw, which was granted on January 10, 2017. Moreover, the reasons for W&C's withdrawal have nothing to do with the instant motion for continuance, which is based principally on the fact that BLU could not secure experts to respond to all of the claims identified in Plaintiff's answers to interrogatories in late December 2016 within the time frame provided by the Court and replacement counsel for W&C, who would be willing to undertake the defense of this case within the current schedule.

Plaintiff's purported "New Evidence" lifts a snippet from Samuel Ohev-Zion's recent testimony taken on January 24, 2017, in which he testified, after being warned not to divulge attorney-client privilege, that BLU was not satisfied with W&C's performance and "**in representing our best interests.**"  Tr. at 8:13-19.  Plaintiff ignores that Mr. Ohez-Zion also confirmed that "W&C was putting the interest of the third party who was paying its bills over the interest of BLU, the party to this lawsuit." Tr. at 16:10-13.  As attested by the undersigned in the attached Declaration (Exhibit 1) at ¶ 3, W&C indeed had a conflict of interest because of this dual representation and its demonstrated strategy, failing to protect the interests of BLU.[1]

Moreover, Mr. Ohev-Zion is not an attorney and does not understand the intricacies of legal points, including the extent of the representation of Cozen O'Connor ("Cozen").  As BLU disclosed in its Motion to Continue, Cozen has agreed to prepare applications for Inter Partes Review (IPR), but is unwilling to appear as counsel in this case under the current schedule.  See Declaration at ¶ 5.  Thus, BLU remains without competent counsel willing to appear in this litigation under the current schedule and significantly, without experts who were able to respond to the 184 claims first identified by Plaintiff in late December 2016.

Contrary to Plaintiff's erroneous assertions, BLU did not create or fabricate the conflict with W&C.  Moreover, while BLU did attempt to secure additional counsel and ultimately retained Cozen in December with the hope that it would work *with* W&C in this litigation, it was unsuccessful and continued with W&C until there was no question that it could not remain

---

[1] Since the withdrawal, BLU has learned of facts that further support that conflict, including the issue of settlement discussions.

as BLU's counsel after the January 3, 2017 hearing. But this is truly an irrelevant side issue regarding BLU's Motion to Continue.[2]

Ultimately, as pointed out by the experts BLU has been able to secure in their Declarations filed with the Court, John Li [DE 93 at Ex. 2] and Robert Zeitman [DE 93, at Ex. 1], the late disclosure of the 184 claims by Plaintiff, received by BLU on December 23, 2016, made it impossible to ascertain the prior art and prepare expert responses within the time provided by the Court. This was due to Plaintiff's refusal to identify these claims prior to late December, despite BLU's repeated requests. Plaintiff's complaint that it is prejudiced because BLU has or will have "extra time" to prepare these expert reports is illusory. Unfortunately, as the experts have attested, the original schedule presented an impossible time frame; thus, a continuance would not provide "extra" time to prepare expert reports, it would provide the necessary time.

For the foregoing reasons, BLU respectfully requests that the Court grant the Motion to Continue Pretrial Deadlines.

---

[2] The unfounded complaint about BLU purportedly violating the protective orders entered in this case is just one more sideshow. No discovery has been shared with Cozen since the entry of the protective orders, and Mr. Ohev-Zion himself has never been privy to any of the discovery served in this case as it has been maintained confidential for attorneys' eyes only as agreed by the parties since the inception of this case (even prior to the entry of the protective orders).

Counsel for BLU has conferred with Plaintiff regarding the relief sought in the motion to continue, and Blackberry does not agree to the relief sought.

Respectfully submitted,

Dated: January 30, 2017

By: */s/ Bernard L. Egozi*
Bernard L. Egozi (Florida Bar No. 152544)
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, FL 33180
Telephone: (305) 931-9342
Facsimile: (305) 931-9343
Email: begozi@egozilaw.com

*Counsel for BLU Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail through the CM/ECF system on this 30th day of January, 2017, on all counsel of record on the service list below.

| | |
|---|---|
| Ching-Lee Fukuda (admitted *pro hac vice*) | David T. Pritikin (admitted *pro hac vice*) |
| Sidley Austin LLP | Douglas I. Lewis (admitted *pro hac vice*) |
| 787 Seventh Avenue | Scott R. Lassar (admitted *pro hac vice*) |
| New York, NY 10019 | Sidley Austin LLP |
| Telephone: (212) 839-5300 | One S. Dearborn |
| Facsimile: (212) 839-5599 | Chicago, IL 60603 |
| Email: clfukuda@sidley.com | Telephone: (312) 853-7000 |
| | Facsimile: (312) 853-7036 |
| *Counsel for Plaintiff* | Email: dpritikin@sidley.com |
| | Email: dilewis@sidley.com |
| | Email: slassar@sidley.com |
| | |
| | *Counsel for Plaintiff* |

| | |
|---|---|
| Thomas N. Tarnay (admitted *pro hac vice*)<br>Sidley Austin LLP<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX  75201<br>Telephone:  (214) 981-3300<br>Facsimile:  (214) 981-3400<br>Email:  ttarnay@sidley.com<br><br>*Counsel for Plaintiff* | Marcos Daniel Jiminez<br>Audrey M. Pumariega<br>McDermott Will & Emery LLP<br>333 Avenue of the Americas, Suite 4500<br>Miami, FL  33131<br>Telephone:  (305) 358-3500<br>Facsimile:  (305) 347-6500<br>Email:  mjimenez@mwe.com<br>Email:  apumariega@mwe.com<br><br>*Counsel for Plaintiff* |

                                                  */s/* Bernard L. Egozi
                                                Bernard L. Egozi