UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23535-CIV-Moreno/O'Sullivan

BLACKBERRY LIMITED,

      Plaintiff,

  v.

BLU PRODUCTS, INC.

      Defendant.

_____/

## BLU PRODUCTS, INC.'S RENEWED MOTION TO CONTINUE PRETRIAL DEADLINES & INCORPORATED MEMORANDUM OF LAW

BLU Products, Inc. ("BLU"), by and through its limited-representation undersigned counsel, respectfully moves this Court to Continue All Pretrial Deadlines for three (3) months based upon the current ability of BLU's experts to render their opening reports by May 1, 2017. BLU originally filed its motion to continue the pretrial deadlines for a period of six (6) months [D.E. 93], which the Court denied on February 3, 2017 [D.E. 108]. The Court's Order specifically denied the continuance for the requested period of six months.

After filing the original motion for continuance, BLU has been successful in securing additional expert support for the preparations of its expert analysis and reports. Zeidman Consulting has been able to add additional experts to its team. In order to expedite this process, BLU has also retained Michael Shamos, PhD to analyze several of the subject patents and to provide his report. As explained in the attached Declarations, Mr. Zeidman and Dr. Shamos project that they and their teams will be able to render their invalidity reports by May 1, 2017 and their non-infringement rebuttal reports by June 1, 2017. Based upon Federal Rule of Civil

Procedure 26(a)(2)(D)(ii), those initial reports would have been due on March 1, 2017. Thus, BLU would require only a two month extension from the due date established by the Rules of Civil Procedure for these reports.[1]

As the Court is aware, BLU did not learn which claims were at issue until December 23, 2016, when Blackberry served approximately **1,000 pages of claim charts** asserting infringement of **184** of the 500 claims in its 15 patents in response to BLU's interrogatories. These facts are set forth fully in the original motion to continue pretrial deadlines [D.E. 93], which are incorporated and not repeated herein to avoid redundancy. As a result of the breath and the late timing of Plaintiff's identity of the claims at issue, BLU has been struggling to secure sufficient experts (and replacement counsel) to meet the Court's deadlines. BLU has been able now to secure experts at a huge cost to analyze adequately all of the claims at issue and to render reports. Although BLU's experts originally projected the completion of those invalidity reports by June 14, 2017, the additional experts secured by BLU will help expedite the process and will allow BLU to serve those reports by May 1, 2017.

Accordingly, BLU respectfully requests that the Court continue all current pretrial deadlines by three (3) months, set the deadline for opening expert reports on May 1, 2017, and for rebuttal expert reports on June 1, 2017.

In its Motion to Dismiss [D.E. 25], BLU requested that the Complaint be dismissed as to all claims that were not identified for failing to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) at 555. This Motion remains pending and, if granted, would limit the claims at

---

[1] Magistrate O'Sullivan shortened the time for expert reports by Order dated January 3, 2017 [D.E. 73]. BLU filed an objection [D.E. 88] as only the Court has authority to modify a scheduling order. The Objection remains pendnig.

issue in this case to those specifically identified by BlackBerry in the Complaint and reduce the number of claims in order to focus the parties' efforts on the few issues that will be dispositive.

Independent of the issues argued in the Motion to Dismiss, BLU notes that the asserted patents have numerous claims aside from the ones enumerated in the Complaint, yet BlackBerry waited for months to ambush BLU by identifying 184 asserted claims so late in the game as to put BLU in an untenable position.[2]  Again, these facts are set forth fully in BLU's original motion to continue pretrial deadlines [D.E. 93].  In order to provide BLU with a reasonable opportunity to have new counsel enter its appearance and to prepare and present a cogent defense, it is necessary to lengthen the time allotted as requested above and limit the number of claims in dispute, which is within the discretion of the Court under Federal Rule of Civil Procedure 16.  BLU therefore respectfully requests that the Court limit the claims at issue in this case to those specifically identified by BlackBerry in the Complaint, or otherwise reduce the number of claims in order to focus the parties' efforts on the few issues that will be dispositive.

## ARGUMENT

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.,*

---

[2]  There is no doubt that this was an ambush.  BlackBerry had to know which of the approximately 500 claims were allegedly infringed before the Complaint was even filed. BlackBerry did not identity its 184 asserted claims in its Complaint or in its Amended Complaint, did not identify them as required by Rule 26, and did not identify them before the deadline to amend the pleadings.  Neither did BlackBerry identify them upon the requests by BLU's counsel.  BlackBerry only identified them responsive to an interrogatory, and waited until the last possible moment to serve its response.  As a consequence, BLU was finally put on notice of 184 allegedly relevant patent claims in the form of almost 1,000 pages of claim charts just before Christmas, less than three (3) weeks before expert reports were due, and less than six (6) weeks before the close of discovery.

503 Fed. Appx. 683, 685–86 (11th Cir. 2013). Here, despite BLU's diligence, it was not humanly possible to respond to meet the current schedule, including preparing invalidity expert reports in accordance with Rule 26 within 18 days of Blackberry's identification of 184 claims of 15 patents as being at issue. As previously attested by Robert Zeidman and John Li, Ex. 1 and 2 to BLU's Motion to Continue Pretrial Deadlines [D.E. 93], who represent a search firm and expert engineer with years of experience in the patent field, this task was and is impossible. Accordingly, good cause exists to extend all pretrial deadlines in view of (1) BlackBerry's refusal to identify the claims in dispute in this matter until December 23, 2016; (2) the impossibility of finding experts and preparing expert reports before the close of discovery on January 30, let alone by January 10, 2017; and (3) BLU's inability to obtain new counsel without first obtaining a continuance of the existing pretrial deadlines.

BLU was given only 18 days to prepare its expert reports after BlackBerry's late identification of claims in dispute. This was an impossible task. Even in the "rocket docket" of the Eastern District of Texas, which requires a plaintiff to provide infringement contentions identifying all claims at issue 10 days before the Initial Case Management Conference, a defendant is given at least 45 days to prepare and serve its invalidity contentions – a precursor to expert reports – in cases where a *single* patent is at issue. E.D.Tex. Pat. L.R. 3-1 & 3-3. Many other district courts have adopted similar local patent rules providing defendants with at least 45 days to serve invalidity contentions after the service of infringement contentions. *See, e.g.*, N.D.Cal. Pat. L.R. 3-3 (45 days); S.D.Cal. Pat. L.R. 3-3 (60 days); S.D.N.Y. L.P.R. 7 (45 days); N.D.Ill. L.P.R. 3.1 & 3.2 (Final Invalidity Contentions due *25 weeks* after Initial Infringement Contentions, and 28 days after Final Infringement Contentions). In cases where numerous claims and multiple patents are at issue, longer periods of time are usually necessary.

In this case, BLU commissioned prior art searches well before BlackBerry identified the claims in dispute. BLU also commissioned new, expedited prior art searches on the newly identified claims immediately after receiving same from BlackBerry just before Christmas. BLU has just recently received search results for most of the patents-in suit. Given this and the retention of additional experts to assist in this process, BLU's experts will now be able to render their invalidity reports by May 1, 2017.[3] According to these experts, this is the earliest date that they can provide these reports.

BLU respectfully requests that the Court provide sufficient time to respond to the claims that are ultimately at issue and to secure new counsel to represent it in this action, rather than face a default. *See Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993) (defaults are disfavored based on the strong policy in favor of determining cases on their merits); *Information Systems and Networks Corp. v. U.S.*, 994 F.2d 792 (Fed. Cir. 1993) ("Our review is guided by the well-established principles that a trial on the merits is favored over default judgment and that close cases should be resolved in favor of the party seeking to set aside default judgment."); *Thermocycle Intern., Inc. v. A.F. Hinrichsen Sales Corp.*, 851 F.2d 339, 342 (Fed. Cir. 1988) ("default judgment, summarily imposed without opportunity for remedial action … was an abuse of the district court's discretion").

As noted above, it is BLU's position [D.E. 25] that BlackBerry failed to satisfy the relevant standard for pleading patent infringement, and BLU looks forward to a favorable ruling

---

[3] As previously explained to the Court, BLU's selected replacement counsel would be able to appear in this litigation if a continuance is obtained to provide sufficient time to adequately defend the suit. The original request for a continuance was denied; given the current procedural posture, a shorter continuance as requested here would be acceptable if the Court exercises its discretion to restrict the claims at issue and focus the proceedings on a limited subset of patent claims that will actually affect the outcome.

in that regard. In any event, it is simply not an efficient use of resources, or even possible, to address 184 patent claims in a case as complex as this one in the time allotted. The Federal Circuit has recognized that sometimes patent claim assertions can get unwieldy to the point that it only makes sense to limit the plaintiff to a reasonable number of claims that get to the heart of the dispute. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303 (Fed. Cir. 2011). In that case, since "neither side had provided an analysis of all of the claims, the court recognized the possibility that the limitations on the number of claims to be asserted might be unduly restrictive. The court therefore provided that more claims could be added if *[Plaintiff] could show that the additional claims presented unique issues*." *Id*. at 1311 and 1312; emphasis supplied. The Federal Circuit agreed that this was proper. *Id*. Here, BlackBerry has taken the opposite position, arguing that since many of the claims present the same issues, it is proper to assert them. D.E. 94 at 5. BlackBerry should not be allowed to burden BLU and to waste the Court's time with "busy work."

Many courts and parties agree to restrict the number of patent claims that may properly be asserted at trial, opting instead to address only a limited number of representative claims, as a mechanism to conserve resources and to focus litigation proceedings on issues that are manageable and that ultimately affect the outcome. *See Thomson S.A. v. Quixote Corp.*, 166 F.3d 1172, 1173-74 (Fed. Cir. 1999) (case limited to three representative claims); *Miles Labs., Inc. v. Shandon Inc.*, 977 F.2d 870, 878-79 (Fed. Cir. 1993) (trial conducted as to only one representative claim); *Panduit Corp. v. Dennison Mfg. Co.*, 836 F.2d 1329, 1330-31 (Fed. Cir. 1987) (trial conducted as to only four representative claims in a case involving three patents).

In suggesting the use of a limited number of representative claims, BLU is neither breaking new ground nor asking the Court to make new or "alternative" law. For example, the

Federal Circuit has noted that "[t]he term 'representative claims' is well understood in patent litigation, and the procedure [applicable to use of such claims] is familiar to any experienced patent litigator." *Panduit Corp.,* 836 F.2d at 1331; *see also Miles Labs.*, 997 F.2d at 878-79. Additionally, this Court has discretion under Federal Rule of Civil Procedure 16 to limit the number of claims addressed at trial. Rule 16 allows the Court to manage the progression of the dispute and to limit or simplify the issues tried. *Pacific Indem. Co. v. Broward County*, 465 F.2d 99, 103 (5th Cir. 1972) (emphasis supplied) ("Rule 16 ... gives the trial court broad discretion in conducting pre-trial procedures in order to *narrow the issues, reduce the field of fact controversy for resolution, and to simplify the mechanics* of the offer and receipt of evidence.").

If the number of claims at issue is reduced, it will eliminate BlackBerry's suggested "busy work" calculated to bleed a small local business into submission, and focus the issues so that BLU's experts can deliver their opinions and its new counsel can prepare for trial with a three (3) month continuance.

Given the present posture of this case, BLU's small size relative to Blackberry, public statements made by BlackBerry CEO John Chen, and other factors, it is clear that Blackberry is unwilling to engage in any reasonable settlement negotiations. See https://arstechnica.com/tech-policy/2016/08/blackberrys-new-round-of-lawsuits-targets-blu-and-android/ (suggesting that the "whopping 15 patents" asserted in this case is an unusually high number, even in a particularly litigious industry). BLU should not be made to be a guinea pig in a "test case" for BlackBerry's new scorched-earth licensing campaign. *Id*. As such, BLU requires additional time to adequately defend itself and prepare for trial.

## CONCLUSION

For the reasons set forth above, Defendant, BLU Products, Inc., respectfully requests that the Court continue all pretrial deadlines for three (3) months, enter expert report and patent litigation related deadlines that comport with the requested three (3) month continuance as requested above, specifically limit the claims at issue in this case to those identified by BlackBerry in the Amended Complaint, or grant such other and further relief that the Court deems just and proper.

Pursuant to S.D. Fla. L.R. 7.1(a)(3), BLU has conferred with Plaintiff regarding the instant Motion, and Plaintiff has indicated that it does not agree to the relief requested herein.

Respectfully submitted,

Dated:   February 17, 2017

By: */s/ Bernard L. Egozi*
Bernard L. Egozi (Florida Bar No. 152544)
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, FL  33180
Telephone: (305) 931-9342
Facsimile:  (305) 931-9343
Email:  begozi@egozilaw.com

*Counsel for BLU Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail through the CM/ECF system on this 17th day of February, 2017, on all counsel of record on the service list below.

Ching-Lee Fukuda (admitted *pro hac vice*)
Sidley Austin LLP
787 Seventh Avenue
New York, NY  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:  clfukuda@sidley.com

*Counsel for Plaintiff*

David T. Pritikin (admitted *pro hac vice*)
Douglas I. Lewis (admitted *pro hac vice*)
Scott R. Lassar (admitted *pro hac vice*)
Sidley Austin LLP
One S. Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
Email:  dpritikin@sidley.com
Email:  dilewis@sidley.com
Email:  slassar@sidley.com

*Counsel for Plaintiff*

Thomas N. Tarnay (admitted *pro hac vice*)
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX  75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
Email:  ttarnay@sidley.com

*Counsel for Plaintiff*

Marcos Daniel Jiminez
Audrey M. Pumariega
McDermott Will & Emery LLP
333 Avenue of the Americas, Suite 4500
Miami, FL  33131
Telephone:  (305) 358-3500
Facsimile:  (305) 347-6500
Email:  mjimenez@mwe.com
Email:  apumariega@mwe.com

*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　 */s/* Bernard L. Egozi
　　　　　　　　　　　　　　　　　　 Bernard L. Egozi

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23535-CIV-Moreno/O'Sullivan

BLACKBERRY LIMITED,

    Plaintiff,

v.

BLU PRODUCTS, INC.

    Defendant.

_____/

**DECLARATION OF MICHAEL SHAMOS**

I, Michael Ian Shamos, declare as follows:

1. The facts set forth in this Declaration are based on my personal knowledge.

2. I have been retained to assist in the preparation of expert reports regarding validity and non-infringement of several of the patents that are at issue in the above-captioned litigation.

3. I have been informed of the claims at issue and have been apprised of the existence of prior art that may invalidate the patent claims asserted in this litigation.

4. I have been provided with a full list of claims that have been asserted by Blackberry in this matter. I further understand that there are approximately 1000 pages of claim charts served by Blackberry on December 23, 2016, which I have not yet been provided pursuant to the protective order which I understand governs access to discovery in this litigation.

1

5.	The review, analysis, and preparation of invalidity and non-infringement reports requires the review of each of the several patents assigned to me, their file histories, the 1,000 pages of infringement charts, the prior art identified by the search companies and that identified by me upon further analysis, and review of technical standards, product design documents and specifications, and other technical materials.  This task may further require interviews with Blu's technical personnel, manufacturers, and software providers.

6.	In view of the foregoing, I estimate that the task of preparing invalidity expert reports for all of the assigned patents will be completed by May 1, 2017.  I estimate that the task of preparing non-infringement rebuttal reports can be completed by June 1, 2017.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2016.

_____
Michael Shamos

# EXHIBIT "2"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23535-CIV-Moreno/O'Sullivan

BLACKBERRY LIMITED,

    Plaintiff,

v.

BLU PRODUCTS, INC.

    Defendant.

_____/

# DECLARATION OF ROBERT ZEIDMAN

I, Robert Zeidman, declare as follows:

1. I am the founder and president of Zeidman Consulting, Inc. The facts set forth in this Declaration are based on my personal knowledge.

2. I have been retained to assist in the preparation of expert reports regarding validity as well as declarations to support petitions for inter partes review of several of the patents that are at issue in the above-captioned litigation.

3. I have been informed of the claims at issue and have been apprised of prior art that may invalidate the patent claims asserted in this litigation.

4. I have been provided with a full list of claims that have been asserted by Blackberry in this matter. I further understand that there are approximately 1,000 pages of claim charts served by Blackberry on December 23, 2016, which I have not yet been provided pursuant to the protective order which I understand governs access to discovery in this litigation.

1

5.   The review, analysis, and preparation of invalidity and non-infringement reports requires the review of each of the several patents assigned to my firm, their file histories, the 1,000 pages of infringement charts, the prior art identified by the search companies and that identified by my team upon further analysis, and review of technical standards, product design documents and specifications, and other technical materials. This task may further require interviews with Blu's technical personnel, manufacturers, and software providers.

6.   In view of the foregoing, I estimate that the task of preparing invalidity expert reports for all of the assigned patents will take a team of experts from my group until May 1, 2017, the short side of the estimated range of 90-120 days that I identified in my Declaration dated January 12, 2016. I estimate that the task of preparing non-infringement rebuttal reports can be completed by June 1, 2017.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2016.

_____
Robert Zeidman