**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 16-23535-civ-Moreno
Hon. John J. O'Sullivan, Magistrate Judge

BLACKBERRY LIMITED,

    Plaintiff,

vs.

BLU PRODUCTS, INC.,

    Defendant.

**BLACKBERRY LIMITED'S OPPOSITION TO BLU PRODUCTS, INC.'S RENEWED MOTION TO CONTINUE PRETRIAL DEADLINES**

Plaintiff BlackBerry Limited ("BlackBerry") respectfully submits this response in opposition to BLU Products, Inc.'s ("BLU") Renewed Motion to Continue Pretrial Deadlines & Incorporated Memorandum of Law.  (DE 116.)  BLU has not shown good cause to modify the schedule because BLU exercised no diligence in this litigation.  Moreover, an extension of the deadline for expert reports would be inappropriate and would prejudice BlackBerry when BLU has had BlackBerry's expert reports since January 10, 2017, and the deadline for summary judgment has already passed.  For the reasons set forth below, and those detailed in BlackBerry's previous oppositions to BLU's requests to modify the schedule (DE 54, 89, 94, 101), BlackBerry respectfully requests that BLU's Renewed Motion be denied in its entirety.

**I.     ARGUMENT**

Rather than showing good cause, BLU attempts to blame BlackBerry and its former counsel for BLU's lack of diligence and wanton disregard for the Court's pretrial deadlines.  "In short, diligence is the key to satisfying the good cause requirement."  *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012).  Only BLU is to blame for its failures.

### A. BLU Cannot Point to Any Evidence of Its Diligence Because None Exists.

BLU's Renewed Motion to Continue does not include any evidence supporting that good cause exists to modify the schedule based on BLU's "diligence." As detailed in BlackBerry's Motion for Summary Judgment and Statement of Material Facts (DE 109-110), prior to the Complaint being filed, BLU delayed responding to both of BlackBerry's Notice Letters (DE 110 ¶¶ 25-26), refused to negotiate a license with BlackBerry when it did respond (*id.* ¶¶ 28-30), did not feel inclined to investigate either its infringement liability or the validity of the Patents-in-Suit (*id.* ¶¶ 31), and never attempted to avoid infringing any of Blackberry's patents. (*Id.* ¶ 32.)

Following initiation of this action, BLU was obligated to disclose its noninfringement and invalidity positions in response to BlackBerry's interrogatories, yet failed to do so for 11 of the 15 Patents-in-Suit and never supplemented its disclosures thereafter. (DE 110 ¶¶ 4, 11, 23); *see* FED. R. CIV. P. 33(b)(1)(B) (stating that a private corporation, in responding to interrogatories, "must furnish the information available to the party"); *id.* at 26(e)(1)(A) (stating that responses to interrogatories must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . ."). BLU did not serve expert reports on the Court-ordered deadline, but instead delayed filing its objections to that deadline until the day that Opening Reports were due. (*See* DE 88; DE 110 ¶¶ 1, 5-9, 11, 24.) And BLU's failure to secure and disclose its experts in a timely fashion has nothing to do with the timing of BlackBerry's infringement contentions and does not justify BLU's significant delays. (*See* DE 94 at 4-7.) Nor do BLU's expert "declarations" meet the good cause standard—they are nothing more than attorney argument parroted by BLU's

consultants.[1]  (*Compare* DE 116, Decl. of M. Shamos ¶¶ 3-5, *with* Decl. of R. Zeidman ¶¶ 3-5.) The schedule should not be modified to accommodate BLU's inexcusable delays.

### B. BLU's Arguments Do Not Demonstrate Any "Diligence" That Would Meet the Good Cause Requirement.

Instead of showing good cause, BLU obscures the standard with irrelevant arguments that do not excuse BLU's intransigence.  First, BLU seeks to hide behind the alleged inadequacy of BlackBerry's original pleading, but ignores that BlackBerry only had to identify one exemplary claim for each of the Patents-in-Suit.  (DE 44 at 22-23 (discussing multiple district court holdings that the *Iqbal* and *Twombly* pleading standard is satisfied by identifying one exemplary claim per patent in a complaint).)  Second, BLU wrongly accuses BlackBerry—without citation to supportive authority—of unfairly withholding infringement contentions in an effort to "ambush" BLU.  (DE 116 n.2.)  As it has done in previous filings (DE 53, 56, 88, 93, 95, 97), BLU omits the fact that BlackBerry timely disclosed the Asserted Claims pursuant to the Federal Rules.  (*See* DE 94 at 4-7.)  BLU never moved to compel early disclosure of BlackBerry's infringement contentions, nor did it move to strike them as untimely following service on December 21, 2016.  BLU's excuses simply don't work: "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."  FED. R. CIV. P. 26(a)(1)(E).  BLU's failures in this litigation are of its own accord, and BlackBerry is not responsible for them.

---

[1] BLU has never disclosed any experts pursuant to ¶¶ 4.A-G. of the Protective Order (DE 99), compounding BLU's lack of diligence.

– 3 –

BLU's other excuses fall equally flat. BLU's recitation of inapplicable local rules from other jurisdictions does not show that it is "humanly impossible" to respond to BlackBerry's infringement contentions, much less that BLU exercised diligence in doing so. (*E.g.*, DE 116 at 4; DE 93 at 8.) Nor does BLU's assertion that it is entitled to defend itself against fewer claims than those asserted justify its failures; characterizing BlackBerry's and its experts' infringement work product as "busy work" does nothing more than show BLU's disregard for its obligations. (DE 116 at 6, 7.) Regardless, none of BLU's cited authority supports that BLU is somehow entitled to an order striking or otherwise limiting the claims at issue.[2] And BLU's assertion that "BlackBerry is unwilling to engage in any reasonable settlement negotiations" is patently false. (DE 116 at 7.) BlackBerry attempted to engage BLU in licensing negotiations *before it even filed this litigation.* (DE 110 ¶¶ 25-30; DE 115.) BLU's efforts to conceal its lack of proper attention to this litigation simply do not meet the good cause requirement to modify the schedule.

---

[2] *In re Katz*, 639 F.3d 1303, 1309-10 (Fed. Cir. 2011) (allowing limitation of claims in a consolidated multi-district litigation involving 165 defendants, 31 patents, and 1,975 claims, where the patents fell into four groups in which each patent group shared the same specification); *Thomson, S.A. v. Quixote Corp.*, 166 F.3d 1172, 1173 (Fed. Cir. 1999) ("The parties agreed to base the outcome of trial on three representative claims . . ."); *Miles Labs., Inc. v. Shandon, Inc.*, 997 F.2d 870, 878-79 (Fed. Cir. 1993) ("Where the parties stipulate to 'representative' claims, however, a validity resolution for the representative claims applies to the other claims as well. . . . Thus, the parties, their counsel, and the trial court understood that the result the court reached for claim 1 would bind all other claims."); *Panduit Corp. v. Dennison Mfg. Co., Inc.*, 836 F.2d 1329, 1330 (Fed. Cir. 1987) ("[T]his stipulation was understood by the parties, their counsel, and the court to mean that these four claims would 'represent' *all* of the claims in the case and that whatever the result the court reached as to those four claims would be the result for all claims."). Moreover, BLU has never proposed a stipulation to limit trial to a representative set of claims, which would bind the parties as to *all* Asserted Claims, but BlackBerry would entertain such a stipulation if BLU ever offers it.

### C.     BLU's Indifference to this Litigation Is Inexcusable.

BLU cannot blame anyone but itself for its lack of diligence and inattention to this case. First, BLU is not the inexperienced, naïve "guinea pig" that it seeks to portray—BLU itself asserts that it is the fastest growing mobile phone manufacturer. (DE 110 ¶ 12.) Indeed, BLU's own website states that "BLU has shipped over 50 million devices to date, and continues to grow at a rapid pace." (DE 111-36 at 3.) Moreover, BLU has been a named party to numerous patent litigations and should understand the complexities and requirements of defending itself in federal court. *See* Ex. A (displaying a list of patent cases in which "BLU Products, Inc." was a named party). BLU has no basis for asserting that BlackBerry intends to "bleed a small local business into submission"[3] when BLU itself has substantial resources and experience with litigation.

But instead, BLU continues to blame its former counsel's withdrawal—to which BLU consented—as grounds for its lack of diligence and failure to meet its obligations. (DE 83 (White & Case's Motion to Withdraw filed "[a]t the request of Defendant BLU Products, Inc."); DE 116 at 2 (incorporating BLU's previous Motion to Continue (DE 93) to the instant Motion).) However, BLU has never been without representation in this case, and its current counsel of record has appeared multiple times on BLU's behalf in several patent litigations. *See* Ex. B (listing patent litigations in which "Bernard L. Egozi" has appeared on behalf of BLU). Regardless of its choice of counsel, BLU knew or should have known since the Complaint was filed in August 2016 that expert testimony would be important to its case. *See, e.g.*, *Genes*

---

[3] It is unclear to which "public statements made by BlackBerry CEO John Chen" BLU refers, as the online article cited by BLU does not quote Mr. Chen, and moreover, states unambiguously that "[n]either BlackBerry nor BLU responded to requests for comment for this story." (DE 226 at 7 (citing https://arstechnica.com/tech-policy/2016/08/blackberrys-new-round-of-lawsuits-targets-blu-and-android/).)

*Indus., Inc. v. Custom Blinds and Components, Inc.*, No. 15-00476 (C.D. Cal. Feb. 14, 2017) (DE 77) (denying motion to extend deadlines when defendant retained new counsel 11 days before expert reports were due because "Plaintiff shouldn't bear the consequence of decisions made by Defendant's previous counsel to delay retention of an expert.").

Nonetheless, a party's decision to substitute counsel "does not constitute good cause under Rule 16, nor is it an excuse for delay." *Creative Compounds, LLC v. Starmark Labs., Inc.*, No. 07-22814-CIV, 2009 WL 8741970, at *2 (S.D. Fla. June 23, 2009), *aff'd sub nom. Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303 (Fed. Cir. 2011); *see also In re Accutane Prod. Liab. Litig.*, 923 F. Supp. 2d 1349, 1352 (M.D. Fla. 2013) (denying motion to extend, granting summary judgment, and describing party's failure to search for an expert until after the disclosure deadline to be "inexplicable," "inexcusable[,] and demonstrates an utter lack of diligence"). BLU should be held accountable for its inexcusable neglect.

## II.   CONCLUSION

BLU has not shown good cause pursuant to Federal Rule of Civil Procedure 16(b) to warrant a modification of the schedule, and only BLU is responsible for its lack of diligence. BlackBerry respectfully requests that the Court deny BLU's Renewed Motion to Continue Pretrial Deadlines (DE 116) in its entirety.

Dated: February 24, 2017                    Respectfully submitted,

                                            By:  */s/ Marcos Daniel Jiménez*
Ching-Lee Fukuda *(pro hac vice)*           Marcos Daniel Jiménez (FBN 441503)
clfukuda@sidley.com                         mjimenez@mwe.com
Todd M. Simpson *(pro hac vice)*            Audrey M. Pumariega (FBN 85206)
tsimpson@sidley.com                         apumariega@mwe.com
Caroline Bercier *(pro hac vice)*           MCDERMOTT WILL & EMERY LLP
cbercier@sidley.com                         333 SE 2nd Avenue, Suite 4500
SIDLEY AUSTIN LLP                           Miami, Florida 33131
787 Seventh Avenue                          (305) 358-3500 Telephone
New York, New York 10019                    (305) 347-6500 Facsimile
(212) 839-5300 Telephone
(212) 839-5599 Facsimile                    Scott R. Lassar *(pro hac vice)*
                                            slassar@sidley.com
Thomas N. Tarnay *(pro hac vice)*           SIDLEY AUSTIN LLP
ttarnay@sidley.com                          One South Dearborn
R. Seth Reich Jr. *(pro hac vice)*          Chicago, Illinois 60603
seth.reich@sidley.com                       (312) 853-7000 Telephone
SIDLEY AUSTIN LLP                           (312) 853-7036 Facsimile
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300 Telephone
(214) 981-3400 Facsimile

*Attorneys for Plaintiff BlackBerry Limited*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on February 24, 2017, on the following counsel or parties of record:

Bernard L. Egozi
(Florida Bar No. 152544)
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, Florida 33180
Telephone: (305) 931-9342
Facsimile: (305) 931-9343
Email: begozi@egozilaw.com

*Counsel of Record and Outside General Counsel
for Defendant BLU Products, Inc.*

               */s/ Marcos Daniel Jiménez*
               Marcos Daniel Jiménez