UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-23535-CIV-MORENO
Hon. John J. O'Sullivan, Magistrate Judge

BLACKBERRY LIMITED,

       Plaintiff,

vs.

BLU PRODUCTS, INC.

       Defendant.

## PLAINTIFF BLACKBERRY LIMITED'S MOTION FOR CLARIFICATION OR STATUS CONFERENCE

Plaintiff BlackBerry Limited ("BlackBerry") respectfully requests clarification regarding the March 6, 2017 Order of Continuance and Order Revising Pretrial Deadlines. ("Order," DE 121.) BlackBerry seeks a ruling from the Court: (1) clarifying the schedule moving forward, (2) reinforcing that the Order did not modify the expired deadlines for the exchange of expert reports, and (3) addressing whether BlackBerry may seek leave to supplement or renew its Motion for Summary Judgment and Incorporated Memorandum of Law (DE 109) depending on BLU Products, Inc's potential opposition thereto. BlackBerry would suffer undue prejudice if Magistrate Judge O'Sullivan's deadlines are not preserved given that BlackBerry has met every Court deadline and has spent substantial resources to do so. BlackBerry respectfully requests that the Court adopt the proposed order attached as Exhibit A, or in the alternative, BlackBerry requests a status conference with the Court.

**1. The Current Schedule**

The new schedule set forth in the Order together with Magistrate Judge O'Sullivan's previously ordered deadlines does not disturb the following lapsed deadlines (*see infra* sec. 2):

| | |
|---|---|
| Deadline for the exchange of opening expert reports for the issues on which each party bears the burden (DE 73) | January 10, 2017 |
| Deadline for the exchange of rebuttal reports (DE 73) | January 20, 2017 |

BlackBerry understands the upcoming deadlines as follows, based on the Order's new deadlines and those previously set by Magistrate Judge O'Sullivan:

| | |
|---|---|
| Deadline for the filing of BLU's response to BlackBerry's Motion for Summary Judgment (DE 118) | March 16, 2017 |
| Deadline for the filing of BlackBerry's Reply to its Motion for Summary Judgment (L.R. 7.1(c)(1)(A)) | March 23, 2017 |
| Mediation to be completed no later than (DE 30) | March 30, 2017 |
| Deadline for BLU's new counsel to appear (DE 121) | March 31, 2017 |
| Close of all discovery (DE 121) | May 30, 2017 |
| Deadline for the filing of all summary judgment motions (or supplemental summary judgment motion by Plaintiff) (DE 121) | June 7, 2017 |
| Deadline for the filing of all pretrial motions (DE 121) | September 13, 2017 |
| Deadline for the filing of Plaintiff's witness and exhibit lists (DE 121) | October 25, 2017 at 5:00 pm |
| Deadline for the filing of Defendant's witness and exhibit lists (DE 121) | October 27, 2017 at 5:00 pm |
| Deadline for the filing of the pretrial stipulation (DE 121) | October 31, 2017 |

**2. Expert Report Deadline**

The Order did not extend the expert report deadlines. The Order adjudicated BLU's Objections to the Requirement of Obtaining New Counsel by January 17, 2017 (DE 95) by granting BLU an extension to do so until March 31, 2017. (DE 121 at 1.) The Order also addressed BLU's Renewed Motion to Continue (DE 116) by, *inter alia*, rescheduling trial and the deadline for the close of discovery. (DE 121 ¶¶ 1, 16.) In conclusion, the Court ruled that "[t]his Order shall supersede only the inconsistent provisions of previous scheduling orders." (*Id.* ¶ 7.)

By its plain terms, the Order does not supplant the deadlines for serving expert reports set by Magistrate Judge O'Sullivan. (DE 73.) The Order does not modify the expert report deadlines set by Magistrate Judge O'Sullivan, does not provide for new expert report deadlines, and does not resolve BLU's Objections to the Setting and Modification of Pretrial Deadlines for Expert Reports. (*See* DE 121 at 1 (stating that "Defendant's Objections to Magistrate Judge's Order (D.E. 88)" are before the Court).) In addition, the earlier expert report deadlines are not "inconsistent" with the Order's provisions for the rescheduling of discovery. (*See* DE 121 ¶ 7.) Thus, the Order provides BLU the opportunity to depose BlackBerry's experts who timely served their reports pursuant to Judge Magistrate O'Sullivan's deadlines and who BLU declined to depose. Accordingly, the Order does not authorize BLU to serve expert reports now.

BlackBerry would be unjustifiably prejudiced if BLU is allowed to serve expert reports months after the deadline for the *exchange* of opening reports on January 10, 2017, and the *exchange* of rebuttal reports on January 20, 2017. (DE 73.) The simultaneous exchange of expert opinions in January would have maintained the parties' equal footing by presenting the bulk of their substantive positions, including that on claim construction, *at the same time*. But by refusing to comply with Magistrate Judge O'Sullivan's deadline, BLU will gain an unfair advantage over BlackBerry if now allowed to serve untimely reports, while BlackBerry will be unfairly prejudiced for following the Court-ordered deadlines.

Furthermore, if allowed to serve late reports now, BlackBerry—who has complied[1] with each and every Court deadline—would be provided with far less time than BLU—who has not complied with any Court deadlines—to respond to BLU's expert reports and to take BLU's

---

[1] Consistent with Magistrate Judge O'Sullivan's order setting expert report deadlines (DE 73), BlackBerry served its opening reports on January 10, 2017, while BLU did not. Instead, BLU filed its Objections to the Setting and Modification of Pretrial Deadlines for Expert Reports that day. (DE 88.)

3

expert depositions. BLU has already relied on several experts to support its requests for a continuance (DE 93 at Decl. of R. Zeidman and Decl. of J. Li; DE 116 at Decl. of M. Shamos), but it has not, to date, disclosed these experts pursuant to the Protective Order (DE 99 ¶¶ 4.A-G) or complied with its expert discovery obligations, for example, by responding to BlackBerry's interrogatory served December 19, 2016, requesting identification of expert witnesses. Yet BLU and its experts have represented that they could serve opening invalidity reports[2] on "the short side" by May 1, 2017, and non-infringement reports by June 1, 2017. (DE 116 at 1-2; *id.* at Decl. of M. Shamos ¶ 6 and Decl. of R. Zeidman ¶ 6.) If BLU proceeds with this timeline, BlackBerry would have at most *one month* to complete expert discovery on invalidity, and even less, *if any*, time to address noninfringement, in comparison to *nearly four months* for BLU to respond to BlackBerry's opening reports (from January 10, 2017, until May 1, 2017)—all because BlackBerry complied with the deadlines for expert reports and close of discovery.

And considering that BLU has not complied with any *Court* deadlines thus far, it is unclear whether BLU intends to honor its own proposals given that the Order does not address expert reports. BLU could ambush BlackBerry by serving its belated reports at the end of May—just as discovery closes once again.

In short, the existing deadlines for expert reports should hold firm. Otherwise, BlackBerry would be punished for complying with the Court's previous schedule, while at the same time BLU would be rewarded for missing deadlines with four additional months to address BlackBerry's experts' reports. For these reasons, BlackBerry respectfully requests that the Court

---

[2] BLU has been working on its invalidity arguments since long before December 23, 2016. (DE 93 at 10 (BLU stating that it "commissioned prior art searches weeks before BlackBerry identified the claims in dispute" on December 21, 2016); *see also id.* at Decl. of R. Zeidman ¶¶ 3-6 and Decl. of J. Li ¶¶ 2-5; DE 116 at Decl. of M. Shamos and Decl. of R. Zeidman.)

4

enter the proposed order attached as Exhibit A to clarify the schedule moving forward.  In the alternative, BlackBerry requests a status conference with the Court at its earliest convenience.

### 3.   BlackBerry's Pending February 10, 2017 Motion for Summary Judgment

The Court's most recent order also sets a new deadline for summary judgment motions, but BLU remains obligated to respond to BlackBerry's timely filed Motion for Summary Judgment and Incorporated Memorandum of Law ("MSJ," DE 109-111; *see also* DE 30 (setting February 13, 2017 for summary judgment motions).)  BLU waited until the deadline for filing its summary judgment opposition to move for an Extension of Time to Respond to BlackBerry's MSJ.  (DE 118.)  The Court granted BLU's request the next business day, setting the deadline for BLU's response ten (10) calendar days from the Court's resolution of BLU's Renewed Motion to Continue Pretrial Deadlines.  (DE 119.)  Now that the Court has ruled on BLU's Renewed Motion to Continue, the deadline for BLU's response to BlackBerry's MSJ is March 16, 2017.  After BlackBerry has had an opportunity to review BLU's response to BlackBerry's MSJ, and if warranted, BlackBerry may seek leave from the Court to submit a supplemental or renewed MSJ at the close of the new discovery period.[3]

---

[3] This District prohibits the filing of more than one summary judgment motion per party.  *See* S.D. Fla. L.R. 7.1(c)(2); (*see also* DE 30 at ¶ 8 (citing *Administrative Order 97-06* (S.D. Fla. Jan. 31, 1997)).)

Dated: March 15, 2017

Respectfully submitted,

By: */s/ Marcos Daniel Jiménez*

Ching-Lee Fukuda (*pro hac vice*)
clfukuda@sidley.com
Todd M. Simpson (*pro hac vice*)
tsimpson@sidley.com
Caroline Bercier (*pro hac vice*)
cbercier@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300 Telephone
(212) 839-5599 Facsimile

Thomas N. Tarnay (*pro hac vice*)
ttarnay@sidley.com
R. Seth Reich Jr. (*pro hac vice*)
seth.reich@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300 Telephone
(214) 981-3400 Facsimile

Marcos Daniel Jiménez (FBN 441503)
mjimenez@mwe.com
Audrey M. Pumariega (FBN 85206)
apumariega@mwe.com
MCDERMOTT WILL & EMERY LLP
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
(305) 358-3500 Telephone
(305) 347-6500 Facsimile

Scott R. Lassar (*pro hac vice*)
slassar@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000 Telephone
(312) 853-7036 Facsimile

*Attorneys for Plaintiff BlackBerry Limited*

## CERTIFICATE OF GOOD-FAITH CONFERENCE

I HEREBY CERTIFY that counsel for BlackBerry communicated the substance of this Motion to counsel for BLU via telephone on March 15, 2017, and counsel for BLU expressed its disagreement with and opposition to the Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on March 15, 2017, on the following counsel or parties of record:

Bernard L. Egozi
(Florida Bar No. 152544)
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, Florida 33180
Telephone: (305) 931-9342
Facsimile: (305) 931-9343
Email: begozi@egozilaw.com

*Cousnel of Record and Outside General Counsel
for Defendant BLU Products, Inc.*

                                                   */s/ Marcos Daniel Jiménez*
                                                   Marcos Daniel Jiménez

DM_US 80538074-1.092211.0028