UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-23535-CIV-Moreno/O'Sullivan

BLACKBERRY LIMITED,

      Plaintiff,

vs.

BLU PRODUCTS, INC.

      Defendant.

_____/

**MOTION TO DEFER RULING ON SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P. 56(d)**

Blu Products, Inc. ("BLU"), pursuant to Fed.R.Civ.P. 56(d), respectfully requests that this Court render an Order deferring consideration of BlackBerry's Motion for Summary Judgment and extending the time for BLU to oppose same until June 27, 2017, or in the alternative, that the Court deny the Motion for Summary Judgment without prejudice in light of the incomplete nature of the record before the Court.

As indicated in BLU's Renewed Motion for Continuance [DE#116] and the Declarations filed therewith, BLU's experts will not be able to render their non-infringement rebuttal reports until June 1, 2017. Similarly, the Court has now extended the discovery cutoff to May 30, 2017. *See* [DE#121]. Since very little discovery has taken place to date, additional time is necessary to develop a suitable record on which the Court may base a summary judgment ruling.

Accordingly, BLU respectfully requests that the Court defer consideration of BlackBerry's Motion for Summary Judgment and extend the time for BLU to oppose same.

## I.      INTRODUCTION.

To date, BLU has not had an adequate opportunity to conduct discovery.  Likewise, BLU's experts are working on reports that will address both issues of invalidity and non-infringement of the patents-in-suit.  Given the lack of discovery to date, and the status of BLU's expert reports, the record before the Court is incomplete.

From what little work BLU's experts have been able to perform to date, BLU believes that its experts will be in a position to opine that all of the claims of the patents-in-suit are invalid.  Such opinions will squarely refute BlackBerry's assertion that it is entitled to any judgment in its favor, much less summary judgment, since it is axiomatic that an invalid patent is unenforceable.

Binding precedent precludes consideration of summary judgment on an incomplete record, and prior to BLU being afforded a reasonable opportunity to obtain discovery on the issues raised in BlackBerry's Motion for Summary Judgment.  This is particularly true where, as here, summary judgment is predicated on a series of expert declarations and reports.

Accordingly, BLU respectfully suggests that this Court defer ruling on BlackBerry's Motion for Summary Judgment, and extend the time for opposing same to June 27, 2017.

## II.     BACKGROUND.

### A.      Procedural History.

Although this case has been pending for about six months, very little discovery has taken place.  To date, only a handful of depositions have been taken.

In the recent Order of Continuance [DE#121], the Court extended the discovery cutoff in this case to May 30, 2017.  Thus, discovery remains ongoing.[1]

### B.    BlackBerry's Motion for Summary Judgment.

BlackBerry's Motion for Summary Judgment is supported primarily by Declarations from its experts. *See, e.g.,* [DE#111], Exhibits C, D, E, F, G, H, I, etc.

### C.    BLU's Expert Reports.

As noted in BLU's Renewed Motion to Continue, BLU's technical experts project that they and their teams will be able to render invalidity reports by May 1, 2017, and non-infringement rebuttal reports by June 1, 2017 [DE #116](Declarations of Zeidman and Shamos).[2] BLU anticipates that these reports will raise significant questions as to the viability of BlackBerry's claims.  At the very least, BLU anticipates that these expert opinions will raise significant questions of fact that will preclude summary judgment.

## III.    ARGUMENT.

### A.    Binding precedent mandates delaying the resolution of BlackBerry's Motion for Summary Judgment.

As the Eleventh Circuit has noted, the "common denominator" among the Supreme Court's three seminal summary judgment opinions "is the Court's caveat that summary judgment may only be decided upon an adequate record." *WSB-TV v. Lee*, 842 F.2d 1266 (11th Cir. 1988). Indeed, "[t]he law in this circuit is clear:  the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the

---

[1] BLU has been engaging in settlement discussions with Blackberry with the assistance of its new counsel, and if those settlement efforts prove unsuccessful, BLU anticipates new counsel making an appearance in this action consistent with the Court's Order [DE#121].

[2] Since the Court did not specifically include deadlines for expert reports in the Order of Continuance [DE#121], the expert reports are due in accordance with the Federal Rules of Civil Procedure.  Thus, expert reports are now due 90 days before the November 13, 2017 trial period, specifically August 15, 2017.  BLU anticipates serving its reports well ahead of the default deadlines.

motion." *Jones v. City of Columbus,* 120 F.3d 248, 253 (11th Cir. 1997); *see also Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,* 859 F.2d 865, 870-71 (11th Cir. 1988); *WSB-TV,* 842 F.2d at 1269.  Since the record before the Court is incomplete, discovery is ongoing, and BLU's experts anticipate serving reports on both invalidity and non-infringement prior to the current deadline for summary judgment motions, the Court should extend the time for opposing BlackBerry's Motion for Summary Judgment or deny that motion without prejudice as being premature.

Rule 56(d) of the Federal Rules of Civil Procedure permits the Court to defer consideration of BlackBerry's Motion for Summary Judgment or to deny it until such time as BLU is afforded an opportunity to obtain expert reports (declarations) and to complete discovery.  Fed.R.Civ.P. 56(d).  The Eleventh Circuit has held that "[a]s a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862. F.2d 841, 843 (11th Cir. 1989).  Indeed, as this Court has observed, "[w]here discovery is available, or potentially available, on the issues raised by a summary judgment motion, it is seldom proper to grant the motion until the opposing party has had the opportunity to conduct reasonable discovery." *DM Records, Inc. v. Selph Records, Inc.,* 2012 WL 12872733 (S.D. Fla.).  Here, discovery is still ongoing.

Additionally, BlackBerry's Motion for Summary Judgment is supported primarily by a series of expert declarations and reports. *See, e.g.,* [DE#111], Exhibits C, D, E, F, G, H, I, etc.  However, as this Court has noted, "[BLU is] not required to simply accept the averments in the Declarations at face value.  Rather, [BLU is] entitled to conduct discovery to determine whether there exists a basis to challenge them." *Ventrassist Pty Ltd. v. Heartware, Inc.,* 377 F.Supp.2d 1278 (S.D. Fla. 2005).  Since BLU anticipates that its own experts will be able to render opinions regarding both the

invalidity and non-infringement of the patents-in-suit, BLU reasonably believes that discovery will determine, in fact, that there is a basis to challenge and dispute the declarations supporting BlackBerry's Motion for Summary Judgment.

As this Court has observed, "Rule 56(d) is 'infused with a spirit of liberality.'" *XTec, Inc. v. Hembree Consulting Services, Inc.,* 2015 WL 12550911, *2 (S.D. Fla.).  Since Rule 56(d) "specifically contemplates the relief that [BLU] seek[s] and is to be liberally construed, the Court cannot grant" BlackBerry's Motion for Summary Judgment. *Id.*

## IV.   CONCLUSION.

For the foregoing reasons, BLU respectfully requests that this Court grant the relief requested herein.

Pursuant to S.D. Fla. L.R. 7.1(a)(3), BLU has conferred with Plaintiff regarding the instant Motion, and Plaintiff has indicated that it does not agree to the relief requested herein.

Respectfully submitted,

By: */s/ Bernard L. Egozi*
Bernard L. Egozi (Florida Bar No. 152544)
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, FL  33180
Telephone: (305) 931-9342
Facsimile:  (305) 931-9343
Email:  begozi@egozilaw.com

*Counsel for BLU Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail through the CM/ECF system on this 15th day of March, 2017, on all counsel of record on the service list below.

Ching-Lee Fukuda (admitted *pro hac vice*)
Sidley Austin LLP
787 Seventh Avenue
New York, NY  10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:  clfukuda@sidley.com

*Counsel for Plaintiff*

David T. Pritikin (admitted *pro hac vice*)
Douglas I. Lewis (admitted *pro hac vice*)
Scott R. Lassar (admitted *pro hac vice*)
Sidley Austin LLP
One S. Dearborn
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
Email:  dpritikin@sidley.com
Email:  dilewis@sidley.com
Email:  slassar@sidley.com

*Counsel for Plaintiff*

Thomas N. Tarnay (admitted *pro hac vice*)
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX  75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400
Email:  ttarnay@sidley.com

*Counsel for Plaintiff*

Marcos Daniel Jiminez
Audrey M. Pumariega
McDermott Will & Emery LLP
333 Avenue of the Americas, Suite 4500
Miami, FL  33131
Telephone:  (305) 358-3500
Facsimile:  (305) 347-6500
Email:  mjimenez@mwe.com
Email:  apumariega@mwe.com

*Counsel for Plaintiff*

*/s/* Bernard L. Egozi
Bernard L. Egozi