UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLACKBERRY LIMITED,

    Plaintiff,

vs.

BLU PRODUCTS, INC.

    Defendant.

_____/

CASE NO 1:16-23535-CIV-MORENO
Magistrate Judge O'Sullivan

## OPPOSITION TO LIMITED MOTION FOR CLARIFICATION

Blu Products, Inc. ("BLU"), pursuant to Local Rule 7.1, respectfully submits this memorandum in opposition to Plaintiff's Limited Motion for Clarification [DE 123] ("Motion for Clarification").

**I.  INTRODUCTION.**

BLU opposes any effort by Plaintiff to enforce expert disclosure deadlines that were never imposed by the Court in its scheduling orders and that could not, in any event, be imposed by the Magistrate Judge under both the Order of Referral in this case and the Federal Rules of Civil Procedure.  To the extent that there was a prior Report and Recommendation that established a due date for expert disclosures in January 2017, prior to the Court's recent Order granting BLU's Renewed Motion for Continuance, BLU timely objected to that Order. [DE 88 and 95].  The Court, in its recent Order, acknowledged BLU's Objection and granted the continuance for good cause.[1] [DE 121].

---

[1] Given the limitations that the Order of Referral placed on the powers granted to the Magistrate Judge, Plaintiff should have notified chambers that only Judge Moreno, and not the Magistrate Judge, has the authority to "clarify" scheduling orders in this action.

Further, it strains credulity for a plaintiff who has engaged in ambush tactics throughout the course of this litigation to now claim that it will suffer prejudice if the Court does not impose expert deadlines that Plaintiff knows will preclude BLU from presenting its own expert reports, establishing that the patents-in-suit are invalid, that BLU does not infringe the patents-in-suit, and that all of Plaintiff's claims fail.  In a nutshell, Plaintiff claims it will be prejudiced if it is not permitted to win by default.  Allowing the Plaintiff's claims to be resolved on their merits cannot constitute prejudice, and as such, Plaintiff has no legitimate basis for seeking "clarification" in the form of an expert deadline that is tantamount to entry of a default against BLU.

Accordingly, BLU respectfully suggests that this Court deny the Motion for Clarification.[2]

## II.     RELEVANT BACKGROUND.

### A.  The Scheduling Orders and Expert Deadlines.

The Court entered its first Scheduling Order in this action on November 10, 2016. [DE 30]. That Scheduling Order did <u>not</u> include any deadline for expert disclosures.  As explained below, in the absence of any express expert disclosures, the default deadline imposed by the Federal Rules of Civil Procedure supplied the expert deadlines.  Magistrate Judge O'Sullivan nevertheless

---

[2] Plaintiff also references its pending motion for summary judgment in the Motion for Clarification.  However, Plaintiff was well aware at the time it filed the Motion for Clarification that BLU was going to file a motion to defer consideration and briefing of that summary judgment motion pursuant to Rule 56(d).  That Rule 56(d) motion has been filed with the Court. *See* [DE 124].

Unlike Plaintiff, BLU does not seek to use this Court's Orders to impose an unfair burden on any other party, or to resolve this action on any basis other than on the merits.  To that end, BLU has no objection to Plaintiff withdrawing or supplementing its Motion for Summary Judgment provided that any new or supplemental Motion for Summary Judgment is filed in compliance with the Court's current Scheduling Order.  Likewise, BLU has no objection to Plaintiff withdrawing or supplementing its expert reports provided that such reports are re-served in compliance with the Court's current Scheduling Order and the Rules of Civil Procedure.

entered an Order, requiring the parties to serve their initial expert disclosures on January 10, 2017, weeks before the due date under the Federal Rules. [DE 73] (the "Objected Order").

BLU objected to the Objected Order, because, among other things, the order exceeded the scope of the Magistrate Judge's authority. *See* Objections to the Setting and Modification of Pretrial Deadlines for Expert Reports [DE 88]. In its Objection, BLU pointed out that while the Order of Referral in this case authorized Magistrate Judge O'Sullivan to "take all necessary and proper actions as required by law, with respect to any and all pretrial matters," it provided further that "[a]ny applications for extension or modification of pretrial deadlines or the trial date shall be made to the District Judge." [DE 21].

In response to BLU's Renewed Motion for Continuance [DE 116] and Objections to the Magistrate Judge's Orders [DE 88 and 95], Judge Moreno entered an Order of Continuance and Order Revising Pretrial Deadlines [DE 121] (the "Current Scheduling Order"). The Current Scheduling Order continues the Discovery Cutoff to May 30, 2017, the Summary Judgment deadline to June 7, 2017 and the trial to November 13, 2017.

**B. The deadlines Plaintiff seeks to impose are tantamount to a default against BLU.**

In support of BLU's Renewed Motion for Continuance [DE 116], BLU submitted declarations from its experts, explaining that they will not be able to render their invalidity reports until May 1, 2017, and their non-infringement reports until June 1, 2017. *See* [DE 116] (Declarations of Zeidman and Shamos). Based upon this information, the Court found good cause and granted BLU's Renewed Motion for a Continuance.

Given the status of BLU's experts and the anticipated time for them to complete their work, Plaintiff knows very well that the retrospective expert deadlines it seeks in its instant Motion for Clarification will be tantamount to a default against BLU. Such deadlines will effectively preclude

3

BLU's experts from preparing appropriate expert disclosures, and effectively preclude BLU from having a fair and reasonable opportunity to defend itself in this action.

### III. ARGUMENT.

**A. There is no basis for seeking clarification of the Current Scheduling Order, because the deadline for expert disclosures is governed by Rule 26 and the scheduling orders did not modify those deadlines.**

In the absence of a scheduling order modifying the expert disclosure deadlines imposed by the Federal Rules of Civil Procedure, the expert disclosure deadlines are imposed by the Rules. Rule 16 of the Federal Rules of Civil Procedure requires a court to issue a scheduling order to impose certain time limits, including deadlines such as the amending of pleadings, the completion of discovery, and the filing of motions. *See* Fed.R.Civ.P. 16(b)(1). The Rule permits, but does not require, a court to modify the timing of disclosures under Rule 26. Fed.R.Civ.P 16(b)(3)(B)(i). Rule 26 of the Federal Rules of Civil Procedure also provides that "[a]bsent a stipulation or court order, [expert] disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial…." Fed.R.Civ.P. 26(a)(2)(D).

Here, consistent with Rule 16, the Court entered its original Scheduling Order [DE 30]. However, that Scheduling Order did not address expert disclosures. As such, the deadline for expert disclosure was imposed by Rule 26. Now that the Court has issued the Current Scheduling Order, and moved the trial to November 13, 2017, the expert deadlines have been extended consistent with Rule 26.[3] In light of the relationship of the expert deadlines imposed by the Rules

---

[3] If Plaintiff desires to establish an alternative date certain for expert disclosures, the first thing the Plaintiff should do is attempt, in good faith, to resolve that issue with counsel for BLU (and to refrain from wasting the Court's time until making such an effort). If good faith efforts prove unsuccessful, then, and only then, is it appropriate for the Plaintiff to request that Judge Moreno modify the Current Scheduling Order. Since the current deadline for expert disclosures imposed by the Rules is August 15, 2017, and the discovery cutoff for fact and expert discovery under the Current Scheduling Order falls before that date, it is perhaps understandable that Plaintiff might want to establish a date certain for earlier disclosures, consistent with the deadlines

and the new trial date, there is no basis for Plaintiff's suggestion that the expert disclosure deadlines have passed.

**B. Magistrate Judge O'Sullivan exceeded the scope of his authority when he rendered the Objected Order purporting to modify pretrial deadlines for expert reports.**

Contrary to Plaintiff's suggestion, the Court's scheduling orders never addressed expert disclosure deadlines. The only order that purported to impose expert disclosure deadlines was the Objected Order. However, since the Court's Order of Referral was limited and the Rules of Civil Procedure limit his authority in this regard, Magistrate Judge O'Sullivan did not have authority to render the Objected Order to the extent that it modified the scheduling order or imposed expert deadlines.

Specifically, the Order of Referral provides that "[a]ny applications for extension or modification of pretrial deadlines or the trial date shall be made to the District Judge." *See* Order of Referral [DE#21]. Further, under Rule 16(b)(4) of the Federal Rules of Civil Procedure, "A schedule may be modified only for good cause and **with the judge's consent**." (emphasis supplied). Here, Judge Moreno had no involvement in the Objected Order, establishing the January 2017 deadlines for expert reports.

Indeed, the Objected Order never became final as BLU filed its objections. *See* [DE 88]. In addition to asserting that Magistrate Judge O'Sullivan exceeded the scope of his authority under the Order of Referral, BLU asserted various other objections.[4] In the Current Scheduling Order,

---

established in the current Scheduling Order. However, it is wholly inappropriate for Plaintiff to seek to impose deadlines which have already passed, particularly since Plaintiff knows very well when BLU's experts anticipate being able to complete their reports.

[4] For example, BLU also asserted that Plaintiff had not demonstrated good cause as required by Rule 16 to shorten the expert disclosure deadline. Considering that Plaintiff waited until December to identify 184 claims at issue—far more than were referenced in the operative pleadings in this action—and provided almost 1,000 pages of infringement contentions at that time, there was no good cause for shortening the time that BLU would have to analyze and respond to these contentions.

granting a continuance of the prior deadlines, Judge Moreno specifically referenced BLU's objection to the Magistrate's Object Order, which imposed the January expert report deadline. *See* [DE 121].

In view of the foregoing, Plaintiff's reliance upon the Objected Order is misplaced. Since that order was subject to an Objection and as the Magistrate Judge did not have the authority to render the order in the first place, the Objected Order never modified the scheduling orders to establish expert deadlines. Indeed, there would be no logical reason for Judge Moreno to review a motion supported by declarations from BLU's experts, explaining the time needed to complete their work, to extend the discovery cutoff and trial dates, and nonetheless allow the enforcement of an invalid order purporting to set expert disclosure dates that expired well before rendition of the Current Scheduling Order.

As the Court noted previously, "the law strongly disfavors default judgments, preferring the resolution of genuine disputes on the merits…." *Leor Exploration & Production, LLC v. Aguiar,* 2011 WL 4345294, *5 (S.D. Fla.). Plaintiff's efforts to impose a deadline for expert disclosures that occurred in the past, and essentially secure for itself a default, offends this principle.

### C. Plaintiff will suffer no undue prejudice if BLU has a reasonable opportunity to prepare and serve expert reports.

Plaintiff speciously asserts that it will suffer undue prejudice because it served its expert reports previously. However, the reality is that the only prejudice Plaintiff may suffer is that questions regarding the validity of its patents and whether those patents were infringed will be resolved on the merits. That outcome—allowing the case to be resolved on the merits—hardly qualifies as prejudice.

6

At the risk of oversimplifying the issues, Plaintiff's experts have opined, unsurprisingly, that BLU infringes all of the patents-in-suit. Plaintiff did not give up a tactical advantage by disclosing those opinions, any more than it did finally disclosing a claims chart in late December (which Plaintiff arguably should have served along with its Initial Disclosures), or any more than it did when it presented allegations in the Complaint and First Amended Complaint. It is illogical and even offensive to claim that the service of expert reports, which purport to support the allegations asserted in the Complaint, gives any other party an undue advantage over the other. Likewise, there is nothing in Plaintiff's expert disclosures that will assist BLU's experts in determining whether the patents-in-suit are invalid. Those opinions will be based on an analysis of the patents-in-suit and prior art, both of which are matters of public record.[5]

While Plaintiff cannot credibly argue that it will be prejudiced by virtue of its early service of expert reports, BLU will undoubtedly be prejudiced if it not given a fair and reasonable opportunity to have its experts prepare adequate expert disclosures. Plaintiff intentionally delayed disclosing until December 2016 that it was pursuing 184 claims, supported by nearly 1,000 pages of claims charts. Yet, the Plaintiff failed to identify the vast majority of the 184 claims in any of the operative pleadings filed in this action. Likewise, Plaintiff could have disclosed the nearly 1,000 pages of its claims charts at the outset of the case, or with its Initial Disclosures,[6] but instead elected to withhold this information to ambush BLU with it less than a month before the prior discovery cutoff. As BLU's experts have already indicated in Declarations filed with the Court, they need until May and June to complete their work now that Plaintiff has disclosed that it is

---

[5] Contrary to Plaintiff's suggestion, BLU's experts do not need any of Plaintiff's confidential information in order to render opinions of invalidity and non-infringement.

[6] One of Plaintiff's demand letters, sent long before the commencement, suggests that Plaintiff had infringement contentions for various patents. Nonetheless, Plaintiff did not serve such infringement contentions with its Initial Disclosures.

actually attempting to proceed under 184 claims of fifteen patents.  Inherent in the Court's continuance was a finding of good cause as a result of the need for this additional time for BLU's experts to conclude their analysis and render their reports.

As this Court's prior decisions suggest, BLU is "not required to simply accept the averments in the [Plaintiff's Experts'] Declarations at face value.  Rather, [BLU is] entitled to conduct discovery to determine whether there exists a basis to challenge them." *Ventrassist Pty Ltd. v. Heartware, Inc.,* 377 F.Supp.2d 1278 (S.D. Fla. 2005).  BLU anticipates that its experts' disclosures will squarely challenge the Plaintiff's expert disclosures.

In light of Plaintiff's tactics, which were undoubtedly intended to prejudice BLU's ability to defend itself, there is a certain irony in Plaintiff's claim that the simultaneous exchange of reports "would have maintained the parties' equal footing," or that it will somehow suffer prejudice if the Court does not prevent BLU's experts from having a reasonable period of time in which to perform an analysis and render appropriate expert disclosures.  Plaintiff's present claim of some purported "unequal footing" is little more than an expression of frustration that its ambush tactics have not succeeded.  Since there can be no prejudice in allowing the claims to be resolved on the merits, only BLU, and not Plaintiff, will be prejudiced if the Court imposes retrospective expert deadlines as Plaintiff requests.

**IV.     CONCLUSION.**

Since there is no basis for "clarification" of the Current Scheduling Order, and since only the District Judge may modify the deadlines that Plaintiff seeks to modify, the Court should deny Plaintiff's Motion.

Respectfully submitted,

s/ Samuel A. Lewis
By:_____
James A. Gale / Fla. Bar No. 371726
E-Mail:  JGale@Cozen.com
Lawrence S. Gordon / Fla. Bar No. 382361
E-Mail:  LGordon@Cozen.com
Samuel A. Lewis / Fla. Bar No. 55360
E-mail:  SLewis@Cozen.com
Javier Sobrado / Fla. Bar No. 44992
E-mail:  JSobrado@Cozen.com
COZEN O'CONNOR
One Biscayne Tower, Suite 3000
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-358-5001
Telefax:  305-358-3309

and

Bernard L. Egozi / Fla. Bar No. 152544
E-mail:  begozi@egozilaw.com
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, FL 33180
Telephone:  305-931-9342
Telefax:  305-931-9343

*Counsel for BLU*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the CM/ECF service on March 21, 2017 on all counsel or parties or record on the Service List below.

s/ Samuel A. Lewis
_____

**SERVICE LIST**
*Blackberry Limited v. BLU Products, Inc.*
Case No. 1:16-cv-23535-FAM

| | |
|---|---|
| Ching-Lee Fuduka<br>Sidley Austin LLP<br>787 Seventh Avenue<br>New York, NY 10019 | Thomas N. Tarnay<br>Sidley Austin, LLP<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 75201 |
| David T. Pritikin<br>Douglas I. Lewis<br>Scott R. Lassar<br>Sidley Austin, LLP<br>One S. Dearborn<br>Chicago, IL 60603 | Marcos D. Jimenez<br>Audrey M. Pumariega<br>McDermott Will & Emery LLP<br>333 Avenue of the Americas, Suite 4500<br>Miami, FL 33131 |