UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLACKBERRY LIMITED,                          CASE NO. 1:16-23535-CIV-MORENO
                                             Magistrate Judge O'Sullivan
        Plaintiff,

v.

BLU PRODUCTS, INC.

        Defendant.

_____/

### MOTION TO STRIKE AND/OR IN LIMINE TO EXCLUDE
### PLAINTIFF'S UNTIMELY, UNPLEADED PATENT CLAIMS

Blu Products, Inc. ("BLU") respectfully files this Motion to Strike and/or In Limine to Exclude Plaintiff's Untimely, Unpleaded Patent Claims.

As demonstrated below, Plaintiff's Amended Complaint identified, at best, twenty-eight claims in the fifteen patents-in-suit.  Plaintiff failed to identify and plead infringement of approximately 160 claims of its fifteen patents in its Amended Complaint that it now contends, through its answers to interrogatories and its motion for summary judgment, are at issue.

Only those claims identified by the Plaintiff in its Amended Complaint are at issue; the remaining claims should be stricken or excluded from consideration in this case.[1]

---

[1] Plaintiff invited this motion to strike, explaining in its opposition to Defendant's Renewed Motion for Continuance that the proper vehicle to challenge these unidentified claims, which had not been included in the Amended Complaint, was a motion "to strike those claims as untimely." [DE 117] at 3.  This motion seeks to strike or exclude these untimely, unpleaded claims from consideration as they are not part of the operative complaint in this case.

**MEMORANDUM OF LAW**

## I.     BACKGROUND.

Plaintiff's original Complaint [DE 1], asserted infringement of 13 claims of U.S. Patent

Nos. 8,489,868 ("the '868 Patent"), 8,713,466 ("the '466 Patent"), 8,402,384 ("the '384 Patent"),

8,411,845 ("the '845 Patent"), 6,271,605 ("the '605 Patent"), 8,745,149 ("the '149 Patent"),

8,169,449 ("the '449 Patent").   Specifically, the Complaint alleged as follows:

- "BLU's '868 Accused Products satisfy each and every element of one or more claims of the '868 patent, *for example, and without limitation, claims 1 and 76* of the '868 patent." [DE 1], at ¶30 (emphasis added).

- "BLU's '466 Accused Products satisfy each and every element of one or more claims of the '466 patent, *for example, and without limitation, claims 1 and 14* of the '466 patent." *Id.*, at ¶50 (emphasis added).

- "BLU's '384 Accused Products satisfy each and every element of one or more claims of the '384 patent, *for example, and without limitation, claims 1 and 4* of the '384 patent." *Id.*, at ¶70 (emphasis added).

- "BLU's '845 Accused Products satisfy each and every element of one or more claims of the '845 patent, *for example, and without limitation, claims 1 and 16* of the '845 patent." *Id.*, at ¶ 87 (emphasis added).

- "BLU's '605 Accused Products satisfy each and every element of one or more claims of the '605 patent, *for example, and without limitation, claims 9 and 25* of the '605 patent." *Id.*, at ¶ 111 (emphasis added).

- "BLU's '149 Accused Products satisfy each and every element of one or more claims of the '149 patent, *for example, and without limitation, claims 1 and 9* of the '149 patent." *Id.*, at ¶ 131 (emphasis added).

- "BLU's '449 Accused Products satisfy each and every element of one or more claims of the '449 patent, *for example, and without limitation, claim 1* of the '449 patent." *Id.*, at ¶ 150.

The Complaint further dedicated approximately 53 pages of cursory analysis alleging

infringement of these 13 claims, more than half of which comprises a mere recitation of the claims

in dispute, large images, and form paragraphs alleging infringement and claiming damages. *See,*

*e.g. Id.*, at ¶¶ 28-31, 38, 45-51, 57, 65-71, 79, 82-88, 96, 106-112, 118, 126-132, 137, 145-151,

2

156-158.  The exhibits to the Complaint merely provide copies of these seven patents (totaling 123 pages), and an additional 173 pages of publicly available documents that provide no infringement analysis.  In short, the Complaint sought to provide exemplary allegations of infringement sufficient information to survive a motion to dismiss under a notice pleading standard,[2] but not a full disclosure of the infringement issues Plaintiff intended to raise before the Court.

Similarly, Plaintiff's Amended Complaint [DE 16] repeated the allegations in the Complaint relating to the 13 claims discussed above, and further asserted infringement of 15 claims of U.S. Patent Nos. 7,969,924 ("the '924 Patent"), 8,483,060 ("the '060 Patent"), 8,06,118 ("the '118 Patent"), 8,472,567 ("the '567 Patent"), 8,265,034 ("the '034 Patent"), 8,625,506 ("the '506 Patent"), 7,933,355 ("the '355 Patent"), 7,050,413 ("the '413 Patent").  Specifically, the Amended Complaint reiterated the allegations of the Complaint (*see* [DE 16], at 66-196), and further alleged as follows:

- BLU's products "satisfy each and every element of one or more of the claims '924 patent, ***including without limitation, claims 1 and 23.***" *Id.*, at ¶ 201 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '060 patent, ***including without limitation, claims 1 and 14.***" *Id.*, at ¶ 224 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '118 patent, ***including without limitation, claims 1 and 11.***" *Id.*, at ¶245 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '567 patent, ***including without limitation, claims 11 and 16.***" *Id.*, at ¶ 265 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '034 patent, ***including without limitation, claims 1 and 20.***" *Id.*, at ¶ 287 (emphasis added).

---

[2] BLU's Motion to Dismiss [DE 25], which addresses *inter alia,* the claims not asserted in the Amended Complaint, remains pending.

- BLU's products "satisfy each and every element of one or more of the claims '506 patent, *including without limitation, claims 1 and 9.*" *Id.*, at ¶ 308 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '355 patent, *including without limitation, claim 1.*" *Id.*, at ¶ 329 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '413 patent, *including without limitation, claims 1 and 4.*" *Id.*, at ¶ 343 (emphasis added).

The Amended Complaint further dedicated approximately 37 pages of cursory analysis alleging infringement of these 15 claims, more than half of which comprises a mere recitation of the claims in dispute, images, and form paragraphs alleging infringement and claiming damages. *See, e.g. Id.*, at ¶¶ 197-202, 208, 214-225, 230, 235-246, 251, 156-266, 271, 276-288, 293, 298-309, 314, 319-330, 333-344, 348, and 352-357.  The exhibits to the Complaint merely provided copies of these seven patents (totaling over 277 pages), and an additional approximately 200 pages of publicly available documents that provide no infringement analysis.  Again, the Amended Complaint provided exemplary allegations of infringement in an effort to survive a motion to dismiss under a notice pleading standard, but not a full disclosure of the infringement issues Plaintiff intended to raise before the Court.

Despite having a considerable period of time prior to commencement of this action in which to prepare a complaint that would identify the claims at issue in this case, Plaintiff waited until December 21, 2016, to ambush BLU by serving an infringement claim charts in response to Defendant's interrogatories, containing almost 1,000 pages of charts showing an analysis of Plaintiff's infringement allegations, specifically referencing where Plaintiff claims BLU's products meet each limitation in Plaintiff's 184 claims.  In fact, as the Amended Complaint identified only 28 claims allegedly infringed by BLU, Plaintiff withheld the identity of 156 claims ("156 claims"), i.e., eighty-five percent of the claims it contends are at issue in this case by failing

to plead them in its Amended Complaint.[3]  Instead, Plaintiff left BLU to speculate which of the possible 500 claims of the fifteen patents may be at issue in this case.  As the Court is aware, the service of those interrogatory responses, for the first time identifying 184 claims allegedly infringed by BLU, was within weeks of the original court-ordered discovery cutoff, expert report deadlines and only short months before the originally scheduled trial in this case.  As demonstrated below, as these additional claims were not properly pleaded in the Complaint, they should be excluded from consideration in this case.

## II.      ARGUMENT.

"The complaint is the foundation document of the litigation and serves many functions: ... it provides a framework for structuring the trial as to estimated length, and as to the scope of the evidence which may be relevant and admissible." *Jacobson v. Cohen*, 146 F.R.D. 95, 97 (S.D.N.Y. 1993).[4]  As set forth in BLU's pending Motion to Dismiss, Plaintiff intentionally failed to identify

---

[3] The Amended Complaint only includes factual allegations for claims 1, 9 of the '149 patent; claims 1, 76 of the '868 patent; claims 1, 14 of the '466 patent and claims 1, 4 of the '384 patent; claims 1, 16 of U.S. Patent No. 8,411,845; claims 9, 25 of U.S. Patent No. 6,271,605; claim 1 of U.S. Patent No. 8,169,449; claims 1, 23 of U.S. Patent No. 7,969,924; claims 1, 14 of U.S. Patent No. 8,483,060; claims 1, 11 of U.S. Patent No. 8,406,118; claims 11, 16 of U.S. Patent No. 8,472,567; claims 1, 20 of U.S. Patent No. 8,265,034; claims 1, 9 of U.S. Patent No. 8,625,506; claim 1 of U.S. Patent No. 7,933,355; and claims 1, 4 of U.S. Patent No. 7,050,413. *See* Am. Compl. ¶¶ 68, 88, 108, 125, 149, 169, 188, 198, 222, 243, 263, 284, 306, 326, 341. These total 28 identified claims, i.e., only fifteen percent of the claims Plaintiff now asserts are at issue.

[4] Unpleaded claims cannot be raised during litigation without a proper amendment to the operative pleading.  See, e.g., *Hurlbert v. St. Mary's Health Care Sys., Inc.,* 439 F.3d 1286, 1297 (11th Cir. 2006); *Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1315 (11th Cir. 2004) (refusing to allow plaintiff to assert unpleaded claims at the summary judgment stage); *Edward v. Niles Sales & Serv., Inc.,* 439F.Supp.2d 1202, 1224 (S.D.Fla.2006) (refusing to allow the plaintiff to assert new bases for his race discrimination claim when the new bases were raised for the first time in response to a summary judgment motion).  In this regard, motions in limine are designed to challenge factual and legal issues which are not admissible in evidence. It is perfectly appropriate for the Court to exclude improper or inadmissible evidence in the context of a motion in limine. *See, e.g., Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir. 1997) (motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose).

the patent claims it now contends are infringed by BLU's products in its Amended Complaint, which obviously resulted in a last minute ambush, resulting in BLU's inability to timely respond to those 184 claims within the original schedule.

Complaints asserting direct infringement were historically measured against the form complaint set forth in Form 18 of the Federal Rules of Civil Procedure. *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *4 n.3 (E.D. Tex. Apr. 26, 2016). However, the amendments to the Rules that went into effect in 2015, well before either of the operative pleadings in this matter were filed, abrogated Form 18. *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, No. CV 15-438-LPS-CJB, 2015 WL 7833206, at *2 n.1 (D. Del. Dec. 3, 2015). Claims of direct infringement must now be assessed under the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), not the former, permissive Form 18. *See, e.g.*, *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-CV-00180-AA, 2016 WL 1737740, at *3 (D. Or. May 2, 2016) ("With the abrogation of Form 18, so too went the patent infringement exception to the civil pleading requirements set forth in *Twombly* and *Iqbal*."). *Twombly* and *Iqbal* have been applied to direct infringement claims by a number of courts, which have resulted in the dismissal of complaints for failure to state a claim. *See, e.g.*, *Glob. Tech Led, LLC v. Every Watt Matters, LLC*, No. 15-CV-61933, 2016 WL 6682015, at *1 (S.D. Fla. May 19, 2016) (applying *Iqbal Twombly* and dismissing direct infringement claim); *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, Case No. 0:16-cv-60693-UU, 2016 WL 6678525, at *2 (S.D. Fla. June 8, 2016) (same); *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, No. 1:15-CV-188 (LJA), 2016 WL6561566, at *2 (M.D. Ga. Nov. 2, 2016) (same).

As explained above, Plaintiff only identified 28 claims in its Amended Complaint and resorted to vague allegations that other claims may be at issue, asserting that these identified claims were "including without limitation" other unidentified and unpleaded claims.

In *Thermolife*, *supra,* the District Court for the Southern District of Florida dismissed direct infringement claims with respect to claims 2 and 3 where the complaint only detailed why claim 1 was infringed, but alleged infringement of "one or more" additional claims. *Thermolife*, 2016 WL 6678525, at *2. The plaintiffs argued that the allegations for claim 1 were sufficient because they were only required to provide notice of "at least one claim alleged to be infringed," and argued there was no prejudice to the defendants because infringement contentions would be served. *Id.* The court disagreed, finding that only detailing infringement for claim 1, while alleging infringement of "one or more" claims "does not give Defendants fair notice--or any notice at all-- as to patent infringement claims based on claims 2 or 3 of the Patent, and this is woefully insufficient to 'raise a right to relief above the speculative level.'" *Id.* (citing *Iqbal* and *Twombly*). The court instructed the plaintiffs that if they wished to assert infringement of claims 2 and 3, they must "allege plausible facts to support such claims." *Id.*

Likewise, the Court in *Werteks Closed Joint Stock Company v. Vitacost.com, Inc.,* No. 16-cv-60695-GAYLES,  2016 WL 5078169 (S.D. Fla. 2016), rejected the plaintiffs' attempt to assert infringement of unidentified claims.  As in *Thermolife*, the complaint only provided detailed infringement allegations for claim 1, but alleged that "one or more" claims were infringed. *Id.* at *2. The plaintiffs argued the detailed allegations for claim 1 were sufficient to put the defendants on notice "as to at least one claim alleged to be infringed and have adequate information to respond to the Complaint." *Id.*  The Court rejected the plaintiff's argument and granted the motion to dismiss as to claims 2 and 3:

> [Putting Defendants on notice "as to at least one claim alleged to be infringed"] is not the standard. The pleading standard set forth in *Iqbal* and *Twombly* requires more than the legal conclusion that the Defendants have infringed on claims 2 and 3 of the [asserted patent], and much more than notice that they may possibly have done so. The Plaintiffs are required to put forth facts that, at the very least, allow the Court to make a reasonable inference that the Defendants have infringed on claims 2 and 3. As the Plaintiffs concede they allege facts only as to claim 1, the Court is unable to make any such inference. Accordingly, the motion to dismiss Count I of the Complaint shall be granted as to claims 2 and 3 of the [asserted patent].

*Id.* at *3; *see also Asghari-Kamrani v. United Servs. Auto Ass'n*, No. 2:15CV478, 2016 WL 1253533 (E.D. Va. Mar. 22, 2016) (granting motion to dismiss where the complaint alleged infringement of "at least" claim 1 and other identified claims but only detailed, albeit insufficiently, infringement of claim 1; "Plaintiffs must detail how each claim is infringed"); *See Werteks Closed Joint Stock Co. v. GNC Corp.*, 2016 WL 5076169, No. 16-60688-CIV-MORENO (S.D. Fla. Aug. 23, 2016), ECF No. 32 (adopting in relevant part ECF No. 30 at 5-7, dismissing complaint as to claims not supported by factual basis as required by *Twombly/Iqbal*).

The importance of identifying the claims at issue and how they are infringed in a complaint alleging patent infringement cannot be underestimated since establishing direct infringement requires that every limitation of the asserted claim must be found, either literally or under the doctrine of equivalents, in the accused product. *See, e.g.*, *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1317 (Fed. Cir. 2015). Thus, to adequately plead direct infringement, "a plaintiff must allege sufficient facts to plausibly show that a defendant's accused instrumentality contains each limitation of the asserted patent claim." *Scripps v. Illumina*, 2016 WL 6834024, *5 (S.D. Cal 2016).   Accordingly, the failure to include factual allegations for the claim limitations from the unidentified other claims prevents the Court from inferring that the alleged infringing products infringe each limitation of the other unidentified claims, thereby necessitating dismissal, as "the failure to practice even a single element is all that separates innovation from infringement."

*Atlas IP, LLC v. Exelon Corp.* ("*Exelon*"), No. 15 C 10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016).

As in *Termolife* and *Werteks*, the Amended Complaint in this case improperly failed to provide allegations relating to 156 unidentified claims, swept into the vague allegation in the Amended Complaint of "including but not limited to."  That Plaintiffs served, but did not file, infringement contentions does not relieve Plaintiffs of the pleading requirements of the Federal Rules. *See Thermolife*, 2016 WL 6678525, at *2 (rejecting plaintiffs' argument that the infringement contentions could cure the omission of specific pleadings in the complaint); *RAH Color Techs. v. Ricoh USA, Inc.*, 194 F.Supp.3d 346, 351 n.4 (same). Indeed, this is not an academic or superfluous exercise to require Plaintiff to identify the allegedly infringed claims and explain the alleged infringement in the complaint, rather than merely in infringement charts produced in response to a discovery request.  These infringement charts are exchanged between parties, not filed with the Court, and thus are not subject to Rule 11. Moreover, there is no clear mechanism for challenging the sufficiency of Plaintiffs' infringement contentions under our local rules,[5] whereas allegations in a complaint may be challenged under Fed. R. Civ. P. 12(b)(6) and other Federal Rules.[6]  *Id.*

---

[5] *See, e.g., Suncast Technologies, L.L.C. v. Patrician Products, Inc.*, 2008 WL 179648 (S.D. Fla. 2008) (identifying the local rules of other courts in resolving discovery disputes in patent cases, recognizing that the Southern District of Florida does not have such local patent rules).

[6] Certainly, requiring an allegation that the accused products practice each limitation of each asserted claim in the complaint "should not impose an undue burden on [Plaintiffs], because a patentee is already required to perform an adequate pre-filing investigation before bringing suit." *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *4, n.2 (N.D. Cal. Aug. 22, 2016).  Moreover, requiring a plaintiff at the outset of the suit to identify the scope of claims at issue allows the Court and parties to plan for the litigation, the length of the discovery period and the trial, among other matters.

As Plaintiff failed to identify and plead infringement of the 156 claims in its Amended Complaint, these claims should be stricken or excluded from this litigation.

**III.    CONCLUSION.**

In view of the foregoing, BLU respectfully requests that the Court enter an Order striking or excluding all 156 claims not identified in the Amended Complaint.

Respectfully submitted,

s/ Samuel A. Lewis
By:_____
     James A. Gale / Fla. Bar No. 371726
     E-Mail:  JGale@Cozen.com
     Lawrence S. Gordon / Fla. Bar No. 382361
     E-Mail:  LGordon@Cozen.com
     Samuel A. Lewis / Fla. Bar No. 55360
     E-mail:  SLewis@Cozen.com
     Javier Sobrado / Fla. Bar No. 44992
     E-mail:  JSobrado@Cozen.com
     COZEN O'CONNOR
     One Biscayne Tower, Suite 3000
     2 South Biscayne Boulevard
     Miami, Florida 33131
     Telephone:  305-358-5001
     Telefax:  305-358-3309

      and

     Bernard L. Egozi / Fla. Bar No. 152544
     E-mail:  begozi@egozilaw.com
     Egozi & Bennett, P.A.
     2999 NE 191st Street, Suite 407
     Aventura, FL 33180
     Telephone:  305-931-9342
     Telefax:  305-931-9343

     ***Counsel for BLU***

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

s/ Samuel A. Lewis

_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the CM/ECF service on March 21, 2017 on all counsel or parties or record on the Service List below.

s/ Samuel A. Lewis

_____

## SERVICE LIST

*Blackberry Limited v. BLU Products, Inc.*
Case No. 1:16-cv-23535-FAM

Ching-Lee Fuduka
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

David T. Pritikin
Douglas I. Lewis
Scott R. Lassar
Sidley Austin, LLP
One S. Dearborn
Chicago, IL 60603

Thomas N. Tarnay
Sidley Austin, LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201

Marcos D. Jimenez
Audrey M. Pumariega
McDermott Will & Emery LLP
333 Avenue of the Americas, Suite 4500
Miami, FL 33133