UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLACKBERRY LIMITED,

    Plaintiff,

vs.

BLU PRODUCTS, INC.

    Defendant.

_____/

CASE NO 1:16-23535-CIV-MORENO
Magistrate Judge O'Sullivan

**DEFENDANT'S MOTION CHALLENGING IMPROPER CONFIDENTIALITY
DESIGNATION AND TO MODIFY PROTECTIVE ORDER**

Blu Products, Inc. ("BLU"), pursuant to rules 26 and 37 of the Federal Rules of Civil Procedure and paragraph 5 of the Protective Order entered by the Court on January 19, 2017 ("Protective Order') [DE 99], challenges Plaintiff's improper confidentiality designation, moves to compel the de-designation or re-designation of Plaintiff's claims charts served on or about December 21, 2016, and further moves to modify the Protective Order. As fully explained below, Plaintiff's claims charts are improperly and inexplicably labeled "Outside Counsel Only" despite the fact that they contain none of Plaintiff's confidential information. Moreover, the Protective Order currently improperly precludes any attorney who has viewed materials marked "Outside Counsel Only" from participating in post grant review proceedings, including without limitation *inter partes* review and covered business method review. This type of blanket prohibition is contrary to binding precedent.

**I.    Background.**

Plaintiff filed its Amended Complaint [DE 16] against BLU, identifying fifteen patents and asserting in vague terms that BLU's products infringed Plaintiff's patents. In this regard, Plaintiff

recursively asserted: "BLU's products 'satisfy each and every element of one or more of the claims '[fill in number]  patent, including without limitation, claims … and . . . .'" In its Amended Complaint, Plaintiff identified only 28 claims of the 500 possible claims at issue in the fifteen patents.

In lieu of properly identifying the claims at issue in this case in its Amended Complaint, Plaintiff finally identified specific claims, now totaling 184, in response to BLU's interrogatories, by serving infringement claims charts ("Claims Charts"), containing almost 1,000 pages of charts showing an analysis of the claims in Plaintiff's patents, specifically referencing where Plaintiff claims BLU's products allegedly meet each limitation in Plaintiff's 184 patent claims.

The Claims Charts were served on December 21, 2017 and were designated "OUTSIDE COUNSEL ONLY" pursuant to paragraph 1.B.1 of the Protective Order, which provides:

> **B.     Information Designated OUTSIDE COUNSEL ONLY**
>
> 1.  Discovery materials may be designated as OUTSIDE COUNSEL ONLY if such discovery material contains particularly sensitive confidential information that the designating party believes in good faith cannot be disclosed to a competitor without threat of competitive injury because such discovery material contains trade secret or other proprietary or commercially sensitive information. The parties agree that at least the following information, if non-public, shall be presumed to be OUTSIDE COUN SEL ONLY: (a) trade secrets, marketing, financial, sales, web traffic, research and development, technical, or customer data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) employee information; and (e) commercial agreements and licenses, settlement agreements or settlement communications. Notwithstanding the above, and for the avoidance of doubt, if counsel for the receiving party determines that is in the best interests of its client to review produced documents relating to damages, but the client is prevented from doing so by the producing party's confidentiality designation, then counsel may seek permission from the producing party to show the documents to the client. Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, OUTSIDE COUNSEL ONLY, or RESTRICTED CONFIDENTIAL shall be treated as if designated OUTSIDE COUNSEL ONLY.  ln determining whether information

should be designated as OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

The Protective Order also contains a "Prosecution Bar" for any attorney who has reviewed a document produced by a party that has been marked as "OUTSIDE COUNSEL ONLY." Paragraph 2.A and B of the Protective Order provides:

**2. PROSECUTION BAR**

A.   Any person reviewing any of another party's Confidential Outside Counsel Only Materials or Source Code (all of which shall also be automatically designated as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of the receiving Party.

B.   Prosecution Activity shall mean any activity related to the competitive business decisions involving: (i) the preparation or prosecution (for any person or entity) of patent applications relating to the subject matter of the asserted patents to which the reviewed Prosecution Bar Materials are relevant', or (ii) advising or counseling clients regarding the same, including but not limited to providing any advice or counseling regarding, or participating in, the drafting of claim s for any patent application, reissue application, reexamination, inter partes review, post grant review, covered business method review, or any other proceeding at the U.S. Patent and Trademark Office. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

BLU requested that Plaintiff de-designate the Claims Charts and remove the "OUTSIDE COUNSEL ONLY" designation or explain why Plaintiff requires this extreme designation. In response Blackberry's counsel offered the following explanation by email dated March 17, 2017:

The claim charts reflect [Plaintiff]'s confidential analysis and application of the claims to the accused instrumentalities and were provided to BLU in response to discovery requests during this litigation. For this reason [Plaintiff] maintains its AEO designation.

3

The designation of "OUTSIDE COUNSEL ONLY" and refusal to de-designate the Claims Charts is in violation of the Protective Order's requirement of good faith.

**II.     The Claims Charts Are Improperly Designated "OUTSIDE COUNSEL ONLY."**

Federal Rule of Civil Procedure 26(1)(c)(G) provides, *inter alia*, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." "The court interprets 'good cause' in the context of [Rule 26(c)] to mean that the party seeking the protective order must demonstrate that the material sought to be protected is confidential and that disclosure will create a competitive disadvantage for the party." *Parsons v. Gen. Motors Corp.*, 85 F.R.D. 724, 726 (N.D. Ga. 1980). "Where a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987).

When a party uses "the most restrictive possible protective order" such as "OUTSIDE COUNSEL ONLY," it "confines dissemination of discovery materials only to the opposing party's attorneys and other consultants/experts specified in the agreement." *Procaps, SA v. Pateon, Inc.*, CASE NO. 12–24356–CIV–GOODMAN, 2015 WL 4430955, *6 (S.D. Fla. 2015). As Magistrate Judge Goodman explained:

> When this type of designation is challenged, the party seeking to uphold the designation (e.g., Procaps) **"must describe the alleged harm it will suffer from any disclosure 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'** " *Penn, LLC v. Prosper Bus. Devel. Corp.,* No. 2:10–cv–0993, 2012 WL 5948363 (S.D.Ohio Nov. 28, 2012) (quoting *Nemir v. Mitsubishi Motors Corp.,* 381 F.3d 540, 550

4

> (6th Cir.2004). *See generally Brown v. Tellermate Holdings, Ltd.,* No. 2:11–cv–1122, 2014 WL 2987051, at *23 (S.D. Ohio, July 1, 2014) (showing of harm which the designating party must make "must be particularized and cannot simply rest on conclusory statements").

*Id.* (emphasis supplied); *see also In re Infant Formula Antitrust Litigation*, 1992 WL 503465, *6-7 (N.D. Fla. 1992) (concluding that defendants have not demonstrated why its information is confidential); *see also Kuhns v. Zimmer, Inc.*, 2007 WL 2027914, *2 (M.D. Fla. 2007) (stating "[o]ther than general claims of business harm, Defendant makes no specific showing that removal of the "confidential" label will prejudice it in any way."); *see also Contratto v. Ethicon*, 227 F.R.D. 304, 307-308 (N.D. Cal. 2005) (stating that "a party who has never made a 'good cause' showing under Rule 26(c) justifying initial protection of disputed documents may not rely solely on the protective order to justify refusal when there is a reasonable request for disclosure").

Thus, Plaintiff must prove that disclosure of the Claims Charts—which contain nothing more than the claims of the patents-in-suit (which are matters of public record), and a description of how the claims allegedly relate to BLU's products (which is essentially a continuation of the analysis that Plaintiff included in the Amended Complaint for the claims referenced therein)—to BLU's employees would lead to "clearly defined and very serious injury" to its business.[1] *In re Infant Formula Antitrust Litig.*, 1992 WL 503465, at *7 (stating that only those materials that, if disclosed, would cause "a clearly defined and very serious injury" merit protection under Rule 26(c)). However, when asked, Plaintiff's counsel failed to identify any trade secret or confidential competitive information in these Claims Charts, but instead asserted that the charts contain "[Plaintiff]'s confidential analysis and application of the claims to the accused instrumentalities."

---

[1] Plaintiff's burden is also confirmed by the Protective Order itself, which provides in paragraph 5.B, "The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party."

In other words, the charts are simply Plaintiff's contention of how the claims of its public, published patents read on BLU's devices. There is nothing secretive or confidential about that information; indeed, it is information that should have been included in the operative complaint. Moreover, Plaintiff and BLU are not even competitors. Plaintiff failed to offer any explanation that revealed how allowing BLU's employees to review the Claims Charts will cause Blackberry any competitive disadvantage or commercial harm. *See Grundberg v. Upjohn Co.*, 137 F.R.D. 372, at 394-95 (D. Utah 1991) (ruling that although technical and statistical reports and executive summaries may contain "confidential research, development, or commercial information," the defendant did not demonstrate that it would suffer a particularized harm if such documents were released from the protective order and these document could not be protected); *King Pharm., Inc. v. Eon Labs, Inc.*, 2010 WL 3924689, *12 (E.D.N.Y. Sept. 28, 2010) (denying the producing party's request to continue to seal certain document because it failed to demonstrate that the challenged documents contain any non-public information of a scientific nature, the disclosure of which would injure it competitively).

Furthermore, in response to BLU's inquiry about the designation, Plaintiff did not identify that any of the information contained in its Claims Charts falls within any of the enumerated categories set forth in the Protective Order as required for "OUTSIDE COUNSEL ONLY" designation:

> (a) trade secrets, marketing, financial, sales, web traffic, research and development, technical, or customer data or information;
>
> (b) commercially sensitive competitive information, including, without limitation, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans;
>
> (d) employee information; and

    (e) commercial agreements and licenses, settlement agreements or settlement communications.

As such, the Claims Charts were improperly designated "OUSIDE COUNSEL ONLY" from the outset.

  The Protective Order requires a party to designate documents in "good faith."[2]  Here, Plaintiff's designation of the Claims Charts as "OUSIDE COUNSEL ONLY" even though it did not fall within the defined categories enumerated by the Protective Order, and Plaintiff's subsequent refusal to de-designate or provide a credible explanation to justify the designation, constitutes a complete lack of good faith.

  Ultimately, Plaintiff has not and cannot demonstrate that it would suffer some "clearly defined and very serious injury" if its Claims Charts were disclosed to BLU's employees.  Yet, it is Plaintiff alone who bears the burden of establishing that its designation is proper.  Accordingly, BLU respectfully requests that the Court enter its Order, compelling Plaintiff to de-designate or re-designate its Claims Charts, removing the "OUTSIDE COUNSEL ONLY" designation.

**III. The Protective Order's "Prosecution Bar" Provision Should Be Modified.**

  A party seeking a prosecution bar, bears the high burden of demonstrating good cause for such a provision. *In re Deutsche Bank Trust Co. Americas*, 605 F. 3d 1373, 1378 (Fed. Cir. 2010): "[A] party seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar,

---

  [2] In fact, "many courts have noted that a good faith requirement is "implicit" in the protective order and its provision for designating documents as confidential or AEO (or highly confidential)." *Procaps, supra,* 2015 WL 4430955, at *6 (citing, *Paradigm Alliance, Inc. v. Celeritas Tech., LLC,* 248 F.R.D. 598, 605 (D.Kan.2008)).

and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *Id.* at 1381.[3]

In evaluating whether to grant a patent prosecution bar in the first instance, a court must be satisfied that the kind of information that will trigger the bar is relevant to the preparation and prosecution of patent applications before the PTO." *Id.* The Federal Circuit has provided additional guidance on how the determination regarding appropriate "triggering information" should be made:

> For example, financial data and other sensitive business information, even if deemed confidential, would not normally be relevant to a patent application and thus would not normally be expected to trigger a patent prosecution bar. On the other hand, *information related to new inventions and technology under development, especially those that are not already the subject of pending patent applications, may pose a heightened risk of inadvertent disclosure* by counsel involved in prosecution-related competitive decision making as described above.

*Id.* (emphasis added).

In this case, the Claims Charts, for example, while marked "OUTSIDE COUNSEL ONLY" does not "reasonably reflect the risk presented by the disclosure of proprietary competitive information" in the words of *Deutsche Bank*. It contains no information of new technology, unpublished patent application, or any confidential competitive information. It contains no "triggering information" to support a prosecution bar of any kind.

Indeed, courts evaluating prosecution bars "must be satisfied that the kind of information that will trigger the bar is relevant to the preparation and prosecution of patent applications before

---

[3] Because "[a] determination of whether a trial lawyer should be denied access to information under a protective order because of his additional role in patent prosecution, or alternatively be barred from representing clients in certain matters before the U.S. Patent and Trademark Office ('PTO'), is an issue unique to patent law," the law of the Federal Circuit applies. *In re Deutsche Bank Trust Co. Americas*, 605 F. 3d at 1377

the PTO." *Id.* A bar whose subject matter depends only upon a party's classification of what information it considers confidential lacks the requisite specificity to comply with this directive. *See Opperman v. Path, Inc.*, No. 13cv453, 2013 WL 5643334, at *2 (N.D. Cal. Oct. 15, 2013) (rejecting a proposed bar to prosecution of patents related to confidential materials received and requiring a new version "that identifies with sufficient specificity the information that would trigger it and that is tailored to apply only to information that is relevant to the preparation or prosecution of patent applications."). Because prosecution bars are justified by the potential for inadvertent disclosure, they must be tailored to "reflect the risk presented by the disclosure of proprietary competitive information." *Deutsche Bank*, 605 F.3d at 1381; *see also Eon Corp. IP Holdings, LLC v. AT & T Mobility LLC*, 881 F. Supp. 2d 254, 258 (D.P.R. 2012) (finding a bar on prosecuting patents relating to the subject matter of the confidential information to be "circular and vague"). In this regard, the instant Prosecution Bar that solely relies upon the parties' use of categories of confidentiality designations alone fails to meet the burden of demonstrating that the information that would trigger the bar is relevant to the preparation and prosecution of patent applications before the PTO as required by *Deutsche Bank* and its progeny.

Moreover, the Prosecution Bar in this case inexplicably includes a blanket bar, precluding counsel from participating in reexamination proceedings, *inter partes* review, covered business method review, and other post-grant proceedings on behalf of a Party challenging the validity of any patent. Under the Patent Act, patent owners and third parties may initiate a "reexamination" proceeding to confirm or challenge the validity of a previously issued patent. *See* 35 U.S.C. §§ 302–307. Once a reexamination request is made, the Director of the PTO determines whether the reexamination request raises a "substantial new question of patentability." 35 U.S.C. § 303. If not, the reexamination request is denied. *Id.* If it does, the Director orders a reexamination and gives

both the owner and the requestor the opportunity to weigh in on the matter. 35 U.S.C. § 304. The reexamination goes forward "according to the procedures established for initial examination"—that is, the process undertaken by the PTO to examine a new patent application. 35 U.S.C. § 305. Amendments are allowed on reexamination, though they "must not enlarge the scope of a claim nor introduce new matter. Amended or new claims which broaden or enlarge the scope of a claim of the patent should be rejected under 35 U.S.C. 314(a)." *Ameranth, Inc. v. Pizza Hut, Inc.,* No. 3:11–cv–01810, 2012 WL 528248, at *6 (S.D.Cal. Feb.17, 2012) (quoting *Manual of Patent Examining Procedure* § 2666.01).

In *EveryScape, Inc. v. Adobe Systems, Inc.,* the Court considered competing proposed protective orders, the dispute centering on whether counsel should be barred from participating in reexamination proceedings. *EveryScape, Inc. v. Adobe Sys. Inc.,* No. 1:10–cv–11597–RGS, Electronic Order (D.Mass. Aug. 12, 2011) ("Specifically, plaintiff proposes that the prosecution bar not apply to representation of a patentee in reexaminations of the patent-in-suit initiated by [ ] litigants accused of infringing that patent."). Citing *Crystal Image Technology, Inc. v. Mitsubishi Electric Corp.,* the Court followed those decisions in which courts have declined to extend the prosecution bar to reexamination proceedings in such circumstances. *Id.*

The Court in *Crystal Image* explained:

> The Patent Act expressly curtails the scope of reexamination, prohibiting any claim amendment that would enlarge the scope of the initial patent. Thus, an important limitation on reexamination is that no proposed amended or new claim enlarging the scope of a claim of the patent will be permitted. Claims added or amended in a reexamination proceeding will necessarily be narrower and, therefore, no device can infringe the narrower claims emerging from reexamination that would not have infringed the original claims.

*Crystal Image Technology, Inc. v. Mitsubishi Elec. Corp.,* No. 08–307, 2009 U.S. Dist. LEXIS 32972, at *5, 2009 WL 1035017 (W.D. Pa. April 17, 2009) (quoting *Pall Corp. v. Entegris, Inc.,* 655 F.Supp.2d 169, 173 (E.D.N.Y.2008)) (alterations omitted). "The above restriction 'both

10

underscores the distinction between initial patent prosecution and reexamination, and effectively mitigates the potential misuse of PTO procedures to gain a collateral business or litigation advantage, thereby rendering a prosecution bar in the reexamination context largely unnecessary." *Id.* (quoting Pall Corp., 655 F.Supp.2d at 173) (alterations omitted); *see Kenexa Brassring Inc. v. Taleo Corp.,* No. 07–521–SLR, 2009 WL 393782, at *2 (D.Del. Feb.18, 2009) ("**Because reexamination involves only the patent and the prior art, defendant's confidential information is 'basically irrelevant to the reexamination.'**" (emphasis supplied)).

In cases where courts have upheld a prosecution bar to include reexamination proceedings, those courts have explained that "a patent owner can use confidential information to restructure or amend its claims so as to improve its litigation position against alleged infringers." *Telebuyer, LLC v. Amazon.com, Inc.,* No. 13–cv–1677, Docket # 118 at 10 (W.D. Wash. July 7, 2014) (available at Docket # 45–11) (citing *Shared Memory Graphics, LLC v. Apple, Inc.,* 2010 U.S. Dist. LEXIS 125184, at *11, 2010 WL 4704420 (N.D. Cal. Nov. 12, 2010) ("Claims may still be restructured in reexamination, and, in a given case, a patent owner may well choose to restructure claims in a manner informed by the alleged infringer's confidential information gleaned from litigation."); s*ee also Grobler v. Apple Inc.,* 2013 U.S. Dist. LEXIS 65048, at *5–6, 2013 WL 3359274 (N.D. Cal. May 7, 2013) (prohibiting counsel from drafting or amending claims in reexamination); *EPL Holdings, LLC v. Apple Inc.,* 2013 WL 2181584 (N .D. Cal. May 20, 2013) (holding that parties' counsel may participate in third-party initiated review proceedings so long as counsel is prohibited from assisting in any crafting or amendment of patent claims). That is, the prosecution bar, precluding an attorney's participation in reexamination, seeks to protect the defendant's confidential information disclosed during litigation and not the patent owner's information to prevent that confidential information from being used in the restructuring of the patent owner's

claims.  Obviously, this is not the case here, where Plaintiff apparently would seek to use its "OUTSIDE COUNSEL ONLY" designation to bar any of BLU's counsel who may have viewed the Claims Charts from participating in any reexamination or *inter partes* review.

In this case, the blanket bar contained in the Protective Order, which precludes BLU's counsel in participating in a reexamination or *inter partes* review is clearly unwarranted, overly-broad and fails to meet the tests established by the Federal Circuit in *Deutsche Bank*.

## IV.   CONCLUSION.

For the foregoing reasons, BLU respectfully requests that the Court compel Plaintiff to de-designate or re-designate its Claims Charts, award attorneys' fees and modify the Protective Order to remove the reexamination and *inter partes* review bar.

Respectfully submitted,

By: s/ Samuel A. Lewis
_____
James A. Gale / Fla. Bar No. 371726
E-Mail:  JGale@Cozen.com
Lawrence S. Gordon / Fla. Bar No. 382361
E-Mail:  LGordon@Cozen.com
Samuel A. Lewis / Fla. Bar No. 55360
E-mail:  SLewis@Cozen.com
Javier Sobrado / Fla. Bar No. 44992
E-mail:  JSobrado@Cozen.com
COZEN O'CONNOR
One Biscayne Tower, Suite 3000
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-358-5001
Telefax:  305-358-3309

             and

             Bernard L. Egozi / Fla. Bar No. 152544
             E-mail:  begozi@egozilaw.com
             Egozi & Bennett, P.A.
             2999 NE 191st Street, Suite 407
             Aventura, FL 33180
             Telephone:  305-931-9342
             Telefax:  305-931-9343

             *Counsel for BLU*

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

   Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

             s/ Samuel A. Lewis
             _____

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing was served via the CM/ECF service on March 21, 2017 on all counsel or parties or record on the Service List below.

             s/ Samuel A. Lewis
             _____

### SERVICE LIST
*Blackberry Limited v. BLU Products, Inc.*
Case No. 1:16-cv-23535-FAM

| | |
|---|---|
| Ching-Lee Fuduka<br>Sidley Austin LLP<br>787 Seventh Avenue<br>New York, NY 10019 | Thomas N. Tarnay<br>Sidley Austin, LLP<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 75201 |
| David T. Pritikin<br>Douglas I. Lewis<br>Scott R. Lassar<br>Sidley Austin, LLP<br>One S. Dearborn<br>Chicago, IL 60603 | Marcos D. Jimenez<br>Audrey M. Pumariega<br>McDermott Will & Emery LLP<br>333 Avenue of the Americas, Suite 4500<br>Miami, FL 33131 |