UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-23535-CIV-MORENO/O'SULLIVAN

BLACKBERRY LIMITED,

    Plaintiff,

v.

BLU PRODUCTS, INC.,

    Defendant
_____/

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on BLU Products, Inc.'s Motion and Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (DE# 25, 11/4/16). This motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation. See Order of Referral to Magistrate Judge O'Sullivan for All Pretrial Proceedings (DE# 21, 9/28/16). Having reviewed the applicable filings and the law, the undersigned respectfully RECOMMENDS that BLU Products, Inc.'s Motion and Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (DE# 25, 11/4/16) be **GRANTED in part and DENIED in part** for the reasons stated herein.

## BACKGROUND[1]

On September 16, 2016, the plaintiff filed an amended complaint against the defendant. See Blackberry's First Amended Complaint for Patent Infringement (DE# 16, 9/16/16) (hereinafter "First Amended Complaint"). The First Amended Complaint

---

[1] The documents filed by the parties contain multiple page numbers. For consistency, the undersigned will cite to the page numbers automatically assigned by the Court's CM/ECF system located at the top right-hand corner of each document.

alleges 15 counts of patent infringement with respect to the following patents: U.S. Patent No. 8,489,868 (the "'868 patent") (Count I); U.S. Patent No. 8,713,466 (the "'466 patent") (Count II); U.S. Patent 8,402,384 (the "'384 patent") (Count III); U.S. Patent 8,411,845 (the "'845 patent") (Count IV); U.S. Patent 6,271,605 (the "'605 patent") (Count V); U.S. Patent 8,745,149 (the "'149 patent") (Count VI); U.S. Patent 8,169,449 (the "'449 patent") (Count VII); U.S. Patent No. 7,969,924 ("'924 patent") (Count VIII); U.S. Patent No. 8,483,060 ("'060 patent") (Count IX); U.S. Patent No. 8,406,118 ("'118 patent") (Count X); U.S. Patent No. 8,472,567 ("'567 patent") (Count XI); U.S. Patent No. 8,265,034 ("'034 patent") (Count XII); U.S. Patent No. 8,625,506 ("'506 patent") (Count XIII); U.S. Patent No. 7,933,355 ("'355 patent") (Count XIV) and U.S. Patent No. 7,050,413 ("'413 patent") (Count XV). Id.

On November 4, 2016, the defendant filed BLU Products, Inc.'s Motion and Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (DE# 25, 11/4/16) (hereinafter "Motion"). The plaintiff filed its response in opposition on November 22, 2016. See Plaintiff Blackberry's Opposition to Defendant BLU Products' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (DE# 48, 11/22/16) (hereinafter "Response"). The defendant filed its reply on December 7, 2016. See BLU Products, Inc.'s Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (DE# 59, 12/7/16) (hereinafter "Reply"). With leave of court, the plaintiff filed a sur-reply on December 15, 2016. See Plaintiff Blackberry's Sur-Reply in Opposition to Defendant BLU Products' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (DE# 64, 12/15/16) (hereinafter "Sur-Reply").

This matter is ripe for adjudication.

## **STANDARDS OF REVIEW**

I.      **Section 101 Patent Eligibility**

The defendant seeks to dismiss with prejudice Counts I through III and VI on the ground that the corresponding patents are not "patent-eligible" under section 101 of the Patent Act. See Motion (DE# 25 at 6, 8-28, 11/4/16). Section 101 of the Patent Act defines the subject matter which may be patentable and states as follows:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

35 U.S.C. § 101. "The [Supreme] Court has long held that this provision contains an important implicit exception. '[L]aws of nature, natural phenomena, and abstract ideas' are not patentable." Mayo Collaborative Servs. v. Prometheus Labs., Inc.,132 S.Ct. 1289, 1293 (2012) (quoting Diamond v. Diehr, 450 U.S. 175, 185 (1981) (second alteration in original)). At the same time, "an invention is not rendered ineligible for patent simply because it involves an abstract concept . . . . [A]pplication[s] of such concepts to a new and useful end . . . remain eligible for patent protection." Alice Corp. v. CLS Bank Int'l, 134 S. Ct. 2347, 2354 (2014).

On a motion to dismiss, the claims must be construed in favor of the plaintiff, as the non-movant. See Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC, 827 F.3d 1341, 1352 (Fed. Cir. 2016). "Although it is 'rare that a patent infringement suit can be dismissed at the pleading stage for lack of patentable subject matter,' dismissal is appropriate where 'the only plausible reading of the patent [is] that there is clear and convincing evidence of ineligibility.'" Prisua Eng'g Corp. v. Samsung Elecs. Co., No.

1:16-CV-21761-KMM, 2017 WL 1041571 (S.D. Fla. Mar. 9, 2017) (quoting UbiComm, LLC v. Zappos IP, Inc., 2013 WL 6019203, at *6 (D. Del. Nov. 13, 2013) (quoting Ultramercial, Inc. v. Hulu, LLC, 722 F.3d 1335, 1338-39 (Fed. Cir. 2013)) (internal quotation marks omitted).

## II.   Rule 12(b)(6)

The defendant also seeks to dismiss all fifteen counts "with respect to the unspecified claims of each asserted patent" for failure to meet the pleading standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). See Motion (DE# 25 at 29-30, 11/4/16).

In considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court's analysis is generally limited to the four corners of the complaint and the attached exhibits. See Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must accept the non-moving party's well-pled facts as true and construe the complaint in the light most favorable to that party. Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc); St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 953 (11th Cir. 1986)).

To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. The issue to be decided is not whether the plaintiff will

4

ultimately prevail, but "whether the [plaintiff] is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984)).

## ANALYSIS

### I.  Counts I through III and Count VI

As noted above, the defendant seeks to dismiss Counts I through III and Count VI with prejudice on the ground that the underlying patents are invalid under section 101 of the Patent Act.

"Courts may . . . dispose of patent-infringement claims under § 101 whenever procedurally appropriate." Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC, 827 F.3d 1341, 1347 (Fed. Cir. 2016). Here, the Court should defer ruling on the validity of the challenged patents until the summary judgment stage. See, e.g., Enfish, LLC v. Microsoft Corp., 822 F.3d 1327, 1333-34 (Fed. Cir. 2016) (section 101 invalidity of patents was addressed at the district court level on summary judgment); see also McRo, Inc. v. Bandai Namco Games Am., Inc., 837 F.3d 1299, 1311 (Fed. Cir. 2016) (noting that in certain cases, "claim construction is helpful to resolve the question of patentabiliy under § 101").

The undersigned has carefully reviewed the patent claims arising from Counts I through III and Count VI and – construing the claims in favor of the plaintiff and based on the limited record at this juncture – determined that the claims are not abstract and/or represent an improvement on existing technology. Nonetheless, the Court

should defer ruling on the section 101 validity of these claims until the summary judgment stage. In the instant case, the defendant has stated that its experts are working on reports addressing the issue of invalidity of all the patent claims that are the subject of the First Amended Complaint. See Motion to Defer Ruling on Summary Judgment Pursuant to Fed. R. CIV. P. 56(d) (DE# 124 at 2, 3/15/17) (stating that "BLU believes that its experts will be in a position to opine that all of the claims of the patents-in-suit are invalid."). At the March 22, 2017 hearing on other motions, counsel for the defendant represented to the Court that the defendant's expert reports would address the issue of section 101 invalidity. Given that the defendant's experts will be filing reports addressing, among other things, the issue of section 101 invalidity and that the plaintiff will be given an opportunity to submit rebuttal expert reports, these expert reports will aid the Court in ruling on the same issue raised in the instant motion to dismiss. Delaying the patent validity determination until a later stage in the proceedings would conserve judicial resources and provide the Court with a more complete record when addressing whether the patent claims asserted in Counts I through III and Count VI are invalid and therefore unenforceable.

Accordingly, the undersigned RECOMMENDS that the Court **DENY without prejudice** the defendant's request to dismiss with prejudice Counts I through III and Count VI based on section 101 patent invalidity for the reasons stated herein and that the defendant be permitted to raise the issue of section 101 patent invalidity at the summary judgment stage.

II. **Unspecified Claims in Counts I through XV**

The defendant also seeks to dismiss the unspecified claims in all 15 patent

infringement counts. These unspecified claims are not identified by claim number or supported by any factual allegations. Rather, each count of the First Amended Complaint alleges that the defendant "infring[ed] one or more claims" or "at least [certain numbered] claims." See First Amended Complaint (DE# 16 at ¶¶ 67, 87, 107, 124, 148, 168, 187, 198, 222, 243, 263, 284, 306, 326, 341, 9/16/16). The defendant notes that, in total, there are over 500 claims among the fifteen patents that are the subject of this litigation. See Reply (DE# 59 at 5, 12/7/16).

The plaintiff maintains that it has properly pled causes of action for patent infringement under the pleading requirements of Iqbal and Twombly and that it "is not required to identify every claim that may potentially be asserted or to provide every detail of its infringement claim within the initial pleading." Response (DE# 48 at 27, 11/22/16) (emphasis omitted). The plaintiff notes that "[f]or each patent, [it has] identified the accused functionality generally (BLU Android Devices/enumerated 3GPP Technical Specifications) for each of the asserted claims and specifically on a claim-element-by-element basis for exemplary claims." Id. at 26-27.

All fifteen counts in the First Amended Complaint assert causes of action for direct patent infringement. "[D]irect infringement claims 'are . . . subject to the pleading standards established by Twombly and Iqbal.'" Global Tech Led, LLC v. Every Watt Matters, LLC, No. 15-cv-61933, 2016 U.S. Dist. LEXIS 122111, *4 (S.D. Fla. May 18, 2016) (quoting Atlas IP LLC v. Pac. Gas & Elec. Co., No. 15-cv-05469-EDL, 2016 U.S. Dist. LEXIS 60211, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016)). Here, the First Amended Complaint identifies by claim number one or two claims per count but leaves open the possibility that the defendant is also alleged to have infringed "one or more

claims" or "at least [certain numbered] claims." While a plaintiff may plead representative claims, the First Amended Complaint does not allege that the unspecified claims are represented by the claims for which the plaintiff has provided factual allegations. Instead, the defendant is left to guess as to which of the over 475 claims not specifically identified by number in the First Amended Complaint have been purportedly infringed by the defendant.

The defendant should be provided with notice of the purportedly infringed claim or claims which the plaintiff intends to pursue in the instant action. "Plaintiffs must detail how each claim is infringed." Asghari-Kamrani v. United Servs. Auto. Ass'n, No. 2:15CV478, 2016 WL 1253533, at *4 (E.D. Va. Mar. 22, 2016) (emphasis added). The Court should follow the cases in this district which have required plaintiffs to provide factual support for the alleged infringement of each claim. See, e.g. Werteks Closed Joint Stock Co. v. Vitacost.com, Inc., No. 16-CV-60695, 2016 WL 5076169, at *3 (S.D. Fla. Sept. 20, 2016) (stating that "[t]he Plaintiffs are required to put forth facts that, at the very least, allow the Court to make a reasonable inference that the Defendants have infringed on claims 2 and 3. As the Plaintiffs concede they allege facts only as to claim 1, the Court is unable to make any such inference.")

Accordingly, the Court should **DISMISS without prejudice** the unspecified claims which are not identified by claim number or supported by any factual allegations and permit the plaintiff to re-plead those claims in accordance with the requirements of Iqbal and Twombly.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that BLU Products, Inc.'s Motion and Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (DE# 25, 11/4/16) be **GRANTED in part and**

**DENIED in part**. The Court should **DENY without prejudice** the defendant's request to dismiss the section 101 claims (Counts I through III and Count VI) and permit the defendant to raise the issue of section 101 eligibility at the summary judgment stage. The Court should DISMISS without prejudice those claims which are not specifically identified by claim number in the First Amended Complaint (DE# 16, 9/16/16) and should provide the plaintiff with an opportunity to re-assert those claims.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 27 day of March, 2017.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Moreno
All Counsel of Record