UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLACKBERRY LIMITED,      CASE NO. 1:16-23535-CIV-MORENO
        Magistrate Judge O'Sullivan
       Plaintiff,

vs.

BLU PRODUCTS, INC.

       Defendant.

_____/

## ORDER CLARIFYING PROTECTIVE ORDER

THIS CAUSE came before the Court on the Joint Motion to Clarify Protective Order. The Court, having reviewed the Joint Motion, finding that the parties have agreed to the relief requested, and being otherwise fully advised in the premises, hereby

ORDERS AND ADJUDGES that the Joint Motion to Clarify Protective Order is hereby GRANTED. Section 2(b) of the Protective Order [DE 99] is hereby eliminated in its entirety, and replaced with the following:

> B. Prosecution Activity shall mean any activity related to the competitive business decisions involving: (i) the preparation or prosecution (for any person or entity) of patent applications relating to the subject matter of the asserted patents to which the reviewed Prosecution Bar Materials are relevant; or (ii) advising or counseling clients regarding the same, including but not limited to providing any advice or counseling regarding, or participating in, the drafting of claims for any patent application or any other proceeding (other than post-grant proceedings) at the U.S. Patent and Trademark Office. Specifically, nothing in this provision shall preclude any attorney or expert from being involved in any post-grant proceeding before the U.S. Patent and Trademark Office (including, without limitation, reexaminations, reissues, *inter partes* review, and covered business method review), and nothing in this paragraph shall preclude the experts or attorneys involved in this litigation from being involved in both such post-grant proceedings and this litigation. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency

of foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

In light of the modification above, the Defendant's Motion Challenging Improper Confidentiality Designation [DE 132] is hereby DENIED WITHOUT PREJUDICE AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this 28 day of March, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record

2