UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLACKBERRY LIMITED,                           CASE NO. 1:16-23535-CIV-MORENO
                                              Magistrate Judge O'Sullivan
      Plaintiff,

vs.

BLU PRODUCTS, INC.

      Defendant.

_____/

**BLU PRODUCTS, INC.'S MOTION TO STAY LITIGATION
PENDING RESOLUTION OF *INTER PARTES* REVIEW**

Blu Products, Inc. ("BLU") respectfully requests an order staying this action pending final resolution of four petitions for *inter partes* review ("IPR") filed by Google Inc. on February 16, 2017 before the United States Patent Trial and Appeal Board ("PTAB"). The material presented in those IPR petitions demonstrates the invalidity of three of the patents at issue in this case, and collectively, the IPR petitions address every claim of those patents asserted in this litigation.

**I.     INTRODUCTION.**

Several of the patents at issue in this litigation, which relate to aspects of Google's Android smart phone operating system, are now the subject of four IPR petitions pending before the PTAB. Interests of judicial economy favor staying this litigation pending the outcome of those IPR petitions.

On February 16, 2017, Google Inc., as Real Party-in-Interest, filed four IPR petitions challenging the validity of patents which are also at issue in this litigation, as follows: IPR2017-00911 and IPR2017-00912, both of which are directed to U.S. patent 8,745,149; IPR2017-00913 directed to U.S. patent 8,402,384; and IPR2017-00914 directed to U.S. patent 8,713,466. These

patents are referred to collectively as the "IPR Patents," and the petitions are referred to as the "IPR Petitions." Copies of the IPR Petitions are attached as Exhibits 1 through 4.

Additionally, BLU is in the process of preparing IPR petitions for all of the claims asserted in all of the patents-in-suit in this action. Thus, in the next month or so, IPR petitions will have been filed covering all of the patents-in-suit.

Because Plaintiff will not be unduly prejudiced or tactically disadvantaged, and because a stay with respect to the IPR Patents and other patents-in-suit will simplify the issues and reduce the burden of litigation on the parties and on the Court, BLU's motion should be granted, and this litigation should be stayed pending resolution of the IPR proceedings.

## II.     BACKGROUND.

### A.     Procedural History.

On September 12, 2016, Plaintiff filed a First Amended Complaint alleging infringement of fifteen patents (collectively, the "patents in suit"), including the three IPR Patents. *See* Amended Complaint [DE#16]. On November 4, 2016, Defendant moved to dismiss because, among other things, Plaintiff failed to identify the claims at issue in its First Amended Complaint. *See* Motion to Dismiss [DE#25].

Magistrate Judge O'Sullivan has now issued a Report and Recommendation [DE#136] that the Court "should DISMISS without prejudice those [patent] claims which are not specifically identified by claim number in the First Amended Complaint" (which applies to 156 of the 184 claims identified that Plaintiff identified in its claims charts), and that the Court "should provide the plaintiff with an opportunity to re-assert those claims." [DE#136], at 9. Thus, Magistrate Judge O'Sullivan has recommended the re-opening of the pleadings in the case.

The trial in this matter is currently scheduled to take place during the two-week period commencing on November 13, 2017. *See* Scheduling Order [DE#121].  It is unknown what impact re-opening the pleadings will have on this trial date.

### B.     *Inter Partes* Review.

The IPR Patents involve technology relating to aspects of Google's Android smart phone operating system, which is used by numerous cell phone manufacturers and distributors, including BLU.  On February 16, 2017, Google Inc., identifying itself as Real Party-in-Interest, filed the four IPR Petitions with the PTAB.  The IPR Petitions seek to invalidate every claim of each of the IPR Patents, and are supported by a wealth of prior art and expert analysis.

IPR proceedings for challenging the validity of issued patents before the PTAB in the United States Patent & Trademark Office ("USPTO") was enacted in 2012 as part of the America Invents Act. "Congress's purpose in creating IPR" was to create "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Microsoft Corp. v. Proxyconn, Inc.*, 789 F.3d 1292, 1308 (Fed. Cir. 2015) (*quoting* H.R. Rep. No. 112-98, pt. 1, at 40 (2011)) (internal quotation marks omitted).  IPR proceedings serve as "an inexpensive substitute for district court litigation and allow [ ] key issues to be addressed by experts in the field." 157 Cong. Rec. S5319 (Daily Ed. Sept. 6, 2011) (Statement of Sen. Kyl).

With the advent of the availability of IPR proceedings, the PTAB has been able to quickly review a considerable number of patents that arguably never should have issued in the first place, and to cancel those patents.  The statistics over the last three years highlight the number of patents which covered unpatentable subject matter.  For instance, as the chart below details, the PTAB granted over 65% of all IPR petitions over the last three years.

| IPR Result / Year | 2014 | 2015 | 2016 | 2017[1] |
|---|---|---|---|---|
| IPRs granted | 762 (75.4%) | 917 (66.6%) | 885 (67%) | 163 (64.7%) |
| Patents held unpatentable / cancelled[2] | 229 (79.2%) | 544 (82.9%) | 625 (74.5%) | 94 (77.7%) |
| Patents held not unpatentable | 60 | 112 | 214 | 27 |

Similarly, the majority of final decisions in IPR proceedings have resulted in the cancellation of some or all of the claims of the patents involved in those proceedings. The final decisions issued thus far in 2017 continue to reflect the same trend, with 77.7% of all final decisions resulting in the cancellation of some or all of the claims of the patent reviewed.

**III.   ARGUMENT.**

   **A.   The Legal Standard.**

District courts have the inherent power to stay proceedings in favor of a pending IPR. *See Murata Mach. USA v. Daifuku Co.*, 2015-2094, 2016 U.S. App. LEXIS 13863, *10 (Fed. Cir. Aug. 1, 2016). District courts also have discretionary authority to stay an action pending the PTO's decision to institute an IPR or a reexamination request (a predecessor to IPR proceedings). *See e.g.*, *Roblor Marketing Group, Inc. v. GPS Industries, Inc.,* 633 F. Supp. 2d 1341, 1346 (S.D. Fla. 2008) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988)); *Univ. of Va. Patent Found. v. Hamilton Co.*, Civil Action No. 3:13-CV-00033 (NKM), 2014 U.S. Dist. LEXIS 135202,

---

[1] The figures for 2017 are based upon the number of petitions granted and final decisions issued as of March 7, 2017.

[2] The figure includes cases where no patentability determination was made due to indefiniteness. "[A] claim cannot be both indefinite and anticipated." *Enzo Biochem, Inc. v. Applera Corp.,* 599 F.3d 1325, 1332 (Fed. Cir. 2010); *see also United States Carbon Co. v. Binney & Smith Co.,* 317 U.S. 228, 237 (1942)(indefiniteness moots consideration of prior art issues). Since indefiniteness is itself grounds for cancellation, those rare instances where indefiniteness was found have been included in the category of cancelled patents.

4

at *8 (W.D. Va. Sept. 25, 2014) (granting stay upon filing petition for IPR prior to USPTO's decision on whether to institute).

In the Southern District of Florida, stays have been granted upon the filing of IPR petitions (*i.e.*, prior to institution of the IPR by the PTAB) where all the asserted claims are challenged. *See, e.g., Blendermann v. Lifewave, Inc.*, No. 2:15-cv-14265, 2016 WL 6518602 (S.D. Fla. 2016) ("Upon review, the Court is persuaded that a stay pending *inter partes* review has great potential to streamline the issues in this case and conserve the resources of the Court and of the parties."); *Intellectual Ventures I, LLC v. Motorola Mobility LLC*, No. 13-61358-CIV, 2014 WL 12584301 (S.D. Fla. 2014) (discussing the liberal grant of stays and the benefits of litigating after reexamination proceedings); *see also Capriola Corp. v. LaRose Industries, LLC*, No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344, at *2 (M.D. Fla. Mar. 11, 2013) (granting stay prior to USPTO's decision to institute IPR and noting that "if the PTO declines *inter partes* review, little time is lost, but if the PTO grants *inter partes* review, the promise is greater for an important contribution by the PTO to resolution of the governing issues in the litigation.").

In assessing motions to stay litigation pending resolution of IPR proceedings, some courts generally evaluate three factors: "whether a stay will (i) unduly prejudice or tactically disadvantage the non-moving party, (ii) simplify the issues in question and streamline the trial, and (iii) reduce the burden of litigation on the parties and on the court." *See Black & Decker Inc. v. Positec USA, Inc.*, Case No. 13 C 3075, 2013 U.S. Dist. LEXIS 153795, *3 (N.D. Ill. Oct. 1, 2013) (internal quotations omitted); *see also Intellectual Ventures*, 2014 WL 12584301 at *1 ("(1) whether a stay will unduly prejudice or tactically disadvantage the opposing party; (2) whether a stay will simplify

the issues and streamline the trial; and (3) whether discovery is complete and whether a trial date has been set.").[3] All three factors favor staying this action.

### 1. Plaintiff Will Not Be Unduly Prejudiced or Tactically Disadvantaged.

For several reasons, Plaintiff need not, and will not, be unduly prejudiced or tactically disadvantaged by a stay pending resolution of the IPR Petitions.

First, pursuant to 35 U.S.C. § 315(e)(2), the IPR petitioner will be estopped from asserting claim invalidity "on any ground that the petitioner raised or reasonably could have raised during" the IPR proceedings. *CANVS Corp. v. FLIR Sys.*, No. 2:14-cv-180-FtM-38CM, 2014 U.S. Dist. LEXIS 168682 (M.D. Fla. Dec. 5, 2016) (finding that if plaintiff is successful, defendant will be estopped from challenging the validity of the patent in this action based on any ground it could have raised during the IPR. See 35 U.S.C. § 315(e)(2)); *see also Ignite USA*, No. 14 C 856, 2014 U.S. Dist. LEXIS 73412, *3 (N.D. Ill. May 29, 2014) ("If the validity of the claims is affirmed in a final USPTO decision, the petitioner is estopped from raising in civil litigation the same prior art raised or that reasonably could have been raised in IPR. 35 U.S.C. §§ 315(e)(2), 318(a)"). Therefore, once the PTAB institutes proceedings based on the IPR Petitions and issues final written decisions, petitioner Google Inc. will be estopped from asserting in this Court or any other that the claims challenged in the IPR are invalid on any ground that was raised or reasonably could have raised in the IPR proceedings. *Id.* Though not identified as a Real Party-in-Interest in the IPR

---

[3] In analyzing this third factor, the *Intellectual Ventures* court, in the Southern District of Florida, noted "while Plaintiffs argue that this case is in its late stages, this is not true. The Court has not yet held a claim construction hearing, and the trial is not until [six months later]. Fact discovery has not yet completed, expert discovery has not yet commenced, and dispositive motions have not yet been filed. Thus, if the issues in this case change after IPR, a stay will have conserved substantial time and resources. Also, if the Parties continue to litigate validity issues before this Court, and the PTO subsequently finds that some or all of the claims at issue here are invalid, much time and resources will have been wasted by the Court and Parties." The procedural posture here is very similar to that of *Intellectual Ventures* at the time the stay was granted.

Petitions, if BLU were to agree to be bound by the same estoppel provisions that bind Google Inc., then Plaintiff is neither prejudiced nor disadvantaged as to the outcome vis-à-vis the IPR Patents. Since BLU is planning to file IPR petitions in connection with the patents-in-suit, BLU will stipulate to be bound by the outcome of all IPR proceedings involving the patents at issue in this action (both its own proceedings and the proceedings that Google Inc. commenced), if the Court grants the instant motion to stay this action pending the conclusion of same.

Second, statutes and regulations limit the duration of an IPR, thus removing the risk that Plaintiff's claims will be unreasonably delayed. The PTAB must decide whether to institute an IPR within six months of the notice according a filing date for the IPR (35 U.S.C. § 314(b)); and once an IPR is instituted, the PTAB must then issue a final determination within one year of the date of institution.[4] 35 U.S.C. § 316(a)(11). Here, the four IPR Petitions were filed on February 16, 2017. That being the case, the PTAB must decide whether to institute these IPRs by mid-September of 2017, and if instituted, the PTAB will have to issue final decisions by September of 2018. That is not an unreasonable delay in a case involving a number of patents.

Undoubtedly, Plaintiff will argue that even the relatively short stay necessary for completion of the IPR proceedings constitutes prejudice. However, "[r]ather than being a reason for denying a stay, the resulting 'delay in proceedings serves the interests of correctness and finality, by assuring that any decision by the PTO can be taken into account by [the] court prior to further proceedings' even though it 'necessarily results in deferral of the final outcome of this case.'" *Roblor*, 633 F.Supp.2d at 1347.

---

[4] The one-year deadline is extendable by six months, but only upon a showing of good cause. 35 U.S.C. § 316(a)(11).

Third, Plaintiffs have not moved for a preliminary injunction. Courts in this district have explained that a patent owner's decision not to move for a preliminary injunction suggests that the patentee will not be unduly prejudiced or tactically disadvantaged if a stay is instituted. *See, e.g., Roblor*, 633 F. Supp. 2d at 1347. *See also Dorman Prods. v. PACCAR, Inc.,* Civil Action No. 13-6383, 2014 U.S. Dist. LEXIS 82069, at *6 (E.D. Pa. June 16, 2014) (patentee "has not moved for a preliminary injunction in this case, which undermines its arguments regarding undue prejudice"); *Zillow, Inc. v. Trulia, Inc.*, Civil Action No. 12-1549, 2013 U.S. Dist. LEXIS 144919, *21 (W.D. Wash. Oct. 7, 2013) ("Many courts have found . . . that attempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief.").

Accordingly, a stay as to the IPR Patents will not unduly prejudice or tactically disadvantage Plaintiffs, and this factor favors the granting of a stay.

### 2. A Stay Will Simplify the Issues.

Where a petition for IPR addresses most or all of the patent claims asserted in the litigation, courts have found that it "may significantly simply the issues and streamline trial." *Intellectual Ventures*, 2014 WL 12584301, at *2. *See also CANVS Corp.*, 2014 U.S. Dist. LEXIS 168682, at *11 ("several cases have noted, staying th[e] case pending the *inter partes* review is likely [to] simplify the issues and streamline the trial."); *Black & Decker*, 2013 U.S. Dist. LEXIS 153795, *5 ("The court evaluates whether review would simplify the issues in question, not whether it could eliminate every issue in the case"). This proposition holds true even where only some of the claims or patents at issue are addressed in the IPR petition. *See e.g.*, *Versata Software, Inc. v. Allidus Software, Inc.,* 771 F.3d 1368, 1371 (Fed. Cir. 2014) (opinion vacated as moot) (noting that "stays can be warranted even when a [] proceeding does not address all asserted patents, claims, or invalidity defenses"); *Dorman Prods.*, 2014 U.S. Dist. LEXIS 82069, at *7 (granting stay even

8

though one of the patents at issue was not subject to an IPR petition noting that there was still a significant potential for issue simplification and that the court would likely benefit from the PTO's analysis of prior art that is later presented to the court); *Audio MPEG, Inc. v. Hewlett-Packard Com.*, Civil Action No. 2:15cv73, 2015 U.S. Dist. LEXIS 126014, at *8 (E.D. Va. Sept. 15, 2015) ("[T]here can still be a simplification of issues when only some, but not all, of the asserted claims are brought before the PTAB.").

Here, if IPRs are instituted and the USPTO cancels some or all of the asserted claims in the IPR Patents, then those claims will no longer have to be addressed in this litigation. Even if only some of the claims are canceled, as in the case here where the IPR Patents represent only a subset of Plaintiff's asserted patents, the burden of litigation will likewise be reduced, because the USPTO will have narrowed the issues before this Court.

The IPR Petitions challenge, at the PTAB, every claim of three of the IPR Patents asserted in this action. BLU will also be challenging the validity of those three patents, among others, in this action, and thus there are parallel proceedings addressing the same issue. Because the outcomes of the IPR Petitions have a significant potential to simplify the issues, this factor also favors the granting of a stay.

      **3.    A Stay Will Reduce the Burden of Litigation on the Parties and on the Court.**

As discussed above, if the PTAB cancels all or some of the claims of the IPR Patents, then those claims will no longer be at issue. *Intellectual Ventures*, 2014 WL 12584301, at *2; *see also Ignite USA*, 2014 U.S. Dist. LEXIS 73412, *10-*11; *Black & Decker*, 2013 U.S. Dist. LEXIS 153795, *3-*4. The USPTO could also narrow claims, which would affect the scope of the claims at issue in this litigation. *CANVS Corp.*, 2014 U.S. Dist. LEXIS 168682, at *11; *see also Ignite USA*, 2014 U.S. Dist. LEXIS 73412, *10-*11.

9

Without a stay, simultaneous proceedings in this Court and the PTAB will present substantial risks that the Court and the parties will unnecessarily expend resources on additional discovery, claim construction, dispositive motions, and trial with respect to patent claims that are likely to be invalidated and/or narrowed at the USPTO.  *See Ignite USA*, 2014 U.S. Dist. LEXIS 73412, *12-*13.

Finally, as explained above, BLU believes that this case is still in its early stages.  Very recently, Magistrate Judge O'Sullivan issued a Report and Recommendation to dismiss the vast majority of Plaintiff's claims—156 of the 184 patent claims at issue in the case—with the opportunity to re-assert those claims.  *See* [DE#136], at 9.  Thus, the Magistrate Judge has recommended that the Court re-open the pleadings.  Staying the proceedings pending the conclusion of the IPR proceedings will reduce the complexity of the case and economize the time spent by both the parties and the Court to resolve any claims that may remain once the PTAB has issued its final decisions. *See e.g., Audio MPEG, Inc.*, 2015 U.S. Dist. LEXIS 126014, at *4, *7-*8; *Capriola Corp.*, 2013 WL 1868344, at *3; *In re TLI Communs. LLC, Patent Litig.*, MDL No. 1:14md2534, 2014 U.S. Dist. LEXIS 182206, at *8 (rejecting argument that a stay should not be granted when an IPR has not yet been instituted because "the pace of discovery and other events in this Court would require a great deal of activity" prior to the decision whether to institute the IPR).

Thus, this factor also favors the granting of a stay.

IV.    **CONCLUSION.**

Because all of the relevant factors weigh in favor of a stay, BLU respectfully requests that this Court grant the instant motion and stay this action as to the IPR Patents pending final resolution of the IPR Petitions.

Respectfully submitted,

s/ Samuel A. Lewis
By:_____
James A. Gale / Fla. Bar No. 371726
E-Mail:  JGale@Cozen.com
Lawrence S. Gordon / Fla. Bar No. 382361
E-Mail:  LGordon@Cozen.com
Samuel A. Lewis / Fla. Bar No. 55360
E-mail:  SLewis@Cozen.com
Javier Sobrado / Fla. Bar No. 44992
E-mail:  JSobrado@Cozen.com
COZEN O'CONNOR
One Biscayne Tower, Suite 3000
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-358-5001
Telefax:  305-358-3309

and

Bernard L. Egozi / Fla. Bar No. 152544
E-mail:  begozi@egozilaw.com
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, FL 33180
Telephone:  305-931-9342
Telefax:  305-931-9343

*Counsel for BLU*

### CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

s/ Samuel A. Lewis
_____

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served via the CM/ECF service on March 29, 2017 on all counsel or parties or record on the Service List below.

s/ Samuel A. Lewis<br>_____

SERVICE LIST
*Blackberry Limited v. BLU Products, Inc.*
Case No. 1:16-cv-23535-FAM

Ching-Lee Fuduka
Todd M. Simpson
Caroline Bercier
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

David T. Pritikin
Douglas I. Lewis
Scott R. Lassar
Sidley Austin, LLP
One S. Dearborn
Chicago, IL 60603

Thomas N. Tarnay
R. Seth Reich Jr.
Sidley Austin, LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201

Marcos D. Jimenez
Audrey M. Pumariega
McDermott Will & Emery LLP
333 Avenue of the Americas, Suite 4500
Miami, FL 33133