UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLACKBERRY LIMITED,    CASE NO. 1:16-23535-CIV-MORENO
　　　　　　　　　　　　　　　　　　　Magistrate Judge O'Sullivan
　　　　Plaintiff,

vs.

BLU PRODUCTS, INC.

　　　　Defendant.
_____/

**OBJECTIONS TO THE ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CLARIFICATION AND THE SETTING AND
<u>MODIFYING OF PRETRIAL DEADLINES FOR EXPERT REPORTS</u>**

Defendant, Blu Products, Inc. ("BLU"), respectfully objects to the Magistrate Judge's Order [DE 134] ("Second Expert Order"), which granted in part Plaintiff's Motion for Clarification or Status Conference [DE 123] and set the due date for Defendant's invalidity and non-infringement expert reports on April 25, 2017.

**I.   INTRODUCTION.**

BLU objects to the Second Expert Order because (1) absent any order to the contrary, the deadlines for the disclosure of expert reports are set by Fed. R. Civ. P. 26(a)(2)(D) at 90 and 60 days before trial for opening and rebuttal reports, respectively; (2) the Magistrate Judge lacked the authority to modify the pretrial deadlines for expert disclosures; (3) the Court granted BLU's Renewed Motion to Continue Pretrial Deadlines based upon good cause demonstrated by BLU's experts' declarations, which established that they anticipated completing their invalidity reports by May 1, 2017 and their infringement reports by June 1, 2017. [DE 121]. In light of these dates, the Magistrate Judge's Order setting the deadline for both invalidity and infringement reports on April 25, 2017, results in the same sort of problem presented by the prior set of expert deadlines which were the subject of BLU's prior objections [DE 88]. This new deadline is both punitive and

1

unnecessary in light of the Court's rescheduling the trial in this case to November 2017 and the Magistrate's recent Report and Recommendation [DE 136] recommending dismissal of Plaintiff's claims with an opportunity to re-assert.

## II. RELEVANT BACKGROUND.

The Court entered its first Scheduling Order in this action on November 10, 2016. [DE 30]. That Scheduling Order did not include any deadline for expert disclosures. As explained below, in the absence of any express expert disclosures, the default deadline imposed by the Federal Rules of Civil Procedure supplied the expert deadlines. The Magistrate Judge entered an Order, requiring the parties to serve their initial expert disclosures on January 10, 2017, weeks before the due date under the Federal Rules. *See* [DE 73] (the "First Expert Order").

BLU objected to the First Expert Order, because, among other things, the order exceeded the scope of the Magistrate Judge's authority. *See* Objections to the Setting and Modification of Pretrial Deadlines for Expert Reports [DE 88]. In its Objection, BLU pointed out that while the Order of Referral in this case authorized the Magistrate Judge to "take all necessary and proper actions as required by law, with respect to any and all pretrial matters," it provided further that "[a]ny applications for extension or modification of pretrial deadlines or the trial date shall be made to the District Judge." [DE 21].

BLU also filed a Renewed Motion for Continuance of Pretrial Deadlines, supported by Declarations from BLU's experts who attested that the earliest they anticipated completing their invalidity and non-infringement reports was May 1, 2017 and June 1, 2017, respectively. [DE 116]. As a result of the good cause shown in the Renewed Motion for Continuance and the Objections to the Magistrate Judge's Orders [DE 88 and 95], the Court entered an Order of Continuance and Order Revising Pretrial Deadlines. *See* [DE 121] (the "Current Scheduling Order"). The Current Scheduling Order continues the Discovery Cutoff to May 30, 2017, the Summary Judgment

deadline to June 7, 2017 and the trial to November 13, 2017.  The Current Scheduling Order did not provide for a modification to the timing of expert disclosures provided by Federal Rule of Civil Procedure 26(a)(2)(D).

Thereafter, Plaintiff filed a Motion for Clarification or Status Conference, arguing that the Magistrate Judge's First Expert Order—which established an expert report deadline of January 10 and rebuttal report deadline of January 20, 2017—should be enforced, and that BLU should not be permitted to serve expert reports. [DE 123].  BLU opposed the motion, arguing *inter alia* that the First Expert Order was never effective because it was entered without authority under both the Order of Referral and the Rules of Civil Procedure, and because it would be tantamount to entry of a default against BLU. [DE 128].

The Magistrate Judge nevertheless granted the motion for clarification in part when the Court rendered the Second Expert Order, wherein it required Plaintiff to supplement its expert reports by April 11, 2017, and BLU to serve its expert reports on both invalidity and infringement by April 25, 2017, notwithstanding the sworn declarations of BLU's experts, explaining that they anticipated completing their invalidity reports by May 1, 2017 and their non-infringement (rebuttal) reports by June 1, 2017.

### III.   ARGUMENT.

#### A. The timing of the expert disclosures is governed by Rule 26 and the Current Scheduling Order did not modify those deadlines.

In the absence of a scheduling order modifying the expert disclosure deadlines imposed by the Federal Rules of Civil Procedure, the expert disclosure deadlines are imposed by the Rules. Rule 16 of the Federal Rules of Civil Procedure requires a court to issue a scheduling order to impose certain time limits, including deadlines such as the amending of pleadings, the completion of discovery, and the filing of motions. *See* Fed.R.Civ.P. 16(b)(1).  The Rule permits, but does not

3

require, a court to modify the timing of disclosures under Rule 26. Fed.R.Civ.P 16(b)(3)(B)(i). Rule 26 of the Federal Rules of Civil Procedure also provides that "[a]bsent a stipulation or court order, [expert] disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial…." Fed.R.Civ.P. 26(a)(2)(D).

Now that the Court issued the Current Scheduling Order, and continued the trial to November 13, 2017, the expert deadlines have been extended consistent with Rule 26. In light of the expert deadlines imposed by the Rules and the new trial date, there was no basis for modifying the deadlines.

**B. The Magistrate Judge the scope of his authority when he rendered the Second Expert Order purporting to modify the Current Scheduling Order.**

The Magistrate Judge did not have the authority to modify the Court's Current Scheduling Order since the Court's Order of Referral was limited and the Rules of Civil Procedure limit his authority in this regard.

Specifically, the Order of Referral provides that "[a]ny applications for extension or modification of pretrial deadlines or the trial date shall be made to the District Judge." *See* Order of Referral [DE 21]. Further, under Rule 16(b)(4) of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and **with the judge's consent**" (emphasis supplied). Accordingly, without any Order referring any modification of the Scheduling Order to the Magistrate Judge, the Magistrate Judge lacked the authority to modify the Court's Scheduling Order to require expert reports months before the time established by the Rules of Procedure.

4

LEGAL\29969571\1

**C. To the extent the Magistrate Judge had authority to modify the Current Scheduling Order, the deadline for BLU's expert disclosures should have reflected the experts' attested anticipated completion dates.**

As established by the "good cause" found by the Court in granting the Renewed Motion for Continuance of the Pretrial Deadlines, BLU will undoubtedly be critically prejudiced if it not given a fair and reasonable opportunity to have its experts prepare adequate expert disclosures.

As the Court is aware, Plaintiff intentionally delayed disclosing until December 2016 that it was pursuing 184 claims, supported by nearly 1,000 pages of infringement contentions. Plaintiff did not identify the vast majority of the 184 claims in any of the operative pleadings filed in this action. Although the Magistrate Judge has now recommended dismissal of the 156 claims that were not specifically identified by claim number in the First Amended Complaint, the Magistrate Judge has also recommended that the Court provide the Plaintiff with an opportunity to re-assert those claims. It is reasonable to expect that the Plaintiff will take advantage of such an opportunity, and will specifically identify some or all 184 claims in its next amended pleading.

It is presently unclear whether re-opening the pleadings will impact the trial date. This much, however, is certain: if the Court re-opens the pleadings, the pleadings will likely not be closed prior to the time that one or more of the deadlines in the Second Expert Order pass.

More significantly, as BLU's experts have already indicated in Declarations filed with the Court, they do not anticipate completing their expert reports until May and June in light of the number of patent claims that Plaintiff now asserts are at issue. Indeed, inherent in the Court's continuance was a finding of good cause as a result of the need for this additional time for BLU's experts to conclude their analysis and render their invalidity and non-infringement reports. To the extent that any modification to the Current Scheduling Order is required, BLU respectfully suggests that the expert discovery and summary judgment deadline can be extended to more than adequately meet the new trial date in November 2017.

5

As this Court's prior decisions suggest, BLU is "not required to simply accept the averments in the [Plaintiff's Expert] Declarations at face value. Rather, [BLU is] entitled to conduct discovery to determine whether there exists a basis to challenge them." *Ventrassist Pty Ltd. v. Heartware, Inc.,* 377 F.Supp.2d 1278 (S.D. Fla. 2005). BLU anticipates that its experts' disclosures will squarely challenge the Plaintiff's expert disclosures.

## IV. CONCLUSION.

For the foregoing reasons, BLU objects to the Magistrate Judge's Order and respectfully requests that the Court overrule the Order and enter expert deadlines consistent with BLU's experts' attested anticipated timing for the completion of their reports.

        Respectfully submitted,

        s/ Samuel A. Lewis
By:_____
    James A. Gale / Fla. Bar No. 371726
    E-Mail: JGale@Cozen.com
    Lawrence S. Gordon / Fla. Bar No. 382361
    E-Mail: LGordon@Cozen.com
    Samuel A. Lewis / Fla. Bar No. 55360
    E-mail: SLewis@Cozen.com
    Javier Sobrado / Fla. Bar No. 44992
    E-mail: JSobrado@Cozen.com
    COZEN O'CONNOR
    One Biscayne Tower, Suite 3000
    2 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone: 305-358-5001
    Telefax: 305-358-3309

      and

    Bernard L. Egozi / Fla. Bar No. 152544
    E-mail: begozi@egozilaw.com
    Egozi & Bennett, P.A.
    2999 NE 191st Street, Suite 407
    Aventura, FL 33180
    Telephone: 305-931-9342
    Telefax: 305-931-9343

    *Counsel for BLU*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the CM/ECF service on April 4, 2017 on all counsel or parties or record on the Service List below.

s/ Samuel A. Lewis
_____

### SERVICE LIST
*Blackberry Limited v. BLU Products, Inc.*
Case No. 1:16-cv-23535-FAM

| | |
|---|---|
| Ching-Lee Fuduka<br>Todd M. Simpson<br>Caroline Bercier<br>Sidley Austin LLP<br>787 Seventh Avenue<br>New York, NY 10019<br><br>David T. Pritikin<br>Douglas I. Lewis<br>Scott R. Lassar<br>Sidley Austin, LLP<br>One S. Dearborn<br>Chicago, IL 60603 | Thomas N. Tarnay<br>R. Seth Reich Jr.<br>Sidley Austin, LLP<br>2021 McKinney Avenue, Suite 2000<br>Dallas, TX 75201<br><br>Marcos D. Jimenez<br>Audrey M. Pumariega<br>McDermott Will & Emery LLP<br>333 Avenue of the Americas, Suite 4500<br>Miami, FL 33133 |