**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division**

Case Number: 16-23535-CIV-MORENO
Hon. John J. O'Sullivan, Magistrate Judge

BLACKBERRY LIMITED,

      Plaintiff,

vs.

BLU PRODUCTS, INC.

      BLU.

**PLAINTIFF BLACKBERRY LIMITED'S
OBJECTIONS TO REPORT AND RECOMMENDATION (DE 136)**

Plaintiff BlackBerry Limited ("BlackBerry") respectfully provides its objections to the March 27, 2017 Report and Recommendation ("Recommendation"). (DE 136.) First, BlackBerry objects to the Recommendation that the Court dismiss those patent claims not explicitly identified in BlackBerry's First Amended Complaint. (DE 16.) BlackBerry sufficiently pleaded its direct infringement claims pursuant to the pleading standard adopted in this District by providing detailed element-by-element analysis of at least one claim per patent as compared to specifically identified accused devices. Moreover, the Recommendation runs contrary to overwhelming authority, including from this District, under which BlackBerry's pleading is sufficient and instead relies on only two cases (one from outside the District and one from within), where, unlike here, the plaintiffs did not adequately address the *specified* claims in the pleading. Second, BlackBerry objects to the Recommendation that the Court defer ruling on BLU Products, Inc.'s ("BLU") 35 U.S.C. § 101 arguments and to permit BLU to re-brief them on summary judgment. Following the parties' thorough briefing, the Recommendation correctly

found that the claims challenged by BLU meet the § 101 eligibility requirements, and no further briefing is necessary.

BlackBerry, therefore, respectfully requests that the Court (1) not adopt the Recommendation to dismiss BlackBerry's unspecified claims in its First Amended Complaint or, in the alternative, adopt the Recommendation to allow BlackBerry to re-plead the unspecified claims,[1] and (2) modify the Recommendation to deny BLU's § 101 bases with prejudice.

## I. Procedural Background

BlackBerry commenced this action on August 16, 2016, and filed its First Amended Complaint (DE 16, "Complaint") on September 12, 2016.[2] In its Complaint, BlackBerry pleaded one or two exemplary claims per patent. These exemplary claims substantially overlap in subject matter with the later-asserted claims. BLU filed both its Answer (DE 26) and the instant Motion to Dismiss (DE 25) on November 4, 2016. In its Motion to Dismiss, BLU requested that the Court dismiss BlackBerry's Complaint because it allegedly failed to meet the pleading standard by not specifically identifying every prospective direct infringement claim and because four of the asserted patents recite patent-ineligible subject matter pursuant to 35 U.S.C. § 101. BlackBerry filed its opposition on November 22, 2016 (DE 48); BLU filed its reply on December 6, 2016 (DE 59), and BlackBerry, with leave of Court, filed a sur-reply on December 14, 2016. (DE 64.)

---

[1] BlackBerry's proposed Second Amended Complaint with updated infringement contentions, including the previously unspecified claims and an updated list of accused products, is attached hereto as Exhibit A. BlackBerry has not also attached the exhibits to the proposed Second Amended Complaint as they are voluminous, but they are available upon the Court's Request. Should the Court allow BlackBerry to file its proposed Second Amended Complaint, BlackBerry will attach all exhibits thereto with the filing.

[2] The Court dismissed the original complaint and simultaneously granted leave for BlackBerry to consolidate the present action with a related case (No. 1:16-cv-23536) filed the same day. (DE 15.)

2

Prior to even completing briefing on BLU's Motion to Dismiss, on November 21, 2016, the first day of discovery, BLU requested via interrogatory the identity of all asserted claims for the patents-in-suit. BlackBerry responded on December 21, 2016, with detailed infringement contentions including claim charts identifying every asserted claim, thus providing notice of the scope of asserted claims.[3] BlackBerry then provided even more comprehensive expert analysis of BLU's infringing conduct for all asserted claims and accused products by serving its expert reports on January 10, 2017. (*See* DE 73.) BlackBerry moved for summary judgment on February 10, 2017, again identifying all asserted claims and BLU's corresponding infringing products. (*See, e.g.*, DE 111-2.) Notwithstanding that BlackBerry disclosed detailed infringement contentions as early as December 21, 2016, and has provided full disclosure of its asserted claims, BLU continues to protest that BlackBerry intended to "ambush" BLU by withholding the full scope of asserted claims. (*See, e.g.*, DE 131 at 4.)

The Recommendation issued on March 27, 2017. (DE 136.) First, it addressed BLU's § 101 arguments and determined after "carefully review[ing] the patent claims" that "the claims are not abstract and/or represent an improvement on existing technology." (*Id.* at 5.) Nevertheless, the magistrate judge recommended that the Court defer ruling on § 101 until summary judgment to allow BLU to raise its § 101 arguments again. (*Id.* at 6, 9.) Second, the Recommendation urges dismissal without prejudice of "the unspecified claims which are not identified by claim number" in BlackBerry's Complaint. In so recommending, the magistrate judge reasoned that "[t]he defendant should be provided with notice of the purportedly infringed claim or claims which the plaintiff intends to pursue in the action."[4] (*Id.* at 8.)

---

[3] To date, BLU has never challenged the sufficiency of BlackBerry's infringement contentions.

[4] BlackBerry does not object to the Recommendation that the Court "permit the plaintiff to re-plead those claims" that were not identified in its Complaint (DE 136 at 8) if the Court adopts

## II. The Court Should Not Adopt the Recommendation to Dismiss the Unspecified Patent Claims in BlackBerry's First Amended Complaint

The Recommendation to dismiss the Complaint for failing to identify by claim number all potentially infringed claims at the pleading stage should be overturned. BlackBerry met the plausibility standard of *Twombly/Iqbal* by identifying at least one independent claim per patent and providing element-by-element infringement analysis for particular BLU devices and features that practice the specified limitations. The Recommendation cites, yet ignores, authority from this District holding that a plaintiff meets the *Twombly/Iqbal* pleading standard when it sufficiently pleads infringement of one claim—just as BlackBerry did. The Court should reject the Recommendation to dismiss BlackBerry's Complaint.

### A. A Direct Patent Infringement Claim Meets the *Twombly/Iqbal* Plausibility Standard by Adequately Pleading at Least One Patent Claim

Claims of direct patent infringement are subject to the pleading standard set forth in *Twombly* and *Iqbal*. (DE 136 at 7); *Global Tech Led, LLC v. Every Watt Matters, LLC*, No. 15-cv-61933, 2016 WL 6682015, at *2 (S.D. Fla. May 18, 2016) (citing *Atlas IP LLC v. Pacific Gas and Elec. Co.*, No. 15-cv-05469, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016)). However, following the December 1, 2015 amendments to the Federal Rules, including the abrogation of Rule 84 and Form 18 pleading for direct patent infringement, district courts have questioned how to reconcile the *Twombly/Iqbal* standard with the previous Form 18 pleading for such claims. *See, e.g.*, *Global Tech Led, LLC*, 2016 WL 6682015, at *2 (quoting *Atlas IP LLC*, 2016 WL 1719545, at *2) ("There exists 'a dearth of caselaw' adjudicating claims for direct patent infringement under the *Twombly/Iqbal* pleading standard."). As of the date of filing, neither the

---

the Recommendation to dismiss those unspecified claims or the finding that Counts I-III and VI recite patent-eligible subject matter pursuant to § 101. (*Id.* at 5-6.)

Federal Circuit[5] nor the 11th Circuit has resolved the December 2015 amendments with the *Twombly/Iqbal* pleading standard for direct patent infringement.  *See, e.g.*, *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 469 (D. Del. 2016) ("Absent specific guidance from the Federal Circuit directing the court to front-load the litigation process by requiring a detailed complaint in every instance, the court declines to do so.").

But, at least one court in this District has interpreted the plausibility standard of *Iqbal* and *Twombly* to require pleading only one claim per patent: "*Iqbal* and *Twombly*, of course, 'only require Plaintiff to state a plausible claim for relief, *which can be satisfied by adequately pleading infringement of one claim*.'"[6]  *Global Tech Led, LLC*, 2016 WL 6682015 at *2 (Bloom, J.) (adopting and quoting *Atlas IP LLC*, 2016 WL 1719545, at *5).  Other courts outside this District have consistently applied the same reasoning to claims of direct infringement.  *E.g.*, *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) (holding that the pleading standard requires factual allegations that permit "a court to infer that the accused product infringes each element *of at least one claim* . . ."); *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790, 2016 WL 4427209, at *10 (N.D. Cal. Aug. 22, 2016) (holding that the *Twombly/Iqbal* standard requires the plaintiff to "plausibly allege that the accused products practice each of the limitations found in *at least one asserted claim*"); *Scripps Research Inst. v. Illumina, Inc.*, No. 16-cv-661, 2016 WL 6834024, at *6 (S.D. Cal. Nov. 21, 2016) ("[T]he Court rejects Defendant's arguments that Plaintiff must at this stage identify all asserted claims against Defendant and all of its allegedly infringing products."); *Cont'l Circuits LLC v. Intel Corp.*, No.

---

[5] In *Lyda v. CBS Corporation*, decided soon after the abrogation of Rule 84 and Form 18, the Federal Circuit applied Form 18 pleading to direct infringement claims because the complaint was filed prior to the December 2015 amendments.  838 F.3d 1331, n.2 (Fed. Cir. 2016).

[6] All emphases herein are added, unless otherwise noted.

CV 16-2026, 2017 WL 679116, at *5 (D. Ariz. Feb. 21, 2017) ("Plaintiff must provide factual allegations regarding every limitation of *at least one claim* of each allegedly-infringed patent.").[7]

Consistent with this interpretation the *Twombly/Iqbal* standard, a complaint will overcome a motion to dismiss when the pleading itself states a "plausible" claim for relief. *DermaFocus LLC*, 201 F. Supp. 3d at 469 ("[T]he question a court must address with each case is whether the plaintiff at bar has provided sufficient information to allow the court to determine plausibility and to allow the named defendant to respond."). For example, "[a] plaintiff may have a plausible claim for direct infringement 'sufficient to withstand *Twombly/Iqbal* scrutiny' by 'specifically identifying products' which 'perform the same unique function as the patented system.'"[8] *Id.* (internal alterations omitted) (quoting *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1010 (D.N.J. 2016)); *Windy City Innovations, LLC*, 193 F. Supp. 3d at 1115 (denying motion to dismiss direct infringement claims because the complaint identified one claim, the accused products, and the factual bases for its direct infringement claim); *Audio MPEG, Inc.*, 2016 WL 7010947, at *8 (finding the *Twombly/Iqbal* standard met when complaint

---

[7] *See also DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 469 (D. Del. 2016) (Robinson, J.) ("the court concludes that plaintiff has given defendant reasonable notice of a plausible claim for direct infringement of at least independent claim 1 . . . by use of defendant's Ulthera System."); *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1115 (N.D. Cal. 2016) (rejecting defendant's argument that it is "entitled to notice at the pleading stage of which specific products infringed on which specific claims in the patents"); *Audio MPEG, Inc. HP Inc. v. Società Italiana Per Lo Sviluppo Dell' Elettronica Spa*, No. 2:15-CV-00073, 2016 WL 7010947, at *8 (E.D. Va. July 1, 2016) (finding that plaintiff met the *Twombly/Iqbal* standard by "specifically identif[ying] at least one claim of each of the Asserted Patents that covers technology essential to the MPEG Standards"); *Incom Corp. v. Walt Disney Co.*, No. 15-3011, 2016 WL 4942032, at *3 (C.D. Cal. Feb. 4, 2016) (holding that pleading met the *Twombly/Iqbal* standard by identifying specific products and describing how they perform the patented function).

[8] A single well-pleaded claim meets the *Twombly/Iqbal* standard for direct infringement regardless of whether it is characterized as "representative." *See DermaFocus LLC*, 201 F. Supp. 3d at 469-470 (denying motion to dismiss when plaintiff met pleading standard "of at least independent claim 1").

6

stated that "any device that complies with the MPEG Standards—such as [defendant]'s devices—necessarily infringes each of the Asserted Patents"). Simply put, if the pleading alleges facts sufficient to show that the accused product meets the limitations of the asserted claim, then it meets the plausibility requirement of *Twombly* and *Iqbal*—but not for failure to assert every claim prospectively. *See e.Digital Corp.*, 2016 WL 4427209, at *4 (requiring plaintiff to "plausibly allege that the accused products practice each of the limitations found in *at least one* asserted claim," but dismissing the pleading for failing to allege facts for one element of the exemplary claim).

### B.     BlackBerry Adequately Pleaded its Direct Infringement Claims

BlackBerry does not dispute that claims of direct patent infringement are subject to the pleading requirements of *Twombly* and *Iqbal*, (DE 136 at 7 (citing *Global Tech Led, LLC*, 2016 U.S. Dist. LEXIS 122111, at *4), and that threadbare allegations of infringement with no supportive factual assertions do not meet the plausibility standard. *E.g.*, *Global Tech Led, LLC*, 2016 WL 6682015, at *3. However, BlackBerry respectfully objects to the determination that its pleading does not meet the plausibility standard of *Twombly/Iqbal*. In finding that Blackberry must plead infringement of every potentially asserted claim prospectively in its initial pleading, the Recommendation overlooks not only BlackBerry's well-supported allegations, but also authority from within and outside this District holding otherwise.

BlackBerry identified at least one independent claim per patent (and often more than one), compared each element to specific BLU devices, and then explained with, *inter alia*, screenshots, websites, and product comparisons, how each feature meets each limitation. This level of detailed pleading has been found to meet the plausibility standard set forth in *Twombly/Iqbal* as applied to claims of direct infringement. *See, e.g.*, *DermaFocus LLC*, 201 F. Supp. 3d at 469; *Audio MPEG, Inc.*, 2016 WL 7010947, at *8. And in fact, BLU has not

challenged the sufficiency of BlackBerry's currently pleaded direct infringement claims, nor has the Court found them to fall short of the *Twombly/Iqbal* plausibility standard.

The cases relied upon in the Recommendation do not support dismissal of BlackBerry's unspecified claims. First, the cited authority does not support the strict interpretation of *Twombly/Iqbal* as requiring identification of all asserted claims at the pleading stage; both *Global Tech Led* and *Atlas IP* held that "*Iqbal* and *Twombly* only require Plaintiff to state a plausible claim for relief, *which can be satisfied by adequately pleading infringement of one claim*." *Atlas IP LLC*, 2016 WL 1719545, at *5; *Global Tech Led, LLC*, 2016 WL 6682015, at *2. And the passage cited in the Recommendation ("Plaintiffs must detail how each claim is infringed," *Ashgari-Kamrani v. United Services Auto. Ass'n*, No. 2:15cv478, 2016 WL 1253533, at *4 (E.D. Va. March 22, 2016), has been characterized as dicta that is "contrary to the majority of cases" applying the *Twombly/Iqbal* standard to claims of direct infringement.[9] *Cont'l Circuits LLC*, 2017 WL 679116, at n.6.

Second, none of the pleadings at issue in the cases relied on as a basis for the Recommendation to dismiss sufficiently set forth at least one claim of direct infringement. Unlike BlackBerry's Complaint, in *Global Tech Led, LLC*, the operative pleading did not provide specific allegations tying the accused features to the elements of at least one claim. 2016 WL 6682015, at *3. Instead, Judge Bloom rejected the pleading because:

> Although Plaintiff's allegations "generally describe" the Accused Products and refer to the '424 patent claims . . . Plaintiff does not sufficiently tie any specific operation to a patent claim, relying instead on the "bare assertion" that Defendants infringe through the "making using, selling, or offering for sale, one or more of the

---

[9] Moreover, at least one Eastern District of Virginia court denied a motion to dismiss when the complaint "specifically identifie[d] *at least one claim of each of the Asserted Patents* that covers technology essential to the MPEG Standards." *Audio MPEG, Inc.*, 2016 WL 7010947, at *8-9.

8

> Accused Products." . . . The Amended Complaint simply does not plead the elements of any representative claim or specify any claim requirements . . .

*Id.* (internal citations omitted).  Similarly, the pleading at issue in *Atlas IP LLC* "recite[d] only some of the elements of the sole asserted claim, and provide[d] only a threadbare description of the alleged abilities of the accused device."  2016 WL 1719545, at *3.  Nor did the pleading in *Ashgari-Kamrani* rise to the level of element-by-element analysis provided by BlackBerry; in fact, that pleading failed to even identify which feature infringed the patent at issue.  *Ashgari-Kamrani*, 2016 WL 1253533, at *3-4.

Contrary to the Recommendation, BLU has not been "left to guess" which claims it directly infringes.  (DE 136 at 8.)  BlackBerry provided detailed claim charts with element-by-element analysis of each asserted claim as compared to specific products sold by BLU within the first month of discovery on December 21, 2016, again via its expert reports on January 10, 2017, and again when it moved for summary judgment on February 10, 2017.[10]  Moreover, the *Twombly/Iqbal* standard does not hinge on whether or not a defendant has early notice of every potentially infringed claim because "indeed, it may not be possible for a plaintiff to describe its case-in-chief with particularity at the outset of litigation, without access to the accused method, the accused apparatus for reverse engineering, or confidential data such as source code."

---

[10] BlackBerry does not suggest that the Court look beyond the Complaint to determine the outcome of this Motion.  However, pleading one patent claim followed by early disclosure of all asserted claims during discovery is consistent with other jurisdictions' local patent rules that allow identification of all asserted claims via infringement contentions.  *See, e.g.*, *Windy City Innovations, LLC*, 193 F. Supp. 3d at 1115 ("defendant's argument that it should be entitled to notice at the pleading stage of which specific products infringed on which specific claims in the patents is belied by both the local patent rules and Federal Circuit authority.").  Complaints in this District should not be held to a more stringent pleading standard than those in districts that explicitly provide later disclosure of all claims.  *See, e.g.*, *Atlas IP LLC*, 2016 WL 1719545, at *5 (finding that "the disclosures required by the Patent Local Rules will soon provide more detailed notice" after holding that *Iqbal* and *Twombly* are "satisfied by adequately pleading infringement of one claim").

*DermaFocus LLC*, 201 F. Supp. 3d at 469 n.7.  And although "requir[ing] a patentee to plausibly allege that the accused product practices each of the limitations *in at least one asserted claim* should not impose an undue burden," if required to identify every instance of potential infringement at the outset of litigation, plaintiffs would be unnecessarily limited in the relief they could seek because "[t]here may be circumstances in which a patentee cannot confirm the fact of infringement without obtaining discovery from the defendant."  *e.Digital Corp.*, 2016 WL 4427209, at n.2.

BlackBerry respectfully urges the Court to adopt the *Twombly/Iqbal* interpretation articulated in cases such as *Global Tech Led, LLC*, by which claims of direct infringement survive a motion to dismiss when they sufficiently plead at least one claim per patent, rather than the demanding interpretation set forth in the Recommendation.  (*See* DE 136 at 8 (referring to *Werteks Closed Join Stock Co. v. Vitacost, Inc.*, No. 16-cv-60695, 2016 WL 5076169 (S.D. Fla. Sept. 20, 2016)).)

### C. In the Alternative, BlackBerry Requests that the Court Adopt the Recommendation to Allow BlackBerry to Re-Plead All Asserted Claims

However, if the Court adopts the Recommendation to dismiss BlackBerry's unspecified claims and, therefore, interprets *Twombly/Iqbal* to require prospective identification of every potentially infringed claim at the outset of litigation prior to any discovery, BlackBerry requests that the Court permit BlackBerry to re-plead the full scope of its asserted claims, pursuant to the Recommendation (DE 136 at 8, 9) and the practice of this Court.  *See Global Tech Led LLC*, 2016 WL 6682015, at *4 (granting leave to amend following dismissal of insufficiently supported direct infringement claim); *Werteks Closed Joint Stock*, 2016 WL 5076169, at *4 (dismissing unspecified claims without prejudice); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

As stated above, BlackBerry disclosed a detailed analysis of BLU's ongoing infringement of asserted claims on December 21, 2016. BLU would not be prejudiced by BlackBerry's proposed amendments because it has been on notice of the scope of BlackBerry's direct infringement claims, including the factual bases thereto, for nearly four months. In addition, BlackBerry did not delay seeking leave to amend because it understood its pleading to meet the requisite standard at the time of filing and throughout BLU's instant challenge.

Therefore, good cause exists to allow BlackBerry to amend its Complaint as set forth in Exhibit A. BlackBerry respectfully requests the Court to allow BlackBerry to file its proposed Amended Complaint pursuant to the Recommendation so that the litigation may continue without further delay.

## III. The Court Should Not Defer Ruling and Permit BLU to Re-Brief Its § 101 Arguments

BlackBerry respectfully objects to the Recommendation to permit BLU to raise § 101 for U.S. Patent Nos. 8,489,868, 8,713,466, 8,402,384, and 8,745,149 (Counts I-III and VI) at summary judgment. The Recommendation found after full briefing—including a sur-reply by BlackBerry—that "the patent claims arising from Counts I through III and Count VI . . . are not abstract and/or represent an improvement on existing technology." (DE 136 at 5.) No further analysis on the part of the parties, experts, or the Court is necessary to dispose of this issue.

Further development of the record, such as through expert opinion, will only serve to rehash arguments that have already been made. Additional analysis is unlikely to shift the legal arguments in any meaningful way from the thorough arguments set forth in the parties' exhaustive briefing. *See Trading Techs. Int'l v. CQG, Inc.*, --- F. App'x ---, No. 2016-1616, 2017 WL 192716, at *2 (Fed. Cir. Jan. 18, 2017) ("Patent eligibility under § 101 is an issue of law"). Rather, postponement of this issue until summary judgment will only impose additional

11

costs and expend further resources that could be dedicated to the resolution of other issues, such as BLU's other invalidity defenses pursuant to §§ 102, 103, and 112, in addition to the issues of direct and indirect infringement. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1364 (Fed. Cir. 2015) (Mayer, J., concurring) (stating that early resolution of § 101 "conserves scarce judicial resources and spares litigants the staggering costs associated with discovery").

For these reasons, BlackBerry respectfully requests the Court to hold that the asserted claims of U.S. Patent Nos. 8,489,868, 8,713,466, 8,402,384, and 8,745,149 (Counts I-III and VI) recite patent-eligible subject matter as already found, and deny BLU's Motion to Dismiss with prejudice.

## IV.     Conclusion

BlackBerry pleaded its direct infringement claims with the level of particularity required by *Twombly* and *Iqbal* and complied with the plausibility standard—as espoused in this District by *Global Tech Led, LLC*—by asserting at least one claim per patent in its Complaint. BlackBerry, therefore, respectfully requests that the Court reject the Recommendation to dismiss BlackBerry's unspecified claims in its First Amended Complaint. In the alternative, BlackBerry asks the Court to adopt the Recommendation to allow BlackBerry to re-plead all asserted claims, as set forth in Exhibit A.

Given the parties' thorough briefing and the informed conclusion that the asserted claims comply with § 101, BlackBerry respectfully requests that the Court modify the Recommendation and deny BLU's § 101 bases with prejudice, as further development of the record and briefing would provide little, if any, benefit to the Court.

Dated: April 10, 2017          Respectfully submitted,

By: */s/ Audrey M. Pumariega*

Ching-Lee Fukuda (*pro hac vice*)
clfukuda@sidley.com
Todd M. Simpson (*pro hac vice*)
tsimpson@sidley.com
Caroline Bercier (*pro hac vice*)
cbercier@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300 Telephone
(212) 839-5599 Facsimile

Thomas N. Tarnay (*pro hac vice*)
ttarnay@sidley.com
R. Seth Reich Jr. (*pro hac vice*)
seth.reich@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300 Telephone
(214) 981-3400 Facsimile

Marcos Daniel Jiménez (FBN 441503)
mjimenez@mwe.com
Audrey M. Pumariega (FBN 85206)
apumariega@mwe.com
MCDERMOTT WILL & EMERY LLP
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
(305) 358-3500 Telephone
(305) 347-6500 Facsimile

Scott R. Lassar (*pro hac vice*)
slassar@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000 Telephone
(312) 853-7036 Facsimile

*Attorneys for Plaintiff BlackBerry Limited*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on April 10, 2017, on all counsel or parties of record.

/s/ Audrey M. Pumariega
Audrey M. Pumariega