**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division**

**Case Number: 16-23535-CIV-MORENO
Hon. John J. O'Sullivan, Magistrate Judge**

BLACKBERRY LIMITED,

       Plaintiff,

   vs.

BLU PRODUCTS, INC.

       BLU.

**PLAINTIFF BLACKBERRY LIMITED'S OPPOSITION
TO MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW**

# <u>TABLE OF CONTENTS</u>

I.    Background ......................................................................................................1

      A.    District Court Litigation Procedural History .........................................1

      B.    Inter Partes Review Status ....................................................................3

II.    Applicable Legal Standards ............................................................................5

III.    Discussion/Argument .....................................................................................7

      A.    A Stay Would Not Simplify the Issues as Twelve Asserted  Patents Remain Unchallenged ...........................................................................................8

      B.    A Stay Would Prejudice BlackBerry by Depriving It of Its Patent Rights While Allowing BLU to Continue to Benefit from Its Ongoing Infringement and Tactical Delays.......................................................................................9

      C.    BLU's Efforts to Stall Nearly Complete Discovery and Imminent Trial Weigh Heavily Against a Stay.....................................................................................13

IV.    Conclusion ....................................................................................................15

# TABLE OF AUTHORITIES

### CASES

*Audio MPEG, Inc. v. Hewlett-Packard Com.*,
No. 2:15cv73, 2015 U.S. Dist. LEXIS 126014 (E.D. Va. Sept. 15, 2015) ............................. 17

*Baratta v. Homeland Housewares, LLC*,
No. 05-60187, 2007 WL 4365596 (S.D. Fla. Dec. 13, 2007) ................................................. 6, 9

*Belden Techs. Inc. v. Superior Essex Communs. LP*,
No. 08-63, 2010 WL 3522327 (D. Del. Sep. 2, 2010) ........................................................ 8, 14

*Black & Decker Inc. v. Positec USA, Inc.*,
No. 13 C 3075, 2013 U.S. Dist. LEXIS 153795 (N.D. Ill. Oct. 1, 2013) ............................... 17

*Blendermann v. Lifewave, Inc.*,
No. 2:15-cv-14265 (S.D. Fla. Sept. 14, 2016) (DE 51-52) ....................................................... 9

*CANVS Corp. v. FLIR Sys.*,
No. 2:14-cv-180-FtM-38CM, 2014 U.S. Dist. LEXIS 168682 (M.D. Fla. Dec. 5, 2016) ....... 14

*Canvs Corp. v. United States*,
118 Fed. Cl. 587 (2014) .............................................................................................................. 6

*Capriola Corp. v. LaRose Indus., LLC*,
No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013) ........................ 17

*Conair Corp. v. Tre Milano, LLC*,
No. 3:14-cv-1554, 2015 WL 4041724 (D. Conn. July 1, 2015) ................................................. 7

*Dane Techs., Inc. v. Gatekeeper Sys., Inc.*,
No. 12-2730, 2013 WL 4483355 (D. Minn. Aug. 20, 2013) ......................................... 7, 12, 13

*Davol, Inc. v. Atrium Med. Corp.*,
No. 12-958, 2013 WL 3013343 (D. Del. June 17, 2013) .................................................. 12, 15

*Dorman Prods. v. PACCAR, Inc.*,
No. 13-6383, 2014 U.S. Dist. LEXIS 82069 (E.D. Pa. June 16, 2014) ................................... 14

*Ignite USA v. Pacific Market Int'l, LLC*,
No. 14 C 856, 2014 U.S. Dist. LEXIS 73412 (N.D. Ill. May 29, 2014) ................................. 17

*Imagevision.net, Inc. v. Internet Payment Exch., Inc.*,
No. 12-054, 2013 WL 663535 (D. Del. Feb. 25, 2013), *report and recommendation
adopted*, No. 12-054-GMS, 2013 WL 1743854 (D. Del. Apr. 22, 2013) ...................... 7, 8, 16

*In re TLI Communs. LLC, Patent Litig.*,
MDL No. 1:14md2534, 2014 U.S. Dist. LEXIS 182206 (E.D. Va. Aug. 11, 2014) ............... 15

*Intellectual Ventures I, LLC v. Motorola Mobility LLC*,
No. 13-61358, 2014 WL 12584301 (S.D. Fla. 2014) ...................................................... 15, 16

*Otto Bock HealthCare LP v. Össur HF*,
No. SACV 13-00891, 2013 U.S. Dist. LEXIS 188428 (C.D. Cal. Dec. 16, 2013) ................... 6

*Roblor Marketing Group, Inc. v. GPS Industries, Inc.*,
  633 F. Supp. 2d 1341 (S.D. Fla. 2008) .................................................................................. 15

*RR Donnelley & Sons Co. v. Xerox Corp.*,
  No. 12-cv-6198, 2013 2013 WL 6645472 (N.D. Ill. Dec. 16, 2013) .................................. 7, 13

*SCVNGR v. ECHARGE Licensing*,
  No. 13-12418, 2014 WL 4804738 (D. Mass. Sept. 25, 2014)............................................. 8, 10

*Shaw Indus. Grp. v. Automated Creel Sys.*,
  817 F.3d 1293 (Fed. Cir. 2016) ................................................................................................ 10

*Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*,
  No. 6:12cv221, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014).................................................. 8

*United States Nutraceuticals LLC v. Cyanotech Corp.*,
  No. 5:12-cv-366, 2014 WL 12618117 (M.D. Fla. Jan. 27, 2014) .......................................... 10

*Univ. of Va. Patent Found. v. Hamilton Co.*,
  No. 3:13-CV-00033, 2014 U.S. Dist. LEXIS 135202 (W.D. Va. Sept. 25, 2014) .................. 17

*Versata Software, Inc. v. Allidus Software, Inc.*,
  771 F.3d 1368 (Fed. Cir. 2014) ................................................................................................ 17

*Wonderland Nurserygoods Co. v. Kids II, Inc.*,
  No. 1:13-CV-01114, 2016 WL 3958733 (N.D. Ga. Feb. 10, 2016) ........................................ 10

*Zillow, Inc. v. Trulia, Inc.*,
  No. 12-1549, 2013 U.S. Dist. LEXIS 144919 (W.D. Wash. Oct. 7, 2013) ............................ 14

## STATUTES

35 U.S.C. § 313 ............................................................................................................................... 5

35 U.S.C. § 314 ........................................................................................................................... 4, 5

35 U.S.C. § 315 ........................................................................................................................... 4, 5

35 U.S.C. § 316 ........................................................................................................................... 4, 6

## REGULATIONS

37 C.F.R. § 42.107 .......................................................................................................................... 4

Plaintiff BlackBerry Limited ("BlackBerry") provides its response in opposition to BLU Products, Inc.'s ("BLU") Motion to Stay Litigation Pending Resolution of *Inter Partes* Review. (DE 142.)  This Motion represents BLU's most recent effort to delay this litigation and avoid its liability for infringing BlackBerry's patents and should be denied.  BLU essentially asks the Court to accept the hypothetical proposition that all patents asserted in this action have already been challenged, that institution of *inter partes* review for every patent is certain, and that every claim will inevitably be invalidated.  However, only *three* of the *fifteen* asserted patents in this litigation have been challenged, and *none* of these petitions have been instituted.  BLU has sought delay after delay in an effort to facilitate its challenges to BlackBerry's patents, while simultaneously ignoring its obligations.  Meanwhile, BlackBerry has engaged in extensive discovery, both fact and expert, and expended substantial resources to develop its infringement case.  Now that the close of discovery is near, with deadlines for summary judgment, dispositive motions, and trial scheduled in upcoming months, BLU seeks to escape its responsibilities by relying on *inter partes* review petitions filed by a third party (against only three patents) as a basis to stay this case.  But BLU's speculation as to the outcome of the third party un-instituted petitions, and its mere insistence that the remaining patents will soon be challenged do not justify a stay.  BlackBerry, therefore, respectfully requests that the Court deny BLU's Motion.

## I.    Background

### A.    District Court Litigation Procedural History

Before this litigation began, BlackBerry sent two notices to BLU, alleging that its products infringe the standard essential patents[1] ("SEPs") on November 21 and December 8,

---

[1]   The patents asserted in this litigation fall into two categories: the standard essential patents and the non-standard essential patents ("non-SEPs").  BlackBerry's First Amended Complaint explains the standards-setting process and BlackBerry's obligation to license its SEPs on FRAND terms.  (DE 16 ¶¶ 1-8, 28-39.)

2015, and offered BLU a license for these and other patents on fair, reasonable, and non-discriminatory terms ("FRAND").  But BLU never responded to BlackBerry's licensing offers. (DE 16 ¶¶ 40-45.)  BlackBerry continued to contact BLU as late as May 2016 in the hopes of reaching a licensing agreement without resorting to litigation, but BLU refused to even negotiate. (DE 110 at Ex. K-1.)  After repeated, albeit one-sided, attempts to reach an alternate resolution, BlackBerry initiated this suit for patent infringement against BLU on August 16, 2016.  (DE 1).

Following the filing of BlackBerry's First Amended Complaint (DE 16, "Complaint"), the Court issued the Scheduling Order Setting Trial and opened discovery on November 15, 2016.  (DE 30.)  During this initial period of discovery, BlackBerry produced thousands of documents; responded to BLU's interrogatories and requests for admission; took several depositions, including two of BLU's 30(b)(6) designees; and served its opening expert reports on infringement and damages.  For its part, BLU produced well over 69 thousand (~69,000) native documents, comprising mostly sales receipts in a virtually unusable form, totaling over 66 GB of raw data, and partially responded to BlackBerry's interrogatories.[2]  After the close of discovery on January 30, 2017, BlackBerry filed a motion for summary judgement[3] on all dispositive issues.  (DE 109-111.)

Over the course of this litigation, BLU has sought several continuances from the Court and objected to multiple interim discovery deadlines.  BLU first moved to extend pretrial and trial deadlines by a year on November 29, 2016 (DE 53), which the Court denied on December 13, 2016.  (DE 60.)  After the unexpected withdrawal of BLU's original counsel on January 6,

---

[2]  BLU has not provided complete responses to BlackBerry's interrogatories requesting the factual bases of BLU's non-infringement and invalidity defenses for eleven of the fifteen asserted patents.

[3]  On the deadline for the submission of its response, BLU requested an extension to file its opposition to BlackBerry's Motion for Summary Judgment.  (DE 118.)

2017 (DE 83), BLU objected to the Court's requirement that it obtain new counsel and to the Court's deadline for the exchange of expert reports.  (DE 95, 88.)  BLU then filed another Motion to Continue Pretrial Deadlines on January 13, asking, *inter alia*, for a six-month continuance.  (DE 93.)  The Court denied BLU's second request to continue on February 3, 2017.  (DE 108.)  Two weeks later, BLU filed a Renewed Motion to Continue Pretrial Deadlines—its third such request in as many months.  (DE 116.)  Over BlackBerry's opposition, the court issued a new pretrial schedule on March 6, 2017, calling for additional discovery through May 30, 2017, the previous date for the start of trial.  (DE 121, 30.)

Since then, the parties have engaged in further discovery and motion practice.  Pursuant to the Court's Order (DE 134), BlackBerry served its supplemental expert reports on April 11, 2017, and expects to receive all of BLU's expert reports on April 25, 2017.  (*See* DE 143.)  Since its new counsel appeared at the end of March—only a few weeks ago—BLU has already moved to strike (DE 131), challenged BlackBerry's confidentiality designations (DE 132), sought a modification of the protective order (*id.*), and filed the instant Motion to Stay.  (DE 142.)  The parties are set to submit summary judgment motions on June 7, dispositive motions on September 13, and pretrial filings beginning October 25, 2017.  (DE 121.)  Trial commences on November 13, 2017.  (*Id.*)

### B.   *Inter Partes* **Review Status**

Third party Google, Inc. ("Google") filed four petitions[4] for *inter partes* review ("IPR") on February 16, 2017, challenging the validity of U.S. Patent Nos. 8,745,149, 8,402,384, and

---

[4]   IPR2017-00911, IPR2017-00912 (both directed to the '384 patent), IPR2017-00913, and IPR2017-00914.

8,713,466 ("the challenged patents").  The timeline[5] for submissions in the Google IPRs are as follows:

| Event | Deadline |
|-------|----------|
| BlackBerry's Preliminary Response | June 15, 2017 |
| PTAB Institution Decision | September 15, 2017 |
| Final Written Decision, if instituted[6] | September 15, 2018 |
| Final Opinion on Appeal to the U.S. Court of Appeals for the Federal Circuit[7] | September 2019 – March 2020 |

To date, BLU has not itself filed any IPR petitions against BlackBerry's patents.  Even if BLU files its allegedly forthcoming petitions "in the next month or so" (DE 142 at 2), BlackBerry's preliminary response will not be due until the end of July 2017.  And by statute, BLU may file IPR petitions for the asserted patents as late as a year from the date of service of the original Complaint.  35 U.S.C. § 315(b).  So, if BLU waits until the statutory deadline, BlackBerry's preliminary responses would not be due until mid to late-November 2017—within days of the start of trial—with no institution decision until February 2018.  The two potential timelines, depending on when (and if) BLU files IPR petitions, are as follows:

| Event | If BLU files in "a month or so" (DE 142) | If BLU files by August 16, 2017 |
|-------|------------------------------------------|---------------------------------|
| BlackBerry's Preliminary Response[8] | August 2017 | December 2017 |
| PTAB Institution Decision | November 2017 | March 2018 |
| Final Written Decision, if instituted | November 2018 | March 2019 |

---

[5] Calculated based on the statutory and regulatory deadlines set forth in 37 C.F.R. § 42.107 and 35 U.S.C. § 314(b).

[6] These deadlines and those provided *infra* do not take into account the possibility of an extension, which could push all deadlines back six more months.  *See* 35 U.S.C. § 316(a)(11).

[7] Assuming 12-18 months until resolution of an appeal to the Federal Circuit.

[8] These deadlines assume notices of filing date accorded are mailed within 2-3 weeks of the petitions being filed, setting the deadline for preliminary responses.

| Final Opinion on Appeal to the U.S. Court of Appeals for the Federal Circuit[9] | November 2019 – May 2020 | March 2020 – September 2020 |
|---|---|---|

Notwithstanding that BLU has not filed any IPRs against BlackBerry's patents, BLU filed the instant Motion to Stay on March 29, 2017.[10]  (DE 142.)

## II.    Applicable Legal Standards

A defendant to a patent infringement action is precluded from filing a petition for IPR challenging the asserted patent(s) more than one year after being served with the complaint.  35 U.S.C. § 315(b).  The patentee may provide its preliminary response to a timely filed petition, setting forth why the IPR should not be instituted.  *Id.* at § 313.  In making its institution decision, the Patent Trial and Appeals Board ("PTAB") considers the substance of both the petition and the patent owner's preliminary response.  35 U.S.C. § 314(a).  But absent a threshold showing of "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition," review will be denied.  *Id.*  And even if instituted, the petitioner must prove invalidity by a preponderance of the evidence in a lengthy process, *id.* at § 316(e), before the PTAB issues its final decision at least one year later.

In seeking a stay pending IPR, the moving party bears the burden of proving why a stay is warranted.  *Otto Bock HealthCare LP v. Össur HF*, No. SACV 13-00891, 2013 U.S. Dist. LEXIS 188428, at *4 (C.D. Cal. Dec. 16, 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).  "[S]uch showing must be based on more than the mere fact

---

[9]   *See supra* note 7.

[10]   BLU did not meet its obligations to meet and confer with BlackBerry prior to filing its Motion.  After corresponding via email, counsel for both parties spoke on the phone regarding the bases of BLU's request for a stay.  Following additional email correspondence, BLU's counsel stated that counsel for BlackBerry had "misunderstood" the bases of BLU's current filing, but that "we can discuss that at a later date when we get closer to filing."  Ex. A at 1.  No such conversation ever took place.  BLU's Local Rule 7.1 Certification is therefore incorrect.

that a petition for inter partes review was filed." *Canvs Corp. v. United States*, 118 Fed. Cl. 587, 592 (2014).  District courts typically review three factors to determine whether to grant a stay, including: (1) the potential for simplification of issues; (2) the tactical disadvantage and prejudice to the non-moving party; and (3) whether discovery is complete and a trial date is set. *Baratta v. Homeland Housewares, LLC*, No. 05-60187, 2007 WL 4365596, at *2 (S.D. Fla. Dec. 13, 2007).  "These factors are not exhaustive, however, as the decision whether to order a stay must be based on the totality of the circumstances." *Otto Bock HealthCare LP*, 2013 U.S. Dist. LEXIS 188428, at *4 (citation omitted).

"Even where a case is in its early stages of litigation, a stay should still be denied if it offers limited potential to narrow the issues in the case and the non-moving party will suffer undue prejudice by the delay." *Conair Corp. v. Tre Milano, LL*C, No. 3:14-cv-1554, 2015 WL 4041724, at *3 (D. Conn. July 1, 2015) (citation omitted).  Contrary to BLU's assertion, courts generally deny a stay when not all of the patents-at-issue have been challenged, rather than let the unchallenged patents "languish."  *RR Donnelley & Sons Co. v. Xerox Corp.*, No. 12-cv-6198, 2013 2013 WL 6645472, at *3 (N.D. Ill. Dec. 16, 2013) (denying motion to stay when four patents unchallenged and institution decision not due for months); *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, No. 12-2730, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013) (denying motion to stay because "the Court can only speculate as to whether the PTO will review a patent and to what extent").

One of the "most substantial and important" factors to evaluate is the prejudice to the nonmoving party.  *Imagevision.net, Inc. v. Internet Payment Exch., Inc.*, No. 12-054, 2013 WL 663535, at *5 (D. Del. Feb. 25, 2013), *report and recommendation adopted*, No. 12-054-GMS, 2013 WL 1743854 (D. Del. Apr. 22, 2013).  Delay tactics by the moving party and other dilatory

motives weigh against a stay.  *See Belden Techs. Inc. v. Superior Essex Communs. LP*, No. 08-63, 2010 WL 3522327, at *2 (D. Del. Sep. 2, 2010) (denying motion to stay when movant sought reexamination "well after" the onset of litigation); *SCVNGR v. ECHARGE Licensing*, No. 13-12418, 2014 WL 4804738, at *9 (D. Mass. Sept. 25, 2014) (stating that a dilatory motive weighs against a stay).  Moreover, any alleged burden to the moving party by "unnecessary litigation" is not a basis to grant a stay.  *Imagevision.ne, Inc.*, 2013 WL 663535, at *6 (denying stay when moving party failed to provide "any legal basis that litigation alone constitutes hardship or inequity").

Stays are also inappropriate where extensive discovery has occurred, including document production, multiple rounds of written discovery, depositions, and expert reports.  *E.g.*, *id.*, at *3 (denying motion to stay when "the parties here are well into discovery, and significant deadlines are scheduled in the coming months").  An imminent trial provides further reason to deny a stay.  *See Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12cv221, 2014 WL 4494479, at *3 (E.D. Tex. Jan. 14, 2014).

## III.   Discussion/Argument

BLU's Motion should be denied because all three factors weigh against a stay.  BLU has not filed a *single* IPR petition against BlackBerry's patents, and twelve of fifteen patents at issue remain unchallenged by anyone.  The institution decision for the Google petitions will not issue for several months, and even if instituted, the IPRs will not be resolved until well after trial.  Rather than a tool to potentially narrow issues, this Motion simply represents BLU's most recent effort to stall this litigation and gain a tactical advantage.

### A.      A Stay Would Not Simplify the Issues as Twelve Asserted
###           Patents Remain Unchallenged

BLU seeks to stay this litigation—even though it has not filed any IPR petitions itself—in its most recent effort to avoid liability for its ongoing infringement.  But BLU's efforts to convince the Court that all asserted patents in this action have already been challenged is nothing more than a "fervent desire and belief" without "any support in reality."  *Baratta*, 2007 WL 4365596, at *2.  Despite BLU's promises of future IPR petitions, only three of the fifteen asserted patents are currently the subject of IPR petitions, none of which have been instituted.  In fact, BLU's reliance on the *Blendermann* case demonstrates why a stay is inappropriate here, where only a minority of patents have been challenged and no reviews have been instituted.  In *Blendermann*, the issues were not streamlined in the least—the PTAB denied institution of all IPR petitions, and the parties continue to litigate today.  *Blendermann v. Lifewave, Inc.*, No. 2:15-cv-14265 (S.D. Fla. Sept. 14, 2016) (DE 51-52).  As in the *Blendermann* case, a stay here would not simplify the issues to be tried because there have been no institutions and twelve patents remain completely unchallenged.[11]  *See Wonderland Nurserygoods Co. v. Kids II, Inc.*, No. 1:13-CV-01114, 2016 WL 3958733, at *4 (N.D. Ga. Feb. 10, 2016) (denying stay when only one of two patents at issue challenged in an IPR); *SCVNGR, Inc.*, 2014 WL 4804738, at *10 (denying stay when only three of eight patents challenged).

Nor would a stay simplify the issues, where, as here, the challenged and unchallenged patents share common issues of fact and law.  *See United States Nutraceuticals LLC v.*

---

[11]  BLU's offers to be bound by the same estoppel provisions as Google ring hollow.  Statutory estoppel does not attach to any grounds on which the PTAB does not institute review.  *Shaw Indus. Grp. v. Automated Creel Sys.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016) (finding that estoppel attaches only to those grounds on which the PTAB institutes review).  Based on the Federal Circuit's interpretation, BLU would not be estopped from reasserting in this litigation or at the PTAB any grounds raised by Google, but on which the PTAB's institution decision did not rely.

*Cyanotech Corp.*, No. 5:12-cv-366, 2014 WL 12618117, at *3 (M.D. Fla. Jan. 27, 2014) (denying stay when scope of discovery would remain unaltered).  Staying the case would not alter the scope of discovery, which has progressed for all patents simultaneously with little distinction between efforts for the challenged and unchallenged patents.  BlackBerry and its experts rely on the same accused BLU phones to show infringement of both the challenged and unchallenged patents.  In addition, the Court will hear the overlapping evidence of BLU's willful and indirect infringement because such evidence applies to both sets of patents.  Simply put, the IPRs will not moot the issues to be tried.

It is worth emphasizing again that BLU itself has *not yet filed any challenges* to BlackBerry's patents.  Merely because BLU promises IPRs on the remaining twelve patents at some future date does not render the issues automatically simplified.  While BLU can pledge to challenge these patents, it cannot promise that the PTAB will institute review for all of them—or for all claims—nor can it promise that PTAB will ultimately find BLU's yet-unarticulated arguments persuasive.  And BLU's attempts to stretch its "simplification" argument to say that there will be "simultaneous proceedings in the Court and the PTAB" is no more than that—a stretch.  Dispositive motions are due within days of the institution decisions for the Google IPRs, and trial will either be underway or long over by the time the PTAB acts on BLU's yet-to-be-filed petitions.  Because the issues in this litigation will not be simplified by a stay, this factor weighs against granting the Motion.

**B.**     **A Stay Would Prejudice BlackBerry by Depriving It of Its Patent Rights While Allowing BLU to Continue to Benefit from Its Ongoing Infringement and Tactical Delays**

BlackBerry should not be prohibited from enforcing its patent rights by a stay that may persist until the appeals conclude years from now.  As noted, BLU seeks a stay based on Google's un-instituted IPR petitions against only three asserted patents and its own assertions of

9

future action.  However, the Google IPRs are in their earliest stages, and the PTAB will not even

issue its institution decision until September 2017—three months after the deadline for summary

judgment and within days of the deadline for dispositive motions.  Granting a stay at such a

premature stage would allow BLU to continue profiting from its infringement of BlackBerry's

patents, and regardless of their outcome, would not resolve the vast majority of the issues in this

case.  *See Davol, Inc. v. Atrium Med. Corp.*, No. 12-958, 2013 WL 3013343, at *2 (D. Del. June

17, 2013) (denying motion to stay when IPR in its earliest stages and therefore, "such a delay

risks unnecessarily impairing [plaintiff]'s patent rights").

BLU requests a stay although it has yet to file *any* IPRs against the remaining

unchallenged patents.  But if BLU delays its allegedly forthcoming IPR petitions until the

statutory deadline, a stay could deny BlackBerry the right to enforce its patents while providing

BLU an additional *three years* to benefit from its delay tactics and infringing conduct—*until

2020*.  Issuing a stay pending resolution of IPRs that *have not yet been filed* would significantly

harm and devalue BlackBerry's patent rights.  As the court in *Davol* correctly observed,

> [T]he status of the *inter partes* review is cause for some
> concern. . . the PTO proceedings are in their earliest stage and
> could be expected to last for nearly two years. . .  The court
> recognizes that such a delay risks unnecessarily impairing
> [plaintiff]'s patent rights, and finds that this sub-factor weighs
> against granting a stay.

*Davol, Inc.*, 2013 WL 3013343, at *2.  However, in this case, only Google's IPRs are "in their

earliest stage"—BLU's petitions do not even exist.

To assume that the PTAB will institute review, much less ultimately invalidate

BlackBerry's patents, is purely speculative.  *See Dane Techs., Inc.*, 2013 WL 4483355, at *2

(denying motion to stay in part "because the PTO's review of [the] petitions is speculative, and

because the scope of the PTO's possible review is also speculative").  For example, despite the

PTAB's policy disfavoring IPR petitions that recycle "the same or substantially the same prior art or arguments previously [] presented to the Office" during prosecution, *see* 35 U.S.C. § 325(d), in several cases the Google IPRs rely on the same primary and secondary references already considered and found insufficient by the examiner.[12]  These "recycled" references do not inspire confidence in Google's chances of institution, much less its ultimate challenge.

And BLU's statistics (for which BLU provides absolutely no supporting documentation) do not show that Google's petitions—or BLU's nonexistent petitions—are likely to succeed and therefore do not provide grounds for a stay.  *Dane Techs., Inc.*, 2013 WL 4483355, at *2 (referring to defendant's reliance on PTAB statistics as "too speculative"); *RR Donnelley & Sons Co.*, 2013 WL 6645472, at *3 ("The Court finds [defendant]'s assumption that the PTO will grant its petitions based solely on statistics too speculative.").  BLU's chart misleadingly suggests that in 2017, for example, the PTAB "held unpatentable / canceled" 77.7% of challenged patents.  But this figure is inapplicable and improperly inflated because it is based upon *already-instituted IPRs* (not filed petitions) where there was a finding of invalidity of *one or more claims* (not necessarily all challenged claims).  Again, it is impossible to draw any reliable conclusions from these statistics, as BLU failed to provide any citation or source attribution to verify or explain them.

Notwithstanding the severe prejudice to BlackBerry's enforcement abilities, BLU's request for a stay should be denied to prevent further tactical disadvantage to BlackBerry from BLU's delays.  Following commencement of this action, BLU has sought repeated delays to further extend its unauthorized use of BlackBerry's patented technology.  For example, BLU

---

[12]  For example, Google's petition in IPR2017-00911 concedes that it relies on two references whose disclosures were analyzed at length by the examiner during prosecution of the '149 patent.  (DE 142-1 at 3.)  And a counterpart to the primary reference in Google's petition in IPR2017-00913 was listed on the face of the '384 patent.  (DE 142-3 at 3.)

refuses to comply with its obligations to supplement its written discovery responses, and continues, as of the date of filing this brief, to withhold from BlackBerry the bases of its invalidity defenses for eleven of the fifteen asserted patents—all eleven of which are not the subject of *any* IPR petitions. (DE 111-28 at 16-25). Yet while BLU shirked its discovery obligations during the first round of discovery, it dedicated time and resources to impede the progress of this case through no less than three requests to continue (*see* DE 53, 93, 116) and objections to every Court order setting reasonable deadlines to expedite discovery (and continues to do so now). (*See* DE 88, 95, 118, 143.)

Unlike the cases cited by BLU where the defendant promptly filed IPR petitions, BLU has *not yet filed any IPR petitions* even though this litigation began eight months ago and BlackBerry sent its first notice letter over a year and a half ago.[13] BLU's request for a stay while simultaneously delaying the submission of its IPR petitions provides further reason to deny a stay. *See Belden Techs. Inc.*, 2010 WL 3522327, at *2 ("A request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage."). BLU's constant efforts to avoid its liability by delaying the resolution of this case demonstrate its dilatory motives and should not be rewarded with a stay.

Moreover, BLU distorts the facts of its cited cases to apply them here, although they are wholly distinct. BLU relies on cases in which the court granted a stay based on its finding that

---

[13]   *CANVS Corp. v. FLIR Sys.*, No. 2:14-cv-180-FtM-38CM, 2014 U.S. Dist. LEXIS 168682 (M.D. Fla. Dec. 5, 2016) (defendant filed IPR one day after filing answer and discovery not set to close for nine months); *Dorman Prods. v. PACCAR, Inc.*, No. 13-6383, 2014 U.S. Dist. LEXIS 82069 (E.D. Pa. June 16, 2014) (defendant filed IPR six months after receiving demand letter); *Zillow, Inc. v. Trulia, Inc.*, No. 12-1549, 2013 U.S. Dist. LEXIS 144919 (W.D. Wash. Oct. 7, 2013) (only one patent at issue, discovery in preliminary stages, and defendant promptly challenged the patent at PTAB).

the plaintiffs—non-practicing entities, colloquially known as a "patent trolls"—would suffer no prejudice.[14]   However, BlackBerry is no such entity and its experts have opined at length as to the ways that the patented technology relates to BlackBerry's products.  And whether or not BlackBerry moved for preliminary injunction is irrelevant to the prejudice determination: "there are a number of reasons that a plaintiff may choose to forego seeking injunctive relief that are wholly unrelated to the question of whether the parties are in direct competition," such as BlackBerry's FRAND obligations to license its SEPs.  *See Davol, Inc.*, 2013 WL 3013343, at *1 (denying motion to stay regardless of no request for a preliminary injunction); (DE 16 ¶ 8.) BLU's arguments fail to show that BlackBerry would *not* be prejudiced, and the stay should be denied.

**C.    BLU's Efforts to Stall Nearly Complete Discovery and Imminent Trial Weigh Heavily Against a Stay**

BLU denies that the parties have engaged in substantial discovery—notwithstanding that the initial period of discovery closed on January 30, 2017, and current discovery closes in just over a month.  But just because "BLU believes that this case is in its early stages" does not make it so.  While BLU relies on cases in which little to no discovery has taken place, it ignores that BlackBerry has already: produced significant materials pursuant to BLU's numerous document requests; responded to requests for admission and interrogatories; taken several depositions, including of 30(b)(6) designees; served opening expert reports four months ago and supplemental reports the day before filling this Opposition; and sifted through the 66 GB of raw

---

[14]   *Intellectual Ventures I, LLC v. Motorola Mobility LLC*, No. 13-61358, 2014 WL 12584301 (S.D. Fla. 2014) (finding no prejudice to non-practicing entity plaintiff when majority of patents challenged and no expert discovery taken); *Roblor Marketing Group, Inc. v. GPS Industries, Inc.,* 633 F. Supp. 2d 1341 (S.D. Fla. 2008) (finding no prejudice to non-practicing entity when discovery in its earliest stage); *In re TLI Commns. LLC, Patent Litig.*, MDL No. 1:14md2534, 2014 U.S. Dist. LEXIS 182206 (E.D. Va. Aug. 11, 2014) (same).

data produced by BLU.  With the exception of BLU's outstanding discovery deficiencies and expert reports, which are due in less than two weeks, all that remains for discovery is the service of BlackBerry's rebuttal reports in less than a month and expert depositions occurring soon after. BlackBerry's discovery obligations are nearly complete.

This is not a case in the early stages of litigation, but rather, a case speeding toward trial. Summary judgment briefing is set for June with dispositive motions to follow in early fall, and trial is scheduled for November, further demonstrating the advanced stage of this action.  *E.g.*, *Imagevision.net, Inc.*, 2013 WL 663535, at *3 (denying stay when "case dispositive motions loom in the near future").  And the *Intellectual Ventures* case cited by BLU from this District presents a foil to the present action rather than a parallel.  (*See* DE 142 n.3.); 2014 WL 12584301 (S.D. Fla. 2014).  In that case, fact discovery was not complete, expert discovery had not occurred, and trial was a year and a half away, *id.*, at *2, whereas here, the parties have already completed fact and expert discovery once, the second discovery period is nearly over, and trial is a few months away.[15]  In fact, all of the cases relied on in support of granting the stay, especially those stayed prior to IPR institution,[16] were at much earlier stages of litigation and had not progressed through significant discovery efforts in preparation for an already-scheduled trial.[17]

---

[15]  BLU's argument that this case is the early stages because claim construction has not occurred misses the point when the trial date is already set without separately scheduled claim construction briefing or a *Markman* hearing.

[16]  *E.g.*, *Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013) (litigation in its "incipient stage"); *Univ. of Va. Patent Found. v. Hamilton Co.*, No. 3:13-CV-00033, 2014 U.S. Dist. LEXIS 135202 (W.D. Va. Sept. 25, 2014) (all patents challenged while litigation in earliest phases of discovery).

[17]  *E.g.*, *Audio MPEG, Inc. v. Hewlett-Packard Com.*, No. 2:15cv73, 2015 U.S. Dist. LEXIS 126014 (E.D. Va. Sept. 15, 2015) (granting motion to stay when no discovery had taken place, trial was not scheduled, and plaintiff delayed filing its complaint); *Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 U.S. Dist. LEXIS 153795 (N.D. Ill. Oct. 1, 2013) (only *one claim* at issue in both IPR and litigation, and trial "not anticipated" for a year and a half); *Versata Software, Inc. v. Allidus Software, Inc.*, 771 F.3d 1368 (Fed. Cir. 2014) (all

BLU's cited authority and attempts to characterize this case as being in its infancy do not render BLU's belief true, and this factor also weighs against a stay.

## IV.   Conclusion

BLU has not met its burden of showing that a stay is warranted.  BLU has yet to file *any* IPRs, and twelve patents remain unchallenged.  The potential for simplification of issues is speculative, and BlackBerry will be prejudiced by any additional delay in the enforcement of its patent rights.  BLU's constant tactical delays and efforts to impede the already-advanced progress of this case provide further justification to deny a stay.  Notwithstanding BLU's efforts to stall, the parties have proceeded through fact and expert discovery, including substantial motion practice, and should not be prevented from continuing to resolution at the already-scheduled trial.  None of the factors weigh in favor of a stay, and BlackBerry respectfully requests that the Court deny the Motion.

---

independent claims of majority of patents challenged, no discovery taken, and PTAB decision to issue seven months before trial); *Ignite USA v. Pacific Market Int'l, LLC*, No. 14 C 856, 2014 U.S. Dist. LEXIS 73412 (N.D. Ill. May 29, 2014) (granting stay when no discovery deadlines set and plaintiff delayed filing infringement action for two years).

Dated: April 12, 2017                          Respectfully submitted,

By:  */s/ Marcos Daniel Jiménez*_____

Ching-Lee Fukuda (*pro hac vice*)   Marcos Daniel Jiménez (FBN 441503)
clfukuda@sidley.com       mjimenez@mwe.com
Todd M. Simpson (*pro hac vice*)   Audrey M. Pumariega (FBN 85206)
tsimpson@sidley.com       apumariega@mwe.com
Caroline Bercier (*pro hac vice*)   MCDERMOTT WILL & EMERY LLP
cbercier@sidley.com       333 SE 2nd Avenue, Suite 4500
SIDLEY AUSTIN LLP      Miami, Florida 33131
787 Seventh Avenue      (305) 358-3500 Telephone
New York, New York 10019   (305) 347-6500 Facsimile
(212) 839-5300 Telephone
(212) 839-5599 Facsimile    Scott R. Lassar (*pro hac vice*)
            slassar@sidley.com
Thomas N. Tarnay (*pro hac vice*)  Douglas I. Lewis
ttarnay@sidley.com       dlewis@sidley.com
R. Seth Reich Jr. (*pro hac vice*)   SIDLEY AUSTIN LLP
seth.reich@sidley.com      One South Dearborn
SIDLEY AUSTIN LLP      Chicago, Illinois 60603
2021 McKinney Avenue, Suite 2000 (312) 853-7000 Telephone
Dallas, Texas 75201      (312) 853-7036 Facsimile
(214) 981-3300 Telephone
(214) 981-3400 Facsimile

*Attorneys for Plaintiff BlackBerry Limited*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

CM/ECF on April 12, 2017, on all counsel or parties of record.

/s/ Marcos Daniel Jiménez
Marcos Daniel Jiménez