UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 16-235-35-CIV-MORENO
Hon. John J. O'Sullivan, Magistrate Judge

BLACKBERRY LIMITED,

    Plaintiff,

vs.

BLU PRODUCTS, INC.

    Defendant.

**PLAINTIFF BLACKBERRY LIMITED'S RESPONSE IN OPPOSITION TO
DEFENDANT BLU PRODUCTS, INC.'S OBJECTIONS TO ORDER**

Plaintiff BlackBerry Limited ("BlackBerry") herein responds to Defendant BLU Products, Inc.'s ("BLU") Objections to the Order Granting in Part Plaintiff's Motion for Clarification and Setting and Modifying of Pretrial Deadlines for Expert Reports ("Objections"). (DE 143.) BLU's Objections represent another effort to delay and avoid liability for its ongoing and continuous infringement and should be overruled. BLU argued that it could serve expert reports months after the close of all discovery on May 30, 2017. The magistrate judge acted well within his authority in setting interim expert report deadlines to enable the parties' timely completion of discovery by the Court's May 30 deadline for all discovery. BLU does not articulate any valid reason why the magistrate judge clearly erred or acted contrary to law. For these reasons, BlackBerry respectfully requests the Court to overrule BLU's Objections and affirm the deadlines for service of expert reports set forth in DE 134.

**I.    BACKGROUND**

BlackBerry served its opening reports on infringement on January 10, 2017, pursuant to the previous deadline for the exchange of expert reports. (DE 73.) The close of the initial period

of discovery passed on January 30, 2016, without service of any expert reports by BLU. (*See* DE 30.) In response to BLU's Renewed Motion to Stay (DE 116), the Court ordered that "[a]ll expert discovery must be completed by **May 30, 2017**." ("Order of Continuance," DE 121 at ¶ 6(a).)

Soon after, BlackBerry requested a hearing to clarify the scope of expert discovery contemplated under the new schedule. (DE 123.) BlackBerry proposed that because the new schedule did not provide dates for the service of expert reports or overrule the previous January 10 deadline (DE 73), the Court had not authorized BLU to serve late reports. In response (DE 128), BLU argued that the Rule 26 default deadlines excused it from complying with the Court's May 30, 2017 deadline for the close of fact and expert discovery—an argument it previously made (DE 88), but that the Court did not adopt in its Order of Continuance.

At the outset of the hearing, the magistrate judge indicated his inclination to allow BLU to serve expert reports. (DE 138 at 3:11-13.) In response, BlackBerry proposed reasonable dates for the service of expert reports, taking into account the additional time needed for expert depositions before the May 30 deadline. The magistrate judge ultimately accepted these dates. ("Order"). (DE 134.) Almost two weeks later, BLU filed its Objections, arguing yet again that the Court's close of discovery deadline does not apply to BLU's expert report disclosures because the default deadlines in Rule 26 govern expert discovery in this case. (DE 143.)

II.     **RESPONSE TO OBJECTIONS**

BLU again seeks to avoid its discovery obligations by objecting to the magistrate judge's reasonable deadlines for service of expert reports. Contrary to BLU's assertion, the current schedule replaces the default discovery deadlines in Rule 26 by setting the close of all discovery on May 30, 2017. The magistrate judge acted within his authority in setting these interim deadlines to ensure that the parties completed all discovery on time. Moreover, expert report

deadlines were even more necessary because BLU argued that it was not subject to the Court's May 30 discovery deadline and could serve its reports months after that date. The magistrate judge's action is not clearly erroneous or contrary to law and should be affirmed.

### A. The Order of Continuance Controls the Deadline for Expert Disclosures

Rule 26 governs the scope and default timing for disclosure of expert reports, including limitations on expert depositions. For experts required to provide a report outlining their trial opinions, "[a] party must make [its expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "Absent a stipulation or a court order" setting the deadline for expert discovery, Rule 26(a)(2)(D) provides default timing for the parties to disclose expert opinions based on the trial date. Rule 26 also restricts expert depositions to be conducted "only after the report is provided." Fed. R. Civ. P. 26(b)(4)(A).

As is common, the Court supplanted the default Rule 26 expert disclosure deadlines by ordering a date certain for the completion of all expert discovery. The Court unequivocally ordered that "[a]ll expert and non-expert discovery must be completed by **May 30, 2017**." (DE 121 (emphasis in original).) On its face, this provision forecloses the possibility of any discovery—fact or expert—after May 30, 2017. It follows that each party must complete all expert disclosures and expert depositions (which may only be conducted after service of the reports) before the Court's May 30 deadline—not the later default deadline provided in Rule 26. BLU's insistence that it may serve expert reports as late as August 2017 is explicitly prohibited by the schedule currently in place, because, as provided by Rule 26 itself, the Court's Order of Continuance superseded the default deadlines, rendering them inapplicable here. BLU's objections should be overruled.

3

### B. The Local Rules and the Court Authorized the Magistrate Judge to Set Expert Report Deadlines

In the Southern District of Florida, a District Judge "may refer to a Magistrate Judge any matter within the scope" of the Local Rules, but need not issue a specific order doing so.  S.D. Fla. Mag. J. R. 2.  The Local Rules allow magistrate judges to supervise the calendar in civil actions and to "hear and determine any procedural or discovery motion or other pretrial matter in a civil case," including "any preliminary matters . . . arising in the exercise of the authority conferred."  S.D. Fla. Mag. J. R. at 1(i)(1); *id.* at 1(c); *id.* at 1(d)(2); (*see also* DE 21 (authorizing the magistrate judge pursuant to the Local Rules and 28 U.S.C. § 636 "to take all necessary and proper action as required by law, with respect to *any and all pretrial matters*") (emphasis added)); 28 U.S.C. § 636(b)(1)(A) (stating that a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court").

Both the Local Rules and the Court's Order of Referral (DE 21) authorize the magistrate judge to set expert report deadlines.  The setting of interim discovery deadlines falls within the category of pretrial matters properly referred to a magistrate judge, such as supervision of the Court calendar.  *See* S.D. Fla. Mag. J. R. 1(i)(1); *id.* at 1(c); *id.* at 1(d)(2).  Although the Court need not refer pretrial matters to the magistrate judge explicitly by order, the Court's Order of Referral authorizes him to set the report deadlines.[1]  (*See* DE 21, titled "Order of Referral to Magistrate Judge O'Sullivan *for All Pretrial Proceedings*") (emphasis added).)  The magistrate judge, therefore, acted within his authority in ordering the parties to serve expert reports within the period for expert discovery, and his Order should not be set aside.

---

[1]   Moreover, the magistrate judge confirmed during the January 3, 2017 hearing that "Judge Moreno refers [matters] to me, I don't refer to him."  (DE 77 at 10:7-11.)

C.     **The Magistrate Did Not Clearly Err or Act Contrary to Law**

A District Judge may set aside a magistrate judge's order determining a non-dispositive matter if "found to be clearly erroneous or contrary to law."[2] S.D. Fla. Mag. J. R. at 4(a)(1); *see also* 28 U.S.C. § 636(b)(1)(A) (stating that the district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *see also Emissive Energy Corp. v. Novatac, Inc.*, No. 09-61215, 2009 U.S. Dist. LEXIS 81756, at *3 (S.D. Fla. Aug. 27, 2009) ("Accordingly, unless [the magistrate judge]'s determinations with respect to the discovery matters at issue were clearly erroneous, or contrary to law, those determinations shall not be disturbed.").

Because both the Court and Local Rules authorize the magistrate judge to manage the calendar and resolve pretrial matters, he did not clearly err in setting expert report deadlines. The magistrate judge set these deadlines following a hearing in which both parties presented their competing positions. He based his well-informed determination on the arguments before him—and more importantly, the Court's schedule—in setting the deadlines. (*See* DE 134 at 1 ("Having reviewed the applicable filings and the law and having held a hearing . . .").) This is not clear error.

Nor did he act outside the confines of the law in setting expert report deadlines. Despite BLU's assertion, the expert report deadlines do not modify or otherwise extend any Court-ordered deadline. (*See* DE 21 ("Any applications for extension or modification of pretrial deadlines . . . shall be made to the District Judge.").) Both parties are still required to complete all expert discovery—serving expert reports and conducting expert depositions—by May 30, 2017, pursuant to the Court's Order of Continuance. (DE 121.) The expert report deadlines are

---

[2] BLU's Objections do not mention or even address this Local Rule or standard.

consistent with the Court's ordered schedule and facilitate the progress of discovery. BLU has not met its burden to show that the Order setting expert report deadlines was clearly erroneous or contrary to law, and its objections should be overruled.

### D.    The Expert Report Deadlines Are Reasonable and Not Prejudicial to BLU

The deadlines for expert disclosures ordered by the magistrate judge are reasonable and necessary, and moreover, do not prejudice BLU. Based on the Court's schedule (DE 121) prohibiting expert discovery after May 30, 2017, the magistrate judge set interim deadlines prior to that date to ensure the timely completion of discovery.

Indeed, BLU's repeated arguments that it is exempt from the Court's May 30, 2017 close of discovery necessitated the setting of interim expert report deadlines. (*See* DE 128 n.3 (stating that "the current deadline for expert disclosures imposed by the Rules is August 15, 2017").) In the absence of the expert report deadlines, BLU would not have complied with the Court's schedule requiring that "all expert . . . discovery must be completed by May 30, 2017," but instead may have waited until August 15—two and a half months after the close of expert discovery—to serve its expert reports. Recognizing the need for clarification and BLU's stated position in contravention of the schedule, the magistrate judge properly imposed reasonable deadlines for expert disclosures.

BLU will not suffer prejudice as a result of the expert report deadlines. Its experts have been preparing their reports since at least December 2016. (*See, e.g.*, DE 93 at 7.) BLU has worked for nearly four months on its rebuttal reports on non-infringement and could have begun its opening reports on invalidity as early as August 16, 2016, the date of filing the first Complaint. (*See* DE 93 at Decl. of J. Li (admitting that invalidity research was initially based on the claims identified in the Complaint).) And, in fact, the magistrate judge's interim deadlines

6

ensure that both parties have the opportunity to complete expert disclosures and conduct expert depositions by the Court's May 30, 2017 deadline.

Moreover, BLU's complaints of prejudice are not well-founded. It is BlackBerry—not BLU—who is prejudiced by BLU's ongoing, persistent efforts to obstruct discovery and avoid its obligations. As just one example, BLU refuses to disclose the basis of its invalidity defenses for eleven asserted patents, notwithstanding that they were due in December 2016—nearly four months before the date of this filing. In terms of its prior art defenses, BLU has not identified, and BlackBerry does not know, which of the asserted claims BLU alleges to be anticipated or obvious pursuant to §§ 102 or 103 or how a skilled artisan could possibly combine these references to arrive at BlackBerry's inventions. Nor has BLU identified the factual bases of its § 112 non-enablement or indefiniteness defenses for any of the asserted patents. BlackBerry simply has no idea whether BLU intends to assert §§ 102, 103, and/or 112, much less its bases thereto.[3] Yet while BlackBerry timely disclosed the bases of all its infringement claims, BLU continues to cry prejudice. BLU's efforts to stall this case should not be rewarded, and its objections should be overruled.

### E. BLU's Objections Represent BLU's Most Recent Effort to Delay This Case

BLU tries yet again to impede this case and obstruct the schedule to avoid its infringement liability. Buried in its Objections, BLU "suggests" *another extension* to the expert discovery and summary judgment deadlines. (DE 143 at 5 ("BLU respectfully suggests that the expert discovery and summary judgment deadline can be extended").)

---

[3] BLU has never supplemented its invalidity or non-infringement contentions, which do not address eleven of the patents at issue, notwithstanding its obligation to do so. *See* Fed. R. Civ. P. 26(e)(1)(A).

BLU proclaims that "inherent in the Court's continuance was a finding of good cause" warranting yet another extension. However, BLU has no basis to assume that the Court found persuasive BLU's contentions regarding the "impossibility" of complying with the Court's original deadlines.[4] (*Id.* at 5.) Nor has BLU shown that good cause exists to *further* extend the Court's current deadlines. BLU's assertion as to the Court's reasoning for granting the continuance is pure speculation and merely BLU's current attempt to escape its obligations.

### F.     BLU Cannot Object to BlackBerry Re-Pleading All Asserted Claims

BLU did not object to the Report and Recommendation and is now foreclosed from complaining if the Court allows BlackBerry to re-plead its claims. (DE 136 at 8-9.) As stated clearly in the Report and Recommendation, "[f]ailure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions." (*Id.* at 9.) BLU's failure to object to the magistrate judge's recommendation to allow BlackBerry to replead its claims is therefore barred, and its "suggestion" of an extension is improper.

Perhaps even more concerning is BLU's apparent confusion as to how "reopening the pleadings will impact the trial date." (DE 143 at 5.) If the Court allows BlackBerry to re-plead claims not explicitly identified in the complaint, the scope of this litigation remains unchanged: BLU has known the identity and substance of BlackBerry's claims for nearly four months. The trial date should remain in place with no further adjustments to the schedule.

---

[4]  BLU has based its requests for an extension on the alleged "impossibility" of meeting the Court's schedule. BLU first asserted that "fact and expert discovery cannot be completed" according to the Court's deadlines, necessitating a year-long extension. (DE 53 at 2.) After the Court denied this initial request, BLU and its experts argued that they could accommodate the Court's schedule if allowed a six-month extension. (DE 93 at 8, 10, 11; *id.* at Decl. of R. Zeidman ¶¶ 8-10; *id.* at Decl. of J. Li ¶¶ 6-7.) Following denial, BLU pledged that it could meet the Court's deadlines if it were granted a three-month extension. (DE 116 at 4; *id.* at Decl. of M. Shamos ¶¶ 5-6; *id.* at Decl. of R. Zeidman ¶¶ 5-6.)

**III.    CONCLUSION**

The Order of Continuance—not Rule 26—sets the close of all expert discovery, and BLU may not serve expert reports after May 30, 2017.  The Court's Order of Referral (DE 21) and Local Rules of this District authorize the magistrate judge to set interim deadlines for the service of expert reports, and moreover, BLU did not meet its burden to show that the magistrate judge clearly erred or acted contrary to the law in doing so.  BLU's meritless objections do not demonstrate any prejudice to BLU or any reason warranting an additional extension.  BlackBerry respectfully requests the Court to overrule BLU's objections to avoid further delay in the case.

Dated: April 18, 2017                                              Respectfully submitted,

By:  */s/ Marcos Daniel Jiménez*

| | |
|---|---|
| Ching-Lee Fukuda (*pro hac vice*) | Marcos Daniel Jiménez (FBN 441503) |
| clfukuda@sidley.com | mjimenez@mwe.com |
| Todd M. Simpson (*pro hac vice*) | Audrey M. Pumariega (FBN 85206) |
| tsimpson@sidley.com | apumariega@mwe.com |
| Caroline Bercier (*pro hac vice*) | MCDERMOTT WILL & EMERY LLP |
| cbercier@sidley.com | 333 SE 2nd Avenue, Suite 4500 |
| SIDLEY AUSTIN LLP | Miami, Florida 33131 |
| 787 Seventh Avenue | (305) 358-3500 Telephone |
| New York, New York 10019 | (305) 347-6500 Facsimile |
| (212) 839-5300 Telephone | |
| (212) 839-5599 Facsimile | Scott R. Lassar (*pro hac vice*) |
| | slassar@sidley.com |
| Thomas N. Tarnay (*pro hac vice*) | Douglas I. Lewis |
| ttarnay@sidley.com | dlewis@sidley.com |
| R. Seth Reich Jr. (*pro hac vice*) | SIDLEY AUSTIN LLP |
| seth.reich@sidley.com | One South Dearborn |
| SIDLEY AUSTIN LLP | Chicago, Illinois 60603 |
| 2021 McKinney Avenue, Suite 2000 | (312) 853-7000 Telephone |
| Dallas, Texas 75201 | (312) 853-7036 Facsimile |
| (214) 981-3300 Telephone | |
| (214) 981-3400 Facsimile | |

*Attorneys for Plaintiff BlackBerry Limited*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on April 18, 2017, on all counsel or parties of record.

                                                    */s/ Marcos Daniel Jiménez*
                                                    Marcos Daniel Jiménez

DM_US 81321903-1.092211.0028