**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**Case Number: 16-23535-CIV-MORENO**
**Hon. John J. O'Sullivan, Magistrate Judge**

BLACKBERRY LIMITED,

        Plaintiff,

  vs.

BLU PRODUCTS, INC.

        Defendant.

## PLAINTIFF'S URGENT RENEWED MOTION FOR DISCOVERY HEARING

Plaintiff BlackBerry Limited ("BlackBerry") hereby urgently requests a hearing at the Court's earliest convenience to resolve Defendant BLU Products, Inc.'s ("Defendant") continued refusal to comply with its discovery obligations. BlackBerry requests expedited resolution of the issues listed below because BLU's delay continues to prejudice the ability of BlackBerry's experts to respond to BLU's forthcoming invalidity reports. There are only three weeks left until BlackBerry's experts must serve rebuttal reports on invalidity, yet those experts have essentially no idea about the bases for BLU's invalidity contentions for *eleven* of the fifteen patents-in-suit. Since the Court reopened discovery on March 6, 2017, BlackBerry has repeatedly renewed its requests for BLU to supplement its interrogatory responses to reflect BLU's complete invalidity positions. But BLU has steadfastly refused to do so. With time now running short, BlackBerry can no longer afford to wait, and asks this Court to intervene to address this time-sensitive matter. In addition, BlackBerry asks this Court to address several other open issues identified below, some of which BlackBerry has brought to the Court's attention before. (*See* DE 71 & 79.)

For these reasons, BlackBerry respectfully requests a hearing with the Court to resolve the following issues.

*BLU's Failure to Produce Financial Statements and Tax Returns***.** On December 9, 2016, BlackBerry served its Second Requests for Production, which sought, *inter alia*, "quarterly and annual income statements, balance sheets, profit and loss statements, and cash flow statements prepared in the normal course of business." BlackBerry RFP No. 83. BlackBerry also requested "documents sufficient to show valuations of BLU." Blackberry RFP No. 88. On January 16, 2017, BLU responded that it had "already provided sales data in both summary and document form for each of the accused products," and that it "does not possess any responsive documents other than sales invoices and purchase orders related to the accused products." BLU Resp. to RFP No. 83 & 88.

What BLU produced in responses to these requests is both incomplete and unusable because of BLU's failure to comply with the Court's ESI Order (DE 100). BLU's production included 69,048 documents—over 66 gigabytes of data—produced in native form only, with no metadata, load files, extracted text, or Bates-stamping. Although BLU evidentially produced Bates-stamped versions, it has never produced them in a format that complies with the ESI Order. Further, of the 69,048 documents over 3,500 were invoices and purchase orders with effectively meaningless file names. About 65,000 other documents are invoices related to accounts receivable or accounts payable, which it is not possible to compile without unnecessary and extraneous expense. And, even if it were possible to process these documents and recreate BLU's books (which BLU must maintain in order to, among other things, file tax returns), it would still not convey any meaningful information because the documents contain no information about BLU's other expenses. The summary level spreadsheet produced by BLU has

the same problem—it has no other data that would allow anyone to assess BLU's profitability or the profitability of the Accused Products.

After BlackBerry renewed its requests for this information, BLU's new counsel informed BlackBerry that "[t]o the extent that BLU is seeking financial statements or tax returns from BLU, we believe that those are duplicative of the cost information and they are not probative of any of the issues in this matter." 4/4/2017 J. Sobrado Letter to T. Simpson.

**BLU's Refusal to Provide a Rule 30(b)(6) Witness.** On November 22, 2016, BlackBerry served its First Notice of Deposition Pursuant to Rule 30(b)(6) ("Deposition Notice"). On December 21, 2016, BLU presented Juse Echtey to testify regarding only a subset of BlackBerry's Topics, specifically 1-2, 6-7, 10, 12, 15, 17, and 27-28. During a January 27, 2017 meet-and-confer, BLU confirmed that it did not intend to present 30(b)(6) witnesses to cover the remaining topics in BlackBerry's Deposition Notice. On March 27, 2017, BlackBerry renewed its request for a 30(b)(6) deposition to address the remaining topics, including 3-5, 8-9, 11, 13-14, 16, 18-26, and 29-53.  On April 12, 2017, BlackBerry requested an update regarding BLU's presentation of Rule 30(b)(6) witness to address the remaining topics, but BLU has not identified a witness or proposed any deposition dates. BlackBerry therefore requests that this Court order BLU to produce a Rule 30(b)(6) designee for deposition on at least Topics 4, 9, 11, 13, 14, and 23, which are critical to BlackBerry's damages and technical experts' opinions.

**BLU's Refusal to Supplement its Responses to Interrogatories, Especially Interrogatories Nos. 4 & 5.** On November 22, 2016, BlackBerry served its First Set of Interrogatories, which *inter alia* asked BLU to:

> Identify any and all factual and legal bases for BLU's contention(s), if any, that any Accused Product does not infringe any Patent-in-Suit directly (either literally or under the doctrine of equivalents) and indirectly (either by inducement or contributory infringement) including identifying on an element-by-element basis

3

for each claim of the Patents-in-Suit whether each Accused Product practices or includes said element; and

Identify any and all factual and legal bases for BLU's contention(s), if any, that any Patent-in-Suit is invalid, including identifying, on an element-by-element basis for each claim of the Patents-in-Suit, any prior art that BLU contends applies and the bases that BLU contends such prior art discloses said element. In Your response, please identify with specificity each prior art reference and each prior art combination relied upon for each basis of invalidity.

BlackBerry Interrogatory Nos. 4 & 5. Although BLU has produced prior art that may form the basis of its invalidity contentions, it has refused to produce claim charts or otherwise supplement its response to Interrogatory No. 5, and has not supplemented its response to Interrogatory No. 4. This, despite the fact that BLU's new counsel and its experts have been preparing petitions for *inter partes* review since at least early January. *See, e.g.*, DE 93 at 8 n.4. It is simply inconceivable that BLU is unaware of the bases for its invalidity and non-infringement positions, especially considering that BLU's original interrogatory responses only challenged four of the patents-in-suit, while BLU's recent filings have promised to petition for *inter partes* review for the remaining eleven patents, *see* DE 142 at 2. Thus, at this late stage, with less than 6 weeks remaining for discovery, BlackBerry remains unaware of *any* basis for BLU's invalidity and non-infringement contentions for eleven of the patents-in-suit. This continued delay continues to prejudice BlackBerry's experts' ability to respond timely to BLU's invalidity expert reports.

   ***BLU's Failure to Search for, and Produce, Electronically Stored Information ("ESI").***
On January 19, 2017, the Court entered a stipulated order regarding production of ESI. DE 100. The Order provides that each party may request production from five custodians, and provide a list of five search terms per custodians. Section VI.B., DE 100. After the Court reopened discovery in this matter, BlackBerry renewed its request for ESI and provided BLU's new counsel with its list of custodians and search terms. Rather than object to BlackBerry's custodians or search terms, BLU insists that BlackBerry identify the specific Requests for

Production applicable to each search term. That is not the process that the ESI Order establishes, and it is not the process that BLU agreed to. BLU's continued delay in producing ESI is inexcusable and puts it in violation of this Court's ESI Order.

*BLU's Incomplete Production of Settlement Agreements.* BlackBerry's Request for Production No. 35, served on November 7, 2016, asks BLU to produce "[d]ocuments relating to any . . . settlement, or other agreement, offered to or by, or accepted by BLU . . . ." On April 14, 2017, BLU produced four such agreements. Based on publicly available information, this production appears to be incomplete. BLU has been sued numerous times for patent infringement in the last several years, and eleven of those cases have been closed. BlackBerry has asked BLU to confirm that its production is complete, but it has so far refused to do so.

*BLU's Refusal to Produce Technical Documents for Infringing Products.* BlackBerry's Request for Productions, also served on November 7, 2016, ask BLU to produce "[d]ocuments and specifications identifying and describing the components of the Accused Products" (which includes all BLU products capable of operating on 2G, 3G, or 4G LTE networks) and their compatibility with wireless standards. BlackBerry Requests for Production Nos. 11, 62-77. Although BLU has produced technical specifications for those products identified in the Amended Complaint, it has refused to supplement its production with technical specifications to include newer models released since the filing of the Amended Complaint, in violation of its obligation to respond to BlackBerry's request. *See* Fed. R. Civ. P. 34(b).

Since the Court reopened discovery in this matter, the parties have conferred via telephone to try to resolve these issues, and exchanged multiple letters identifying and discussing the issues listed above. As of the date of this motion, however, the discovery cut-off is

approximately six weeks away. Any further delay in resolving these discovery issues will only compound the prejudice to BlackBerry's case, and limit its ability to prosecute BLU's illegality.

For at least these reasons, BlackBerry requests a hearing with the Court at its earliest convenience.  In the alternative, the Court may order Defendant to:

(1)  Produce, in an ESI Order-complaint format, all financial statements, including quarterly and annual income statements, balance sheets, profit and loss statements, and cash flow statements;

(2)  Produce a Rule 30(b)(6) witness to address at least Topics 4, 9, 11, 13, 14, and 23;

(3)  Supplement its response to BlackBerry's Interrogatories, including Interrogatories Nos. 4 & 5 with the full bases for BLU's non-infringement and invalidity contentions, including claim charts;

(4)  Produce all ESI using the custodians and search terms already provided to BLU's counsel;

(5)  Produce all agreements used to settle patent litigation; and

(6)  Produce technical specifications for all devices capable of operating on 2G, 3G, or 4G LTE networks, including models released since the filing of the Amended Complaint.

## RULE 7.1(a)(3) CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for BlackBerry has conferred with counsel for Defendant about the issues set forth above, but the parties have been unable to resolve these issues. Specifically, in letters dated March 24, 27, and 28, counsel for BlackBerry identified these deficiencies to BLU's counsel. On April 3, 2017, the parties conferred via telephone to discuss these deficiencies. In a series of emails following the parties' April 3 meet-and-confer, counsel for BLU consistently has refused to comply with BlackBerry's requests, despite BlackBerry expressing its intention to seek this Court's intervention.

Dated: April 19, 2017                                  Respectfully submitted,

                                                       By:  */s/Audrey M. Pumariega*

Ching-Lee Fukuda (*pro hac vice*)                      Marcos Daniel Jiménez (FBN 441503)
clfukuda@sidley.com                                    mjimenez@mwe.com
Todd M. Simpson (*pro hac vice*)                       Audrey M. Pumariega (FBN 85206)
tsimpson@sidley.com                                    apumariega@mwe.com
Caroline Bercier (*pro hac vice*)                      MCDERMOTT WILL & EMERY LLP
cbercier@sidley.com                                    333 SE 2nd Avenue, Suite 4500
SIDLEY AUSTIN LLP                                      Miami, Florida 33131
787 Seventh Avenue                                     (305) 358-3500 Telephone
New York, New York 10019                               (305) 347-6500 Facsimile
(212) 839-5300 Telephone
(212) 839-5599 Facsimile
                                                       Scott R. Lassar (*pro hac vice*)
                                                       slassar@sidley.com
Thomas N. Tarnay (*pro hac vice*)                      SIDLEY AUSTIN LLP
ttarnay@sidley.com                                     One South Dearborn
R. Seth Reich Jr. (*pro hac vice*)                     Chicago, Illinois 60603
seth.reich@sidley.com                                  (312) 853-7000 Telephone
SIDLEY AUSTIN LLP                                      (312) 853-7036 Facsimile
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300 Telephone
(214) 981-3400 Facsimile

*Attorneys for Plaintiff BlackBerry Limited*

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

CM/ECF on April 19, 2017, on all counsel or parties of record.

_/s/      Audrey M. Pumariega_
Audrey M. Pumariega

DM_US 81330844-1.092211.0028