UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLACKBERRY LIMITED,                          CASE NO. 1:16-23535-CIV-MORENO
                                             Magistrate Judge O'Sullivan

       Plaintiff,

vs.

BLU PRODUCTS, INC.

       Defendant.

_____/

## BLU PRODUCTS, INC.'S MOTION TO BRIEFLY CONTINUE DISCOVERY HEARING

Blu Products, Inc. ("BLU") respectfully requests an order to briefly continue the discovery hearing set for Tuesday, April 25, 2017 for two days to Thursday, April 27, 2017, in view of BLU's service of expert reports on April 25, 2017 in compliance with Magistrate Judge O'Sullivan's Order of March 22, 2017[D.E. #134] ("Expert Scheduling Order"), which address several of the issues raised by BlackBerry.

## I.    ARGUMENT.

BlackBerry's "Urgent" Renewed Motion for Discovery Hearing [DE #147] ("Motion") addresses the following issues:

- BLU's invalidity positions and response to related interrogatories;

- BLU's non-infringement and response to related interrogatories;

- BLU's license and settlement Agreements;

- BLU's objections to producing financial statements and tax returns;

- BLU's objections to producing technical information for products not properly at issue in this litigation;

- BLU's alleged refusal to produce electronically stored information; and

- BLU's alleged refusal to produce a 30(b)(6) witness.

BLU respectfully requests a brief, two (2) day continuance of the hearing in order to resolve many of the issues that BlackBerry raises.

### A.    BLU's Expert Reports And Related Supplemental Interrogatory Responses Will Address The First Two Issues

The first two of these items, will be addressed by BLU's technical expert reports which address both non-infringement and invalidity, which will be served on Tuesday, April 25, 2017, the same day that the discovery hearing is presently set.  BLU will further supplement its responses to the related interrogatories concurrently with the service of its expert reports. Accordingly, BLU respectfully requests that the Court continue the hearing to Thursday, April 27, 2017, as it makes no sense to hold a hearing discussing these issue on the same day that the information is going to be provided by BLU to BlackBerry.

Additionally, and contrary to BlackBerry's representations in the Motion, BLU has not refused to provide Blackberry this information.  BLU has repeatedly informed both this Court and BlackBerry that it has hired experts to prepare the claim charts that BlackBerry is requesting, and that those experts required until May 1 to complete their reports, including these claim charts.[1] *See*, e.g., Exs. 1 & 2.  Under the Federal Rules of Civil Procedure, draft expert reports and materials are protected under work product doctrine.  There is nothing in the Federal Rules of Civil Procedure, the Southern District of Florida's Local Rules or governing case law that changes this.  To the extent that BlackBerry's discovery requests seek this information outside of

---

[1] In view of the Magistrate's Report and Recommendation [D.E. #136], BLU is endeavoring to meet the April 25, 2017 deadline set by the Expert Scheduling Order by restricting its expert reports to the claims set forth in the governing Amended Complaint until such time as the Court rules on whether it will allow BlackBerry to file its proposed Second Amended Complaint.

the deadlines set forth in the schedule, they are improper contention interrogatories.  Moreover, BLU has provided the responsive, non-privileged information that it has in its possession, custody or control to BlackBerry.  Specifically, Friday, April 7, 2015, BLU provided a preliminary list setting separately for each of the Patents-in-Suit a the prior art that it was considering for use in its expert reports, and further noting that its response to Interrogatory No. 5 would incorporate the expert reports that BLU would be providing on April 25, 2017. Ex. 3

  Finally, there is no prejudice to Blackberry as (1) BlackBerry demanded the shortened expert report deadlines, thereby representing to the Court that it only needed three weeks to prepare its rebuttal invalidity reports, and (2) BlackBerry does not get a rebuttal report to BLU's non-infringement positions (as they are necessarily a rebuttal to BlackBerry's infringement reports);[2] and BlackBerry has plenty of time to address these issues at the respective expert depositions.

  Accordingly, for the foregoing reasons, BLU respectfully requests that the Court continue the discovery hearing until Thursday, April 27, 2017.

### B.   BLU Has Resolved One Of The Issues

  BLU further requests that the Court continue its hearing for two days to allow BlackBerry to verify that the license/settlement agreement has been resolved.  Again, contrary to BlackBerry's representations, BLU did not "refuse to confirm that its production [was] complete." Motion, at 5.  BLU was unable to do so given that it was in the process of finalizing two additional settlement agreements which BLU produced to BlackBerry earlier today along with a confirmation that its production was complete.  With respect to the remainder of

---

[2] Indeed, BlackBerry did not even bother to meet and confer with BLU or otherwise raise its issue with BLU's response to Interrogatory No. 4, prior to filing the Motion.

BlackBerry's allegations, BlackBerry must recognize that occasionally matters are dismissed without attendant settlement agreements.

Accordingly, for the foregoing reasons, BLU respectfully requests that the Court continue the discovery hearing until Thursday, April 27, 2017.

### C.  Items BLU Has Not Refused To Provide

BLU further requests that the Court continue its hearing for two days to allow BlackBerry further opportunity to meet and confer on two of the issues.  Specifically BLU has not refused to search for, and produce ESI or a 30(b)(6) witness.  Specifically, BLU informed BlackBerry that it would be supplementing its sales information to address sales that have taken place since, and that BLU would provide a 30(b)(6) witness once its supplementation was complete.  With respect to ESI, BLU informed BlackBerry that it was in the process of gathering potentially responsive information – hundreds of gigabytes of information that must be gathered and processed. Ex. 2.  However, to facilitate BLU's review and evaluation of potentially problematic search terms, BLU requested that BlackBerry (1) provide it with a listing of the BlackBerry Requests for Production that are related to each search term, and (2) the time frame in which BlackBerry is requesting such information. Ex. 2.  BlackBerry has refused to respond to BLU's requests.  This is important because some of BlackBerry's search terms, such as "blackberry" resulted in tens of thousands of hits on BLU's email system, in part because they net every email that anybody at BLU sent or received from a Blackberry device – which BLU sold and used years ago.[3]

---

[3] BLU's has hired a vendor to run the remaining searches on BLU's documents due to limitations on its internal search capabilities, but expects that tens, if not hundreds, of thousands of emails will be responsive to same.  There is simply not enough time given the present schedule to process, review and produce that volume of documents in the time remaining in discovery. Accordingly, the Parties will either have to restrict the scope of the search terms further, or produce documents matching the searches that have only been reviewed for privilege, and not substance.

4

Accordingly, BLU requests that the Court grant a two day continuance of the discovery hearing to Thursday April 27, 2017, to give BlackBerry encouragement to respond to BLU's requests and work towards amicably resolving these issues.[4]

### D.     Issues Properly Before the Court

The remaining two issues – BLU's financial statements and tax returns, and documents relating to BLU's Products that are not properly at issue in this litigation, do need to be addressed.  However both of these issues relate to BlackBerry's infringement claims and damages, and BlackBerry has already served its supplemental report on infringement and damages.  Accordingly, a two day continuance in having these issues heard will not be prejudicial to BlackBerry.

BLU's financial statements and tax returns have nothing to do with the issues in this matter, and are not the proper subject of discovery.  What is at issue is BLU's profits on the Accused Products alone, and this information is not reflected in BLU's financial statements and tax returns.  To that end, BLU has produced all invoices showing its purchase and sale of these products.  BlackBerry complained and in the spirit of cooperation, BLU created – something the rules did not require it to do – a summary spreadsheet providing the summary of this information to BlackBerry on January 20, 2017.  Blu has further agreed to supplement the spreadsheet it provided in the January 20 spreadsheet.  BlackBerry falsely claims that it does not have the ability to verify BLU's profitability on these products.  However, BLU has produced to BlackBerry the very invoices showing the purchase and sale of these products.  BlackBerry claims that these documents were not produced properly, but Blackberry refused BLU's offer of

---

This is best addressed through meet and confer efforts between the parties, rather than at a discovery hearing.

[4] BLU further notes that it attempted to meet and confer with BlackBerry with respect to whether BlackBerry would oppose a two day continuance, but BlackBerry refused to answer.

revisiting the production and resolving this issue.  Indeed BlackBerry is well aware that it could have used its own document management system to image and/or OCR the PDF files that BLU produced at minimal cost – which is why it refused BLU's offer to fix same.  Additionally, BlackBerry has already served its damages expert reports, and did so without this information. Accordingly, BlackBerry will not be prejudiced by a two day continuance to having the Court hear this issue.

BLU's objects to producing documents and information relating to products that are not properly at issue in this litigation.  The Magistrate's Report and Recommendation [DE #136] limits the issues and claims to be litigated to those set forth in the Amended Complaint. BlackBerry has subsequently presented a Second Amended Complaint adding claims and products to this case that were not addressed in the Amended Complaint, but has not been granted leave to file same.  Accordingly, given the schedule and the complexity of this case, BLU is limiting its discovery responses to the products and claims properly at issue in this litigation until such time as the Court allows BlackBerry to file its Second Amended Complaint, or otherwise resolves this issue.  To wit, BLU asked BlackBerry to provide information which, if any, of the claims identified in the Amended Complaint BlackBerry is asserting against each of the products at issue.  BlackBerry refused.  Accordingly, these products are not properly at issue in this litigation, and discovery requests directed to same are improper.  Given that BlackBerry's damages and infringement reports have already been served, a two day continuance to having the Court hear this issue is not prejudicial.

## II.     CONCLUSION.

For the foregoing reasons, BLU respectfully requests that the Court continue the

discovery hearing set for Tuesday, April 25, 2017 to Thursday April 27, 2017 or at the Court's

convenience.

Respectfully submitted,

By: _/s Javier Sobrado_____
    James A. Gale / Fla. Bar No. 371726
    E-Mail:  JGale@Cozen.com
    Lawrence S. Gordon / Fla. Bar No. 382361
    E-Mail:  LGordon@Cozen.com
    Samuel A. Lewis / Fla. Bar No. 55360
    E-mail:  SLewis@Cozen.com
    Javier Sobrado / Fla. Bar No. 44992
    E-mail:  JSobrado@Cozen.com
    COZEN O'CONNOR
    One Biscayne Tower, Suite 3000
    2 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone:  305-358-5001
    Telefax:  305-358-3309

     and

    Bernard L. Egozi / Fla. Bar No. 152544
    E-mail:  begozi@egozilaw.com
    Egozi & Bennett, P.A.
    2999 NE 191st Street, Suite 407
    Aventura, FL 33180
    Telephone:  305-931-9342
    Telefax:  305-931-9343

    *Counsel for BLU*

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s Javier Sobrado

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the CM/ECF service on April 20, 2017 on all counsel or parties or record on the Service List below.

/s Javier Sobrado

## SERVICE LIST
*Blackberry Limited v. BLU Products, Inc.*
Case No. 1:16-cv-23535-FAM

Ching-Lee Fuduka
Todd M. Simpson
Caroline Bercier
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

David T. Pritikin
Douglas I. Lewis
Scott R. Lassar
Sidley Austin, LLP
One S. Dearborn
Chicago, IL 60603

Thomas N. Tarnay
R. Seth Reich Jr.
Sidley Austin, LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201

Marcos D. Jimenez
Audrey M. Pumariega
McDermott Will & Emery LLP
333 Avenue of the Americas, Suite 4500
Miami, FL 33133