UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLACKBERRY LIMITED,    CASE NO. 1:16-23535-CIV-MORENO
                       Magistrate Judge O'Sullivan
    Plaintiff,

v.

BLU PRODUCTS, INC.

    Defendant.

_____/

**DEFENDANT BLU PRODUCTS, INC.'S RESPONSE TO
BLACKBERRY LIMITED'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Blu Products, Inc. ("BLU") respectfully files this Response to Plaintiff Blackberry Limited's ("Plaintiff") Objections to Report and Recommendation [DE 144]. The Report and Recommendation that issued on March 27, 2017 [DE 136], recommended the dismissal without prejudice of all patent claims which were not identified in Plaintiff's Amended Complaint, but which were vaguely referred to by pleading that the defendant "infringed one or more claims."

As demonstrated below, Plaintiff's Amended Complaint identified, at best, twenty-eight (28) claims in the fifteen patents-in-suit. However, Plaintiff now contends—well after the deadline for amending the pleadings has passed—that *over 180* claims in the fifteen patents in the Amended Complaint are actually at issue.

**MEMORANDUM OF LAW**

**I.    BACKGROUND.**

Plaintiff's original Complaint [DE 1], asserted infringement of 13 claims of U.S. Patent Nos. 8,489,868 ("the '868 Patent"), 8,713,466 ("the '466 Patent"), 8,402,384 ("the '384 Patent"),

8,411,845 ("the '845 Patent"), 6,271,605 ("the '605 Patent"), 8,745,149 ("the '149 Patent"), 8,169,449 ("the '449 Patent"). Specifically, the Complaint alleged as follows:

- "BLU's '868 Accused Products satisfy each and every element of one or more claims of the '868 patent, *for example, and without limitation, claims 1 and 76* of the '868 patent." [DE 1], at ¶30 (emphasis added).

- "BLU's '466 Accused Products satisfy each and every element of one or more claims of the '466 patent, *for example, and without limitation, claims 1 and 14* of the '466 patent." *Id.*, at ¶50 (emphasis added).

- "BLU's '384 Accused Products satisfy each and every element of one or more claims of the '384 patent, *for example, and without limitation, claims 1 and 4* of the '384 patent." *Id.*, at ¶70 (emphasis added).

- "BLU's '845 Accused Products satisfy each and every element of one or more claims of the '845 patent, *for example, and without limitation, claims 1 and 16* of the '845 patent." *Id.*, at ¶ 87 (emphasis added).

- "BLU's '605 Accused Products satisfy each and every element of one or more claims of the '605 patent, *for example, and without limitation, claims 9 and 25* of the '605 patent." *Id.*, at ¶ 111 (emphasis added).

- "BLU's '149 Accused Products satisfy each and every element of one or more claims of the '149 patent, *for example, and without limitation, claims 1 and 9* of the '149 patent." *Id.*, at ¶ 131 (emphasis added).

- "BLU's '449 Accused Products satisfy each and every element of one or more claims of the '449 patent, *for example, and without limitation, claim 1* of the '449 patent." *Id.*, at ¶ 150.

The Complaint also dedicated approximately 53 pages of analysis alleging infringement of these 13 claims, a recitation of the claims in dispute, large images, and paragraphs alleging infringement and claiming damages. *See, e.g. Id.*, at ¶¶ 28-31, 38, 45-51, 57, 65-71, 79, 82-88, 96, 106-112, 118, 126-132, 137, 145-151, 156-158. The exhibits to the Complaint provide copies of these seven patents (totaling 123 pages), and an additional 173 pages of publicly available documents that provide no infringement analysis. In short, the Complaint provided allegations of infringement sufficient to survive a motion to dismiss under a notice pleading standard, but failed to give notice to defendant of all of the claims that Plaintiff intended to raise before the Court.

Similarly, Plaintiff's Amended Complaint [DE 16] repeated the allegations in the Complaint relating to the 13 claims discussed above, but asserted infringement of an additional 15 claims of U.S. Patent Nos. 7,969,924 ("the '924 Patent"), 8,483,060 ("the '060 Patent"), 8,06,118 ("the '118 Patent"), 8,472,567 ("the '567 Patent"), 8,265,034 ("the '034 Patent"), 8,625,506 ("the '506 Patent"), 7,933,355 ("the '355 Patent"), 7,050,413 ("the '413 Patent"). Specifically, the Amended Complaint reiterated the allegations of the Complaint (*see* [DE 16], at 66-196), and further alleged as follows:

- BLU's products "satisfy each and every element of one or more of the claims '924 patent, *including without limitation, claims 1 and 23.*" *Id.*, at ¶ 201 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '060 patent, *including without limitation, claims 1 and 14.*" *Id.*, at ¶ 224 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '118 patent, *including without limitation, claims 1 and 11.*" *Id.*, at ¶245 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '567 patent, *including without limitation, claims 11 and 16.*" *Id.*, at ¶ 265 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '034 patent, *including without limitation, claims 1 and 20.*" *Id.*, at ¶ 287 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '506 patent, *including without limitation, claims 1 and 9.*" *Id.*, at ¶ 308 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '355 patent, *including without limitation, claim 1.*" *Id.*, at ¶ 329 (emphasis added).

- BLU's products "satisfy each and every element of one or more of the claims '413 patent, *including without limitation, claims 1 and 4.*" *Id.*, at ¶ 343 (emphasis added).

The Amended Complaint dedicated approximately 37 pages of analysis alleging infringement of these 15 new claims, a recitation of the claims in dispute, images, and paragraphs alleging infringement and claiming damages. *See, e.g. Id.*, at ¶¶ 197-202, 208, 214-225, 230, 235-246, 251, 156-266, 271, 276-288, 293, 298-309, 314, 319-330, 333-344, 348, and 352-357. The exhibits to the Complaint provided copies of these seven patents (totaling over 277 pages), and an

additional approximately 200 pages of publicly available documents that provide *no* infringement analysis as to *any* of the unpled 160 claims now sought to be added in a Second Amended Complaint. Again, the Amended Complaint provided allegations of infringement as to the claims that were specifically pled in order to survive a motion to dismiss under a notice pleading standard, but did not disclose or give notice to the defendant of all 184[1] of the claims of infringement that Plaintiff now seeks to raise before the Court.

Despite having considerable time prior to the commencement of this action in which to prepare a complaint that specified *all* of the claims at issue in this case, Plaintiff waited over *a year*—until December 21, 2016—to ambush BLU by serving almost 1,000 pages of infringement claim charts.[2] The Amended Complaint identified only 28 claims allegedly infringed by BLU. Plaintiff withheld the identity of another 156 claims ("156 claims"), i.e., eighty-five percent of the claims it now contends should be at issue in this case, even though it failed to plead those claims in its Amended Complaint.[3] Indeed, it is now apparent that Plaintiff intentionally omitted reference to the additional 156 claims so that BLU would be left to speculate as to whether any of

---

[1] In patent law, each *claim* is deemed to be a separate and distinct invention. *See e.g.,* 35 U.S.C. § 112; *Smith & Griggs Mfg. Co. v. Sprague*, 123 U.S. 249, 256, 8 S.Ct. 122, 125 (1887); *Advanced Technologies, Inc. v. U.S.*, 129 Fed. Cl. 525, 532 (Ct. Cl. 2016), (*citing Gould, Inc. v. U.S.*, 579 F.2d 571, 576 (Ct. Cl. 1978);

[2] In its November 2015 letter to BLU, Plaintiff offered to provide infringement claim charts, but when this litigation started, and despite multiple requests, Plaintiff refused to disclose these infringement contentions for over four (4) months, until after the time for amending pleadings had closed.

[3] The Amended Complaint only includes factual allegations for claims 1, 9 of the '149 patent; claims 1, 76 of the '868 patent; claims 1, 14 of the '466 patent and claims 1, 4 of the '384 patent; claims 1, 16 of U.S. Patent No. 8,411,845; claims 9, 25 of U.S. Patent No. 6,271,605; claim 1 of U.S. Patent No. 8,169,449; claims 1, 23 of U.S. Patent No. 7,969,924; claims 1, 14 of U.S. Patent No. 8,483,060; claims 1, 11 of U.S. Patent No. 8,406,118; claims 11, 16 of U.S. Patent No. 8,472,567; claims 1, 20 of U.S. Patent No. 8,265,034; claims 1, 9 of U.S. Patent No. 8,625,506; claim 1 of U.S. Patent No. 7,933,355; and claims 1, 4 of U.S. Patent No. 7,050,413. *See* Am. Compl. ¶¶ 68, 88, 108, 125, 149, 169, 188, 198, 222, 243, 263, 284, 306, 326, 341. These total 28 identified claims, i.e., only fifteen percent of the claims Plaintiff now asserts are at issue.

the 500 claims in the patents-in-suit might also be at issue in this case. As the Court is aware, Plaintiff's tardy disclosure of these 184 claims allegedly infringed by BLU was within mere weeks of the original court-ordered discovery cutoff and expert report deadlines. As demonstrated below, since these additional claims were not identified in the Complaint, the Magistrate's Report and Recommendation properly recommends that the Court dismiss those unidentified claims.

## II.     ARGUMENT.

### A.     The Magistrate's Report and Recommendation to Dismiss the Unidentified and Unpleaded Claims Was Correct.

"The complaint is the foundation document of the litigation and serves many functions: ... it provides a framework for structuring the trial as to estimated length, and as to the scope of the evidence which may be relevant and admissible." *Jacobson v. Cohen*, 146 F.R.D. 95, 97 (S.D.N.Y. 1993).[4] Plaintiff's intentional failure to identify the patent claims it now contends are infringed should not be rewarded. Granting Plaintiff permission to proceed with those additional claims would severely disadvantage BLU and its ability to address the substance of those 184 claims within the original aggressive schedule that only anticipated suit on 28 claims.

Complaints asserting direct infringement were historically measured against the form complaint set forth in Form 18 of the Federal Rules of Civil Procedure. *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *4 n.3 (E.D. Tex. Apr. 26, 2016). However, the amendments to the Rules that went into effect in 2015 abrogated

---

[4] Unpleaded claims cannot be raised during litigation without a proper amendment to the operative pleading. *See, e.g., Hurlbert v. St. Mary's Health Care Sys., Inc.,* 439 F.3d 1286, 1297 (11th Cir. 2006); *Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1315 (11th Cir. 2004) (refusing to allow plaintiff to assert unpleaded claims at the summary judgment stage); *Edward v. Niles Sales & Serv., Inc.,* 439 F.Supp.2d 1202, 1224 (S.D. Fla. 2006) (refusing to allow the plaintiff to assert new bases for his race discrimination claim when the new bases were raised for the first time in response to a summary judgment motion).

Form 18. *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, No. CV 15-438-LPS-CJB, 2015 WL 7833206, at *2 n.1 (D. Del. Dec. 3, 2015). Claims of direct infringement must now be assessed under the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), not the former, permissive Form 18. *See, e.g.*, *Tannerite Sports, LLC v. Jerent Enters., LLC*, No. 6:15-CV-00180-AA, 2016 WL 1737740, at *3 (D. Or. May 2, 2016) ("With the abrogation of Form 18, so too went the patent infringement exception to the civil pleading requirements set forth in *Twombly* and *Iqbal*."). *Twombly* and *Iqbal* have been applied to direct infringement claims by a number of courts, which have resulted in the dismissal of complaints for failure to state a claim. *See, e.g.*, *Glob. Tech Led, LLC v. Every Watt Matters, LLC*, No. 15-CV-61933, 2016 WL 6682015, at *1 (S.D. Fla. May 19, 2016) (applying *Iqbal Twombly* and dismissing direct infringement claim); *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, Case No. 0:16-cv-60693-UU, 2016 WL 6678525, at *2 (S.D. Fla. June 8, 2016) (same); *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, No. 1:15-CV-188 (LJA), 2016 WL6561566, at *2 (M.D. Ga. Nov. 2, 2016) (same).

Plaintiff only identified 28 claims in its Amended Complaint and resorted to vague allegations that other claims *may* be at issue. In order to "cloak" the remainder of its unasserted claims, Plaintiff then included the vague language "including without limitation" in order to mask its unidentified and unpleaded claims.[5]

---

[5] Considering that Plaintiff offered to provide BLU with infringement claims charts prior to litigation, but never actually provided them, *see* footnote 2, *supra*, it stands to reason that Plaintiff was in a position to serve its claims charts together with its Initial Disclosures in this case. Nonetheless, Plaintiff elected to withhold the claims charts as long as possible, even after multiple requests for same. Such tactics ought not be rewarded now that the Magistrate Judge has recommended, consistent with the applicable law, that Plaintiff's claims are limited to those set forth in the operative pleading.

In *Thermolife*, *supra,* the District Court for the Southern District of Florida dismissed direct infringement claims with respect to claims 2 and 3 where the complaint only detailed why claim 1 was infringed, but alleged infringement of "one or more" additional claims. *Thermolife*, 2016 WL 6678525, at *2. Like Plaintiff here in its Objection, the plaintiffs in *Thermolife* argued that the allegations for claim 1 were sufficient because they were only required to provide notice of "at least one claim alleged to be infringed,"[6] and argued there was no prejudice to the defendants because infringement contentions would be served. *Id.* The court disagreed, finding that only detailing infringement for claim 1, while alleging infringement of "one or more" claims "does not give Defendants fair notice--or any notice at all--as to patent infringement claims based on claims 2 or 3 of the Patent, and this is woefully insufficient to 'raise a right to relief above the speculative level.'" *Id.* (citing *Iqbal* and *Twombly*). The court instructed the plaintiffs that if they wished to assert infringement of claims 2 and 3, they must "allege plausible facts to support such claims." *Id.*

Likewise, the Court in *Werteks Closed Joint Stock Company v. Vitacost.com, Inc.,* No. 16-cv-60695-GAYLES*,* 2016 WL 5076169 (S.D. Fla. 2016), rejected the plaintiffs' attempt to assert infringement of unidentified claims.  As in *Thermolife,* the complaint only provided detailed infringement allegations for claim 1, but alleged that "one or more" claims were infringed.

---

[6] In this regard, Blackberry's contention that it need not identify all the claims it contends were infringed even though it plans to include them in this suit, as long as it identifies at least one claim per patent, misses the point.  First of all, the Magistrate's Report and Recommendation did not recommend the dismissal of Blackberry's complaint in total, but only those claims that were not identified in the pleading, providing leave "to re-plead those claims in accordance with *Iqbal* and *Twombly*."  Report and Recommendation at 8.  Second, Plaintiff's argument that as long as it alleges one infringement, it should be allowed to proceed with all unidentified infringement, makes no sense.  If that were the case, Plaintiff could fail to identify virtually all of the claims in its complaint and later expand its case to include unidentified claims without ever pleading the infringement of those claims in any pleading.

*Id.* at *2. The plaintiffs argued the detailed allegations for claim 1 were sufficient to put the defendants on notice "as to at least one claim alleged to be infringed and have adequate information to respond to the Complaint." *Id.* The Court rejected the plaintiff's argument and granted the motion to dismiss as to claims 2 and 3:

> [Putting Defendants on notice "as to at least one claim alleged to be infringed"] is not the standard. The pleading standard set forth in *Iqbal* and *Twombly* requires more than the legal conclusion that the Defendants have infringed on claims 2 and 3 of the [asserted patent], and much more than notice that they may possibly have done so. The Plaintiffs are required to put forth facts that, at the very least, allow the Court to make a reasonable inference that the Defendants have infringed on claims 2 and 3. As the Plaintiffs concede they allege facts only as to claim 1, the Court is unable to make any such inference. Accordingly, the motion to dismiss Count I of the Complaint shall be granted as to claims 2 and 3 of the [asserted patent].

*Id.* at *3; *see also Asghari-Kamrani v. United Servs. Auto Ass'n*, No. 2:15CV478, 2016 WL 1253533 (E.D. Va. Mar. 22, 2016) (granting motion to dismiss where the complaint alleged infringement of "at least" claim 1 and other identified claims but only detailed, albeit insufficiently, infringement of claim 1; "Plaintiffs must detail how each claim is infringed"); *See Werteks Closed Joint Stock Co. v. GNC Corp.*, 2016 WL 5076169, No. 16-60688-CIV-MORENO (S.D. Fla. Aug. 23, 2016), ECF No. 32 (adopting in relevant part ECF No. 30 at 5-7, dismissing complaint as to claims not supported by factual basis as required by *Twombly/Iqbal*).

The importance of identifying the claims at issue and how they are infringed in a complaint alleging patent infringement cannot be underestimated since establishing direct infringement requires that every limitation of the asserted claim must be found, either literally or under the doctrine of equivalents, in the accused product. *See, e.g.*, *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1317 (Fed. Cir. 2015). Thus, to adequately plead direct infringement, "a plaintiff must allege sufficient facts to plausibly show that a defendant's accused instrumentality contains each limitation of the asserted patent claim." *Scripps v. Illumina*, 2016 WL 6834024, *5

(S.D. Cal 2016). Accordingly, the failure to include factual allegations for the claim limitations from the unidentified other claims prevents the Court from inferring that the alleged infringing products infringe each limitation of the other unidentified claims, thereby necessitating dismissal, as "the failure to practice even a single element is all that separates innovation from infringement." *Atlas IP, LLC v. Exelon Corp.* ("*Exelon*"), No. 15 C 10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016).

As in *Termolife* and the *Werteks* cases, the Amended Complaint in this case improperly failed to provide allegations relating to 156 unidentified claims, swept into the vague allegation in the Amended Complaint of "including but not limited to." That Plaintiffs served, but did not file, infringement contentions does not relieve Plaintiffs of the pleading requirements of the Federal Rules. *See Thermolife*, 2016 WL 6678525, at *2 (rejecting plaintiffs' argument that the infringement contentions could cure the omission of specific pleadings in the complaint); *RAH Color Techs. v. Ricoh USA, Inc.*, 194 F.Supp.3d 346, 351 n.4 (same). Indeed, this is not an academic or superfluous exercise to require Plaintiff to identify the allegedly infringed claims and explain the alleged infringement in the complaint, rather than merely in infringement charts produced in response to a discovery request. These infringement charts are exchanged between parties, not filed with the Court, and thus are not subject to Rule 11. They may be supplemented, making the scope of a patent infringement case a moving target.[7] Moreover, there is no clear mechanism for challenging the sufficiency of Plaintiffs' infringement contentions under our local

---

[7] As illustrated by the events in this case, the Court and the parties should know the scope of the claims involved in an infringement suit at the outset of the case when examining the complaint. Indeed, under Blackberry's suggestion, a case may appear to involve a single claim in a patent when examining the complaint, when in fact the plaintiff intends to litigate the infringement of dozens or hundreds of claims contained in that patent.

rules,[8] whereas allegations in a complaint may be challenged under Fed. R. Civ. P. 12(b)(6) and other Federal Rules.[9] *Id.*

As Plaintiff failed to identify and plead infringement of 156 claims in its Amended Complaint, the Report and Recommendation properly recommended the dismissal of those unidentified claims.

### B. The Magistrate Properly Recommended Deferring Ruling on Section 101 Until Summary Judgment.

As explained in the Report and Recommendation, §101 invalidity should be addressed at the "appropriate" procedural setting. In ruling on a motion to dismiss, the Court is required to construe claims in favor of plaintiff and base its ruling on a very limited record. The Magistrate recognized that BLU's experts will be addressing §101 invalidity and Plaintiff will have amble opportunity to rebut any such arguments. Report and Recommendation at 6. Accordingly, the Magistrate recommended denying without prejudice the motion to dismiss Counts I through III and Count IV, allowing BLU to raise section 101 invalidity at the summary judgment stage.

Plaintiff's objection to this denial of BLU's motion to dismiss without prejudice makes no sense. As the Magistrate explained, "[d]elaying the patent validity determination until a later stage in the proceedings would conserve judicial resources and provide the Court with a more complete record when addressing whether the patent claims . . . are invalid and therefore unenforceable."

---

[8] *See, e.g., Suncast Technologies, L.L.C. v. Patrician Products, Inc.*, 2008 WL 179648 (S.D. Fla. 2008) (identifying the local rules of other courts in resolving discovery disputes in patent cases, recognizing that the Southern District of Florida does not have such local patent rules).

[9] Certainly, requiring an allegation that the accused products practice each limitation of each asserted claim in the complaint "should not impose an undue burden on [Plaintiffs], because a patentee is already required to perform an adequate pre-filing investigation before bringing suit." *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *4, n.2 (N.D. Cal. Aug. 22, 2016). Moreover, requiring a plaintiff at the outset of the suit to identify the scope of claims at issue allows the Court and parties to plan for the litigation, the length of the discovery period and the trial, among other matters.

*Id.* Indeed, even if the Court were to deny the motion to dismiss outright at this point, the defendant would still be able to raise the issue on summary judgment with a more developed record and a different standard for adjudication.

### C. The Time To Amend The Pleadings Has Long Passed.

The Scheduling Order [D.E. #30] set the deadline for joining additional parties or amending the pleadings on December 8, 2016 – more than one month *after* BLU filed its Motion to Dismiss [D.E. #25]. Plaintiff failed to move for leave to amend its operative pleading to include the additional 156 claims before the amendment deadline or to seek extension of the deadline. Plaintiff also delayed the identification of the additional 156 claims that it now seeks to include in this action in an effort to prejudice BLU's ability to respond to defend itself against same. Plaintiff should not be rewarded for its behavior, and should not be given the opportunity to amend its Amended Complaint.

Moreover, any amendment allowed now, months after the pleadings have been closed and the deadline to amend the claims has passed, will result in prejudice to BLU. Specifically, in order to meet the shortened schedule for expert reports set by Magistrate Judge O'Sullivan, BLU has prepared its expert reports to address only those claims expressly set forth in Plaintniff's Amended Complaint. If Plaintiff is granted the opportunity to amend its Complaint to include the additional 156 claims, BLU will need considerable additional time to update its expert reports to address the considerable number of additional claims—several times the original number of claims at issue in this action—that Plaintiff seeks to assert in this action.

### III. CONCLUSION.

In view of the foregoing, BLU respectfully requests that the Court enter an Order overruling Plaintiff's Objections and adopting the Report and Recommendation, at least insofar as

it seeks to prevent the addition of claims not plead in the Amended Complaint. The issue of whether a Seconded Amended Complaint should be permitted is not yet before this Court, as no Motion to Amend, and no proposed Second Amended Complaint has yet been filed. If such a motion is filed, the Court will need to consider the impact that re-opening the pleadings, and allowing the Plaintiff to allege more than six times the number of claims presently set forth in the pleadings, will have on the Scheduling Order. Likewise, the Court will need to consider the appropriate time that will be needed to allow for motions to be resolved before the pleadings may be closed, and for time that will be needed for the parties to have a fair and reasonable opportunity to take discovery on, and submit expert reports in connection with, the additional claims.

Respectfully submitted,

By: ./s Javier Sobrado
James A. Gale / Fla. Bar No. 371726
E-Mail: JGale@Cozen.com
Lawrence S. Gordon / Fla. Bar No. 382361
E-Mail: LGordon@Cozen.com
Samuel A. Lewis / Fla. Bar No. 55360
E-mail: SLewis@Cozen.com
COZEN O'CONNOR
One Biscayne Tower, Suite 3000
2 South Biscyane Boulevard
Miami, Florida 33131
Telephone: 305-358-5001
Telefax: 305-358-3309

and

Bernard L. Egozi / Fla. Bar No. 152544
E-mail: begozi@egozilaw.com
Egozi & Bennett, P.A.
2999 NE 191st Street, Suite 407
Aventura, FL 33180
Telephone: 305-931-9342
Telefax: 305-931-9343

***Counsel for BLU***

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was served via the CM/ECF service on March 21, 2017 on all counsel or parties or record on the Service List below.

                By: ./s Javier Sobrado

## SERVICE LIST
*Blackberry Limited v. BLU Products, Inc.*
Case No. 1:16-cv-23535-FAM

Ching-Lee Fuduka
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

David T. Pritikin
Douglas I. Lewis
Scott R. Lassar
Sidley Austin, LLP
One S. Dearborn
Chicago, IL 60603

Thomas N. Tarnay
Sidley Austin, LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201

Marcos D. Jiminez
Audrey M. Pumariega
McDermott Will & Emery LLP
333 Avenue of the Americas, Suite 4500
Miami, FL 33131

2